Lloyd Ambinder (LA 4122)
Barnes, Iaccarino, Virginia,
Ambinder & Shepherd PLLC
111 Broadway, Suite 1403
New York, New York 10006
Tel: (212) 943-9080
Fax: (212) 943-9082

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 03 2008 ★
BROOKLYN OFFICE

CV 08-4874

TOWNES, J.

AZRACK, M.J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KINGBORN MORRIS, RAFAEL MATEO, and DARNELL PIERRE, individually and on behalf of all other persons similarly situated who were employed by ALLE PROCESSING CORP., SCHREIBER PROCESSING CORP., ALBERT WEINSTOCK, EDWIN WEINSTOCK, SAM HOLLANDER and MENDEL WEINSTOCK, <br><br> Plaintiffs, <br><br> -against- <br><br> ALLE PROCESSING CORP., SCHREIBER PROCESSING CORP., ALBERT WEINSTOCK, EDWIN WEINSTOCK, SAM HOLLANDER and MENDEL WEINSTOCK, <br><br> Defendants. | Index No. <br><br> **CLASS ACTION COMPLAINT** |

Plaintiffs KINGBORN MORRIS, RAFAEL MATEO, and DARNELL PIERRE, on behalf of themselves and a putative class of similarly situated individuals, by their attorneys, Barnes, Iaccarino, Virginia, Ambinder & Shepherd PLLC, allege as follows:

## NATURE OF ACTION

1.     This action is brought on behalf of Plaintiffs and all similarly situated persons who are presently or were formerly employed as food service employees, and in other related trades, by Defendants ALLE PROCESSING CORP., SCHREIBER PROCESSING CORP., ALBERT WEINSTOCK, EDWIN WEINSTOCK, SAM HOLLANDER and MENDEL WEINSTOCK (collectively the "Defendants") and/or other entities affiliated with, controlling, or controlled by Defendants ALLE PROCESSING CORP., SCHREIBER PROCESSING CORP.,

ALBERT WEINSTOCK, EDWIN WEINSTOCK, SAM HOLLANDER and MENDEL WEINSTOCK, to recover wages and benefits which Plaintiffs and members of the putative class were statutorily and contractually entitled to receive for work they performed on various publicly financed contracts in New York (the "Service Contracts").

2.      Specifically, this action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 207 and 216(b); various provisions of the New York Labor Law; Title 12 of the New York Codes, Rules, and Regulations (hereinafter referred to as "NYCRR") §§ 142-2.2 and 142-2.4; and Title 6, Section 6-109 of the New York City Administrative Code, to recover unpaid wages, unpaid overtime and spread of hours compensation owed to Plaintiffs and all similarly situated persons who are presently or were formerly employed by Defendants.

3.      Beginning in approximately 2002 and, upon information and belief, to date, Defendants have engaged in a policy and practice of requiring their employees to regularly work in excess of 8 hours per day, without providing their employees with the proper hourly compensation for all hours worked, overtime compensation or spread of hours compensation as required by applicable federal and state law.

4.      Under the direction of Defendants' corporate principals and shareholders ALBERT WEINSTOCK, EDWIN WEINSTOCK, SAM HOLLANDER and MENDEL WEINSTOCK, Defendants instituted this practice of depriving their employees of statutory compensation for work performed in excess of 40 hours per week, depriving their employees of proper hourly compensation for all hours worked, and spread of hours compensation, as mandated by federal and state law.

5.      The named Plaintiffs have initiated this action seeking compensation for themselves and on behalf of all similarly situated employees to seek earned but unpaid compensation, including unpaid overtime, spread of hours compensation, hourly compensation for all hours worked, plus interest, damages, attorneys' fees, and costs.

## JURISDICTION

6.      Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. §216(b), and 28 U.S.C. §1331 and 1337. This court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under the New York Labor Law and the New York City Administrative Code.

7.      The statute of limitations under the FLSA for willful violations is three (3) years. See 29 U.S.C. §255(a).

8.      The statute of limitations under the New York Labor Law is six (6) years. See New York Labor Law § 198(3).

## VENUE

9.      Venue for this action in the Eastern District of New York under 28 U.S.C. §139(b) is appropriate because Defendants reside in the Eastern District of New York.

## THE PARTIES

10.     Plaintiffs and other members of the putative class are individuals residing in the State of New York who performed labor for the Defendants.

11.     Upon information and belief, Defendant ALLE PROCESSING CORP. ("Alle") is a corporation incorporated under the laws of the State of New York, with its principal location at 56-20 59th Street, Maspeth, New York 11378.

12.     Upon information and belief, Defendant SCHREIBER PROCESSING CORP.

-3-

("Schreiber") is a corporation incorporated under the laws of the State of New York, with its principal location at 56-20 59th Street, Maspeth, New York 11378.

13.    Upon information and belief, ALBERT WEINSTOCK is a resident of New York, residing at 56-20 59th Street, Maspeth, New York 11378, and is the owner, principal shareholder and/or director of Alle and Schreiber.

14.    Upon information and belief, EDWIN WEINSTOCK is a resident of New York, residing at 56-20 59th Street, Maspeth, New York 11378, and is the president, principal shareholder and/or director of Alle and Schreiber.

15.    Upon information and belief, SAM HOLLANDER is a resident of New York, residing at 56-20 59th Street, Maspeth, New York 11378, and is the chief executive officer, principal shareholder and/or director of Alle and Schreiber.

16.    Upon information and belief, MENDEL WEINSTOCK is a resident of New York, residing at 56-20 59th Street, Maspeth, New York 11378, and is the treasurer, principal shareholder and/or director of Alle and Schreiber.


## CLASS ALLEGATIONS

17.    This action is properly maintainable as a class action pursuant to Article 9 of the New York Civil Practice Law and Rules, Rule 23 of the Federal Rules of Civil Procedure, (hereinafter referred to as the "FRCP"), and under the FLSA, 29 U.S.C. § 216(b).

18.    This action is brought on behalf of Plaintiffs and a class consisting of each and every other person who performed food service work, and other related trades, for the Defendants.

19.    The putative class is so numerous that joinder of all members is impracticable.

20.     The size of the putative class is believed to be in excess of two-hundred-fifty (250) employees. In addition, the names of all potential members are not known.

21.     The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

22.     The claims of Plaintiffs are typical of the claims of the putative class.

23.     Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

24.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.


## FACTS

25.     Upon information and belief, beginning in or about 2002, Defendants employed Plaintiffs and a putative class of similarly situated individuals to perform work as food service employees and in other related trades at Defendants' food processing facility located at 56-20 59th Street, Maspeth, New York 11378.

26.     Upon information and belief, beginning in or about 2002, Alle entered into a number of Public Service Contracts with various municipal agencies *__including but not limited to__* the City of New York, the New York City Department of Education, the New York City Department of Homeless Services, the New York City Department of Social Services, and the New York City Department of Corrections, which called for Alle to perform food service and related work, pursuant to various publicly financed contracts (the "Alle Service Contracts").

27.     Upon information and belief, the Alle Service Contracts *__include but are not limited to__* the following: PG 85720090906245; PG 85720090903680; PG 85720080807101; PG 85720080806894;   PG  85720080805858;   PG  85720080804372;   PO  857N707906;   PG

85720070707471; PO 857EN602030; PG 85720070701708; PO 857N604323; PO 857N602030; PO 857N509820; PO 857N507416; PO 040PR3P69827; PO 040PR3P69811; PO 857N500759; PO 857N404073; PO 857N400296; PO 857XN200474; PO 857XN202858; PO 857XN204291; PO 857N302292; and PO 857N300528.

28.     Upon information and belief, beginning in or about 1991, Schreiber, a subsidiary of Alle, entered into a number of Public Service Contracts with various municipal agencies ***including but not limited to*** the City of New York, the New York City Department of Corrections, and the New York City Division of Municipal Supply Services, which called for Schreiber to perform food service and related work, pursuant to various publicly financed contracts (the "Schreiber Service Contracts").

29.     Upon information and belief, the Schreiber Service Contracts ***include but are not limited to*** the following: PO 857T072N000277; PO 857W072N100126; PO 857W072N100135; PO 857N103035; PO 857072N100126; PO 857072N100135; PO 857072N000277; OLD 8579986030; OLD 8579886181; OLD 072N703912; OLD 0726007758; OLD 8579687185; OLD 8579586174; OLD 072N401033; OLD 8579386554; OLD 8579386219; OLD 8579286545; OLD 8579186204; and OLD 8579185963.

30.     Title 6, Section 6-109 of the New York City Administrative Code provides that employees performing work pursuant to city service contracts be paid: "no less than the living wage or the prevailing wage, whichever is greater."

31.     Section 6-109 of the New York City Administrative Code further provides for the payment of "health benefit" or "health benefits supplements" in the event the living wage is greater; or "supplements" in the event the prevailing wage is greater.

32.     The "Prevailing Wage and Supplements" are the rate of wages and supplemental

benefits paid in the locality to workers in the same trade or occupation as determined by the New York City Comptroller, as provided for in Section 6-109(b)-1(b) and 6-109(a)-18 of the New York City Administrative Code.

33.     The "Living Wage" and "Health Benefits" or "Health Benefits Supplement" are the wages and supplements set forth in Section 6-109(b)-2 and Section 6-109(b)-3 of the New York City Administrative Code.

34.     On information and belief, the schedule of prevailing rates of wages and supplements to be paid all workers furnishing labor pursuant to the Service Contracts was annexed to and formed a part of the Service Contracts, in accordance with Section 6-109(d)-2(b).

35.     Beginning in or about 2002, Plaintiffs and other members of the putative class furnished labor to Defendants in furtherance of Defendants' performance of the Service Contracts.

36.     On information and belief, Defendants willfully paid Plaintiffs and the other members of the putative class less than the rates of wages and benefits to which Plaintiffs and the other members of the putative class were entitled.

37.     Upon information and belief, while working for the Defendants, Plaintiffs and the members of the putative class were typically required to work in excess of eight hours each day, five to six days per week.

38.     Upon information and belief, while working for the Defendants, Plaintiffs and the members of the putative class were typically required to work more than forty (40) hours per week.

39.     Upon information and belief, while working for the Defendants, Plaintiffs and the members of the putative class often did not receive any wages, including overtime compensation,

at the rate of one and one half times the regular rate of pay, for the time in which they worked after the first forty hours in any given week.

40.     Upon information and belief, while working for the Defendants, Plaintiffs and the members of the putative class did not receive spread of hours compensation for any hours they worked over ten on any given day.

41.     At all times relevant to this action, Defendant ALBERT WEINSTOCK was an officer, president, owner and/or shareholder of Defendants ALLE PROCESSING CORP. and SCHREIBER PROCESSING CORP, and dominated the day-to-day operating decisions and made major personnel decisions for ALLE PROCESSING CORP. and SCHREIBER PROCESSING CORP.  Plaintiffs and other members of the putative class performed labor for the benefit of and at the direction of Defendant ALBERT WEINSTOCK.

42.     Upon information and belief, Defendant ALBERT WEINSTOCK was the principal executive and/or chief executive of Defendants ALLE PROCESSING CORP. and SCHREIBER PROCESSING CORP. and (i) had the power to hire and fire employees; (ii) supervised and controlled employee work schedules or conditions of employment; (iii) determined the rate and method of payment for employees; and (iv) generated and maintained employment records.

43.     At all times relevant to this action, Defendant EDWIN WEINSTOCK was an officer, president, owner and/or shareholder of Defendants ALLE PROCESSING CORP. and SCHREIBER PROCESSING CORP, and dominated the day-to-day operating decisions and made major personnel decisions for ALLE PROCESSING CORP. and SCHREIBER PROCESSING CORP.  Plaintiffs and other members of the putative class performed labor for the benefit of and at the direction of Defendant EDWIN WEINSTOCK.

44.     Upon information and belief, Defendant EDWIN WEINSTOCK was the principal executive and/or chief executive of Defendants ALLE PROCESSING CORP. and SCHREIBER PROCESSING CORP. and (i) had the power to hire and fire employees; (ii) supervised and controlled employee work schedules or conditions of employment; (iii) determined the rate and method of payment for employees; and (iv) generated and maintained employment records.

45.     At all times relevant to this action, Defendant SAM HOLLANDER was an officer, president, owner and/or shareholder of Defendants ALLE PROCESSING CORP. and SCHREIBER PROCESSING CORP, and dominated the day-to-day operating decisions and made major personnel decisions for ALLE PROCESSING CORP. and SCHREIBER PROCESSING CORP. Plaintiffs and other members of the putative class performed labor for the benefit of and at the direction of Defendant SAM HOLLANDER.

46.     Upon information and belief, Defendant SAM HOLLANDER was the principal executive and/or chief executive of Defendants ALLE PROCESSING CORP. and SCHREIBER PROCESSING CORP. and (i) had the power to hire and fire employees; (ii) supervised and controlled employee work schedules or conditions of employment; (iii) determined the rate and method of payment for employees; and (iv) generated and maintained employment records.

47.     At all times relevant to this action, Defendant MENDEL WEINSTOCK was an officer, president, owner and/or shareholder of Defendants ALLE PROCESSING CORP. and SCHREIBER PROCESSING CORP, and dominated the day-to-day operating decisions and made major personnel decisions for ALLE PROCESSING CORP. and SCHREIBER PROCESSING CORP. Plaintiffs and other members of the putative class performed labor for the benefit of and at the direction of Defendant MENDEL WEINSTOCK.

48.     Upon information and belief, Defendant MENDEL WEINSTOCK was the

principal executive and/or chief executive of Defendants ALLE PROCESSING CORP. and

SCHREIBER PROCESSING CORP. and (i) had the power to hire and fire employees; (ii)

supervised and controlled employee work schedules or conditions of employment; (iii)

determined the rate and method of payment for employees; and (iv) generated and maintained

employment records.

49.     Pursuant to Business Corporations Law § 630, Plaintiffs, on behalf of themselves

and others similarly situated, timely notified ALBERT WEINSTOCK, EDWIN WEINSTOCK,

SAM HOLLANDER and MENDEL WEINSTOCK, as some of the ten largest shareholders of

the closely held Corporate Defendants, of their intention to hold them personally liable for

Defendants' failure to pay earned wages to Plaintiffs and other members of the putative class.

True copies of the BCL §630 notices are annexed hereto as Exhibit "A".

### FIRST CAUSE OF ACTION
### AGAINST ALL DEFENDANTS --
### FLSA UNPAID WAGES

50.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 49

hereof.

51.     Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 207, "no

employer shall employ any of his employees who in any workweek is engaged in commerce or

in the production of goods for commerce, or is employed in an enterprise engaged in commerce

or in the production of goods for commerce, for a workweek longer than forty hours unless such

employee receives compensation for his employment in excess of the hours above specified at a

rate not less than one and one-half times the regular rate at which he is employed."

52.     Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person

acting directly or indirectly in the interest of an employer in relation to an employee and includes

a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

53.      Plaintiffs and other members of the putative class are employees within the meaning contemplated in Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203.

54.      Each named Defendant is an "employer", within the meaning contemplated in the FLSA, 29 U.S.C. § 203.

55.      Pursuant to 29 U.S.C. § 203(d) and the cases interpreting the same, ALBERT WEINSTOCK, EDWIN WEINSTOCK, SAM HOLLANDER and MENDEL WEINSTOCK are defined as "employer[s]" for the purpose of FLSA and, consequently, are liable for violations of FLSA.

56.      Upon information and belief, Defendants failed to pay Plaintiffs and other members of the putative class any wages for the time in which they worked after the first forty hours in any given week.

57.      Upon information and belief, Defendants failed to pay Plaintiffs and other members of the putative class any overtime wages, at the rate of one and one half times the regular rate of pay, for the time in which they worked after the first forty hours in any given week.

58.      The failure of Defendants to pay Plaintiffs and other members of the putative class their rightfully owed wages and overtime compensation was willful.

59.      By the foregoing reasons, Defendants are liable to Plaintiffs and members of the putative class in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

## SECOND CAUSE OF ACTION
## AGAINST ALL DEFENDANTS --
## FAILURE TO PAY WAGES

60.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 59 hereof.

61.     Pursuant to the Article Six of the New York Labor Law, workers, such as the Plaintiffs and the members of the putative class are protected from wage underpayments and improper employment practices.

62.     Pursuant to Labor Law § 190, the term "employee" means "any person employed for hire by an employer in any employment."

63.     As persons employed for hire by Defendants, Plaintiffs and the members of the putative class are "employees," as understood in Labor Law §190.

64.     Pursuant to Labor Law § 190, the term "employer" includes any "person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."

65.     As an entity that hired the Plaintiffs and members of the putative class, ALLE PROCESSING CORP. and SCHREIBER PROCESSING CORP. are "employers."

66.     Upon information and belief, pursuant to New York Labor Law § 190 and the cases interpreting same, ALBERT WEINSTOCK, EDWIN WEINSTOCK, SAM HOLLANDER and MENDEL WEINSTOCK are "employers".

67.     Plaintiffs' agreed upon wage rate and/or overtime compensation rate were within the meaning of New York Labor Law §§ 190, 191.

68.     Pursuant to Labor Law § 191 and the cases interpreting same, workers such as Plaintiffs and the putative class members, are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

69.     In failing to pay Plaintiffs and other members of the putative class any wages and overtime payments for time worked after forty hours in one week, Defendants violated Labor Law § 191, by failing to pay Plaintiffs and the putative class member all of their wages earned within the week such wages were due.

70.     Pursuant to Labor Law § 193, "No employer shall make any deduction from the wages of an employee," such as Plaintiffs and the putative class members, that is not otherwise authorized by law or by the employee.

71.     By withholding wages and overtime payments for time worked after forty hours in one week from Plaintiffs and the putative class, pursuant to New York Labor Law § 193 and the cases interpreting same, Defendants made unlawful deductions in wages owed to Plaintiffs and the members of the putative class.

72.     Upon information and belief, Defendants' failure to pay the Plaintiffs and the putative class members wages and overtime payments for time worked in excess of forty hours in one week was willful.

73.     By the foregoing reasons, Defendants have violated New York Labor Law §198 and are liable to Plaintiffs and other members of the putative class in an amount to be determined at trial, interest, attorneys' fees and costs.

### THIRD CAUSE OF ACTION
### AGAINST ALL DEFENDANTS --
### NEW YORK OVERTIME COMPENSATION LAW

74.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 73 hereof.

75.     12 NYCRR §142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate."

76.    New York Labor Law § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

77.    Upon information and belief, Plaintiffs and the members of the putative class worked more than forty hours a week while working for Defendants.

78.    Upon information and belief, Plaintiffs received not even the New York statutory minimum wages or overtime compensation for the hours worked after the first forty hours of work in a week.

79.    Consequently, by failing to pay to Plaintiffs and the other member of the putative class the minimum wages and overtime compensation for work they performed after the first forty hours worked in a week, Defendants violated New York Labor Law § 663 and 12 NYCRR § 142-2.2.

80.    Defendants' failure to pay wages and overtime compensation to Plaintiffs and the other member of the putative class for work performed after the first forty hours worked in a week was willful.

81.    By the foregoing reasons, Defendants have violated New York Labor Law § 663 and 12 NYCRR § 142-2.2 and are liable to Plaintiffs and other members of the putative class in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

## FOURTH CAUSE OF ACTION
## AGAINST ALL DEFENDANTS --
## NEW YORK SPREAD OF HOURS LAW

82.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 81 hereof.

83.     12 NYCRR § 142-2.4 requires that "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which . . . the spread of hours exceeds 10 hours [in a day]."

84.     Upon information and belief, Defendants required that Plaintiffs and the members of the putative class typically work more than ten hours in a day.

85.     Upon information and belief, Defendants did not pay Plaintiffs and the putative class members an additional hour's pay when Plaintiffs and the members of the putative class worked more than 10 hours in a day.

86.     Consequently, by failing to pay to Plaintiffs and the other member of the putative class an additional hour's pay when Plaintiffs and the members of the putative class worked more than 10 hours in a day, Defendants violated 12 NYCRR § 142-2.4.

87.     Defendants' failure to pay spread of hours compensation for work performed by Plaintiffs and the members of the putative class after 10 hours in day was willful.

88.     By the foregoing reasons, Defendants have violated 12 NYCRR § 142-2.4 and are liable to Plaintiffs and other members of the putative class in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

## FIFTH CAUSE OF ACTION
### AGAINST DEFENDANTS ALBERT WEINSTOCK, EDWIN WEINSTOCK, SAM HOLLANDER and MENDEL WEINSTOCK – BCL PERSONAL LIABILITY

89.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 88 hereof.

90.     Defendants ALLE PROCESSING CORP. and SCHREIBER PROCESSING CORP. are closely held corporations within the meaning of Business Corporations Law §630.

91.     Plaintiffs and other members of the putative class are laborers, within the meaning contemplated in Business Corporations Law § 630, who performed services for Defendants ALLE PROCESSING CORP. and SCHREIBER PROCESSING CORP.  Plaintiffs and other members of the putative class are entitled, by law, to receive wages for the work they performed. They have not, however, received wages and overtime payments for the time worked after the first forty hours of work in any week.  Therefore, Defendants ALLE PROCESSING CORP. and SCHREIBER PROCESSING CORP. owe a debt to Plaintiffs and other member of the putative class for wages earned.

92.     Plaintiffs, pursuant to the requirements set forth in Business Corporations Law §630, served notice upon Defendants ALBERT WEINSTOCK, EDWIN WEINSTOCK, SAM HOLLANDER and MENDEL WEINSTOCK that they intended to hold the applicable shareholders, liable for the unpaid wages.

93.     Defendants ALBERT WEINSTOCK, EDWIN WEINSTOCK, SAM HOLLANDER and MENDEL WEINSTOCK violated Business Corporations Law §630 by failing to pay the unpaid wages owed to Plaintiffs and other members of the putative class, pursuant to their responsibility as some of the ten largest shareholders of a closely held corporation.

94.     Upon information and belief, Defendants ALBERT WEINSTOCK, EDWIN WEINSTOCK, SAM HOLLANDER and MENDEL WEINSTOCK failure to pay the wages owed to Plaintiffs and other members of the putative class was willful.

95.     By the foregoing reasons, pursuant to the above cited Business Corporations Law Defendants ALBERT WEINSTOCK, EDWIN WEINSTOCK, SAM HOLLANDER and MENDEL WEINSTOCK are liable to Plaintiff and other members of the putative class in an

amount to be determined at trial, plus interest, attorney's fees and costs, and liquidated damages where provided by law.

## SIXTH CAUSE OF ACTION AGAINST DEFENDANTS ALLE and SCHREIBER - BREACH OF CONTRACT

96.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 95 hereof.

97.    On information and belief, the Service Contracts entered into by ALLE PROCESSING CORP. and SCHREIBER PROCESSING CORP. contained schedules of the rates of prevailing wages and supplemental benefits to be paid Plaintiffs and the other members of the putative class.

98.    Those prevailing rates of wages and supplemental benefits were made a part of the Service Contracts for the benefit of Plaintiffs and the other members of the putative class.

99.    ALLE PROCESSING CORP. and SCHREIBER PROCESSING CORP. breached the Service Contracts by willfully failing to pay Plaintiffs and the other members of the putative class the prevailing rates of wages and supplemental benefits for all labor performed.

100.    Further, New York City Administrative Code Section 6-109 specifically requires, as a matter of law, that language mandating compliance with New York City Administrative Code Section 6-109 be included with and form a part of the Service Contracts.

101.    Further, New York City Administrative Code Section 6-109 specifically requires that schedules of job classifications requiring payment of prevailing wage rates, and applicable prevailing wage rate schedules, be included with and form a part of the Service Contracts.

102.    Upon information and belief, each and every Service Contract contained a provision, in identical or similar language, stating that "each and every provision of law required

to be inserted in this Agreement shall be and is inserted herein. Furthermore, it is hereby stipulated that every such provision is to be deemed to be inserted herein."

103.    By reason of its breach of the Service Contracts, ALLE PROCESSING CORP. and SCHREIBER PROCESSING CORP. are liable to Plaintiffs and the other members of the putative class for an amount not yet determined but believed to be in excess of $1,000,000.00, plus interest.

## SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS ALLE and SCHREIBER - (pled in the alternative) BREACH OF CONTRACT

104.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 103 hereof.

105.    On information and belief, the Service Contracts entered into by ALLE PROCESSING CORP. and SCHREIBER PROCESSING CORP. contained provisions requiring the payment of living wages and health benefits or health benefit supplements to Plaintiffs and the other members of the putative class.

106.    Those living wages and health benefits or health benefit supplements were made a part of the Service Contracts for the benefit of Plaintiffs and the other members of the putative class.

107.    ALLE PROCESSING CORP. and SCHREIBER PROCESSING CORP. breached the Service Contracts by willfully failing to pay Plaintiffs and the other members of the putative class the living wages and health benefits or health benefit supplements for all labor performed.

108.    Further, New York City Administrative Code Section 6-109 specifically requires, as a matter of law, that language mandating compliance with New York City Administrative Code Section 6-109 be included with and form a part of the Service Contracts.

109.    Further, New York City Administrative Code Section 6-109 specifically requires that schedules of living wage and health benefits supplement rates be included with and form a part of the Service Contracts.

110.    Upon information and belief, each and every Service Contract contained a provision, in identical or similar language, stating that "each and every provision of law required to be inserted in this Agreement shall be and is inserted herein. Furthermore, it is hereby stipulated that every such provision is to be deemed to be inserted herein."

111.    By reason of its breach of the Service Contracts, ALLE PROCESSING CORP. and SCHREIBER PROCESSING CORP. are liable to Plaintiffs and the other members of the putative class for an amount not yet determined but believed to be in excess of $1,000,000.00, plus interest.

WHEREFORE, Plaintiffs and the members of the putative class demand judgment:

(1) on their first cause of action, against all Defendants in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(2) on their second cause of action, against all Defendants in an amount to be determined at trial, interest, attorneys' fees and costs, pursuant to the above cited Labor Law sections;

(3) on their third cause of action, against all Defendants in an amount to be determined at trial, interest, attorneys' fees and costs, pursuant to the above cited Labor Law sections;

(4) on their fourth cause of action, against all Defendants in an amount to be determined at trial, interest, attorneys' fees and costs, pursuant to the above cited Labor Law sections;

(5) on their fifth cause of action, against Defendants ALBERT WEINSTOCK, EDWIN WEINSTOCK, SAM HOLLANDER and MENDEL WEINSTOCK in an amount to be

determined at trial, plus interest, attorney's fees and costs, and liquidated damages where provided by law;

(6) on their sixth cause of action against ALLE PROCESSING CORP. and SCHREIBER PROCESSING CORP. in an amount not yet determined but believed to be in excess of $1,000,000.00, plus interest;

(7) on their seventh cause of action against ALLE PROCESSING CORP. and SCHREIBER PROCESSING CORP. in an amount not yet determined but believed to be in excess of $1,000,000.00, plus interest; and

(8) whatever other and further relief the Court may deem appropriate.

Dated: New York, New York
       December 2, 2008

                              BARNES, IACCARINO, VIRGINIA,
                              AMBINDER & SHEPHERD PLLC

                              By _____
                                 Lloyd Ambinder (LA4122)
                                 LaDonna M. Lusher (LL1283)
                                 *Attorneys for Plaintiffs*
                                 *and the Putative Class*
                                 Trinity Centre
                                 111 Broadway, 14th Floor
                                 New York, New York 10006
                                 (212) 943-9080

## NOTICE TO SHAREHOLDERS PURSUANT TO SECTION 630 OF THE NEW YORK BUSINESS CORPORATION LAW

TO:   **Albert Weinstock**
      **Alle Processing Corp.**
      **5620 59th Street**
      **Maspeth NY 11378**

      **CRRR#** _7007 1490 0003 5814 1750_

      **PLEASE TAKE NOTICE, that the above-named individual Albert Weinstock, if he is a shareholder of Alle Processing Corp. is hereby advised pursuant to Section 630 of the New York Business Corporation Law that the below individuals, acting individually and on behalf of similarly situated individuals and having been or presently employed by the above corporate entity, intend to hold said shareholder(s) personally liable for unpaid wages.**

**Dated:   New York, New York**
         **December 1, 2008**

**BARNES IACCARINO VIRGINIA AMBINDER & SHEPHERD PLLC**
**Attorneys for DARNELL PIERRE, RAFAEL MATEO, KINGBORN MORRIS APPEARING FOR THEMSELVES INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED**
**by: Lloyd Ambinder, Esq.**
**111 Broadway, 14th Floor**
**New York, New York 10006**
**Tel. (212) 943-9080**
**Fax: (212) 943-9082**

U.S. Postal Service™
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ .42 |
| Certified Fee | 2.65 |
| Return Receipt Fee (Endorsement Required) | 2.15 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.22 |

Postmark Here

Sent To _Albert Weinstock_
Street, Apt. No.; or PO Box No. _Alle Processing Corp._
_5620 59th Street_
City, State, ZIP+4 _Maspeth, NY 11378_

PS Form 3800, August 2006      See Reverse for Instructions

7007 1490 0003 5814 1750

**DARNELL PIERRE, RAFAEL MATEO, KINGBORN MORRIS, FOR THEMSELVES AND ON BEHALF OF ALL OTHER ALL OTHER SIMILARLY SITUATED EMPLOYEES OF ALLE PROCESSING CORP., ARE REPRESENTED BY BARNES IACCARINO VIRGINIA AMBINDER & SHEPHERD PLLC.**

## NOTICE TO SHAREHOLDERS PURSUANT TO SECTION 630 OF THE NEW YORK BUSINESS CORPORATION LAW

TO:   **MENDEL WEINSTOCK**
**Alle Processing Corp.**
**5620 59th Street**
**Maspeth NY 11378**

CRRR#   7007 1490 0003 5814 1767

**PLEASE TAKE NOTICE, that** the above-named individual MENDEL WEINSTOCK, if he is a shareholder of Alle Processing Corp. is hereby advised pursuant to Section 630 of the New York Business Corporation Law that the below individuals, acting individually and on behalf of similarly situated individuals and having been or presently employed by the above corporate entity, intend to hold said shareholder(s) personally liable for unpaid wages.

Dated:   New York, New York
        December 1, 2008

**BARNES IACCARINO VIRGINIA AMBINDER & SHEPHERD PLLC**
**Attorneys for DARNELL PIERRE, RAFAEL MATEO, KINGBORN MORRIS APPEARING FOR THEMSELVES INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED**
by: Lloyd Ambinder, Esq.
111 Broadway, 14th Floor
New York, New York 10006
Tel. (212) 943-9080
Fax: (212) 943-9082

7007 1490 0003 5814 1767

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com.

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ .42 |
| Certified Fee | 2.65 |
| Return Receipt Fee (Endorsement Required) | 2.15 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.22 |

Postmark Here

Sent To  Mendell Weinstock
Street, Apt. No.; or PO Box No.  Alte Processing Corp.  5620 59th Street
City, State, ZIP+4  Maspeth, NY 11378

PS Form 3800, August 2006          See Reverse for Instructions

**DARNELL PIERRE, RAFAEL MATEO, KINGBORN MORRIS, FOR THEMSELVES AND ON BEHALF OF ALL OTHER ALL OTHER SIMILARLY SITUATED EMPLOYEES OF ALLE PROCESSING CORP., ARE REPRESENTED BY BARNES IACCARINO VIRGINIA AMBINDER & SHEPHERD PLLC.**

## NOTICE TO SHAREHOLDERS PURSUANT TO SECTION 630 OF THE NEW YORK BUSINESS CORPORATION LAW

TO:  **SAM HOLLANDER**
**Alle Processing Corp.**
**5620 59th Street**
**Maspeth NY 11378**

CRRR#   7007 1490 0003 5814 1774

**PLEASE TAKE NOTICE,** that the above-named individual SAM HOLLANDER, if he is a shareholder of Alle Processing Corp. is hereby advised pursuant to Section 630 of the New York Business Corporation Law that the below individuals, acting individually and on behalf of similarly situated individuals and having been or presently employed by the above corporate entity, intend to hold said shareholder(s) personally liable for unpaid wages.

Dated:  New York, New York
December 1, 2008



_____
**BARNES IACCARINO VIRGINIA AMBINDER & SHEPHERD PLLC**
Attorneys for **DARNELL PIERRE, RAFAEL MATEO, KINGBORN MORRIS APPEARING FOR THEMSELVES INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED**
by: Lloyd Ambinder, Esq.
111 Broadway, 14th Floor
New York, New York 10006
Tel. (212) 943-9080
Fax: (212) 943-9082

**DARNELL PIERRE, RAFAEL MATEO, KINGBORN MORRIS, FOR THEMSELVES AND ON BEHALF OF ALL OTHER ALL OTHER SIMILARLY SITUATED EMPLOYEES OF ALLE PROCESSING CORP., ARE REPRESENTED BY BARNES IACCARINO VIRGINIA AMBINDER & SHEPHERD PLLC.**

# NOTICE TO SHAREHOLDERS PURSUANT TO SECTION 630 OF THE NEW YORK BUSINESS CORPORATION LAW

**TO:**  **EDWIN WEINSTOCK**
**Alle Processing Corp.**
**5620 59th Street**
**Maspeth NY 11378**

**CRRR#**  7007 1490 0003 5814 1781

**PLEASE TAKE NOTICE,** that the above-named individual Edwin Weinstock, if he is a shareholder of Alle Processing Corp. is hereby advised pursuant to Section 630 of the New York Business Corporation Law that the below individuals, acting individually and on behalf of similarly situated individuals and having been or presently employed by the above corporate entity, intend to hold said shareholder(s) personally liable for unpaid wages.

**Dated:** New York, New York
**December 1, 2008**

---

U.S. Postal Service
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com.

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ .42 |
| Certified Fee | 2.65 |
| Return Receipt Fee (Endorsement Required) | 2.15 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.22 |

Postmark Here

Sent To: *Edwin Weinstock*
Street, Apt. No.; or PO Box No. *Alle Processing Corp.*
*5620 59th Street*
City, State, ZIP+4 *Maspeth, NY 11378*

PS Form 3800, August 2006          See Reverse for Instructions

7007 1490 0003 5814 1781

---

**BARNES IACCARINO VIRGINIA AMBINDER & SHEPHERD PLLC**
**Attorneys for DARNELL PIERRE, RAFAEL MATEO, KINGBORN MORRIS APPEARING FOR THEMSELVES INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED**
by: Lloyd Ambinder, Esq.
111 Broadway, 14th Floor
New York, New York 10006
Tel. (212) 943-9080
Fax: (212) 943-9082

**DARNELL PIERRE, RAFAEL MATEO, KINGBORN MORRIS, FOR THEMSELVES AND ON BEHALF OF ALL OTHER ALL OTHER SIMILARLY SITUATED EMPLOYEES OF ALLE PROCESSING CORP., ARE REPRESENTED BY BARNES IACCARINO VIRGINIA AMBINDER & SHEPHERD PLLC.**