Jeffery A. Meyer (JM-4468)
Kaufman Dolowich Voluck & Gonzo LLP
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
Phone: (516) 681-1100
Facsimile: (516) 681-1101
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
KINGBORN MORRIS, RAFAEL MATEO, and
DARNELL PIERRE, individually and on behalf
of all other persons similarly situated who were
employed by ALLE PROCESSING CORP.,
SCHREIBER PROCESSING CORP., ALBERT
WEINSTOCK, EDWIN WEINSTOCK, SAM
HOLLANDER and MENDEL WEINSTOCK,

        Plaintiffs,

   -against-

ALLE PROCESSING CORP., SCHREIBER
PROCESSING CORP., ALBERT
WEINSTOCK, EDWIN WEINSTOCK, SAM
HOLLANDER and MENDEL WEINSTOCK,

        Defendants.
--------------------------------------------------------------X

Index No. 08-CV-4874
(SLT) (JMA)

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND NOTICE TO THE CLASS

## TABLE OF CONTENTS

TABLE OF AUTHORITIES...................................................... ii

PRELIMINARY STATEMENT................................................. 1

STATEMENT OF FACTS..................................................... 4

ARGUMENT................................................................... 4

I.      The Applicable Standard For Class Certification Under Rule 23.... 4

II.     A Rule 23 Class Action May Not Be Brought under the NYLL
        Where Plaintiffs Seek Liquidated Damages. .......................... 6

III.    Plaintiffs Have Failed To Meet Their Burden of Proof Under
        Rule 23(A) of the Federal Rules of Civil Procedure................. 7
        A.      Numerosity....................................................... 8
        B.      Commonality and Typicality ................................... 8
                1.      Donning and Doffing ................................. 9
                2.      Spread of Hours    ................................. 11
        C.      Adequacy ........................................................ 12

IV.     Plaintiffs' Allegations Do Not Support A Rule 23(b)(3) Class
        Because Any Analysis Of Class-Wide Liability Will
        Require a Burdensome, Individualize
        Inquiry................................................................... 13

        A.      Questions of Law And Fact Common To The Class Generally
                Do Not Predominate Over Questions Affecting Plaintiffs
                Specifically...................................................... 14

        B.      A Class Action Is Not Superior Because It Requires Absent Class
                Members To Waive Their Statutory Rights.................... 16

CONCLUSION................................................................... 18

## TABLE OF AUTHORITIES

## CASES                                                    PAGE NO.

Amchem Prods., Inc. v. Windsor
521 U.S. 591, S. Ct. 2231, 138 L. Ed. 2d 689 (1997)........................................... 7, 12, 13

Anderson v. Mount Clemens Pottery Co.
328 U.S. 680, S. Ct. 1187, 90 L. Ed. 1515 (1946)........................................................ 10

Anderson v. Pilgrim's Pride Corp.
147 F. Supp. 2d 556, (E.D. Tex. 2001)......................................................................... 9

Attenborough v. Constr. & Gen. Bldg. Laborers' Local
238 F.R.D. 82 (S.D.N.Y. 2006) ................................................................................... 8

Bakalar v. Vavra
237 F.R.D. 59 (S.D.N.Y. 2006)). ............................................................................... 14

Bishop v. Petro-Chemical Transport, LLC
582 F. Supp. 2d 1290 (E.D.Cal. 2008)......................................................................... 8

Caridad v. Metro-North Commuter R.R.
191 F.3d 283 (2d Cir. 1999)...................................................................................... 4, 7

Chan v. Triple 8 Palace, Inc.
No. 03 Civ. 6048, 2006 U.S. Dist. LEXIS 15780 (S.D.N.Y. Mar. 30, 2006)................ 10

Crosby v. Social Security Admin
796 F.2d 576 (1st Cir. 1986)....................................................................................... 7

Domberger v. Metropolitan Life Ins. Co.
182 F.R.D. 72 (S.D.N.Y. 1998);. ............................................................................. 6, 14

Dunnigan v. Metro. Life Ins. Co.
214 F.R.D. 125 (S.D.N.Y. 2003) ................................................................................. 7

Espinosa v. Delgado Travel Agency
No. 05 Civ. 6917, 2007 U.S. Dist. LEXIS 15149 (S.D.N.Y. Mar. 2, 2007) ................. 10

Foster v. Food Emporium
99 Civ 3860 (CM) 2000 U.S. Dist LEXIS 6053 (S.D.N.Y. Apr. 26, 2000).............. 6, 15

Franklin v. Breton Int'l, Inc.
No. 06 Civ. 4877, 2006 U.S. Dist. LEXIS 88893 (S.D.N.Y. Dec. 11, 2006).) ............. 10

General Tel. Co. v. Falcon
457 U.S. 147 (1982)...................................................................................................... 4

Gorman v. Consol. Edison Corp.
488 F.3d 586 (2d Cir. 2007)...................................................................................... 8, 10

Heerwagen v. Clear Channel Communs
435 F.3d 219 (2d Cir. 2006)........................................................................................... 5

IBP, Inc. v. Alvarez
546 U.S.21 (2005).......................................................................................................... 9

In re Flag Telecom Holdings, Ltd. Sec. Litig., 574 F.3d 29 (2d Cir. 2009) ..................... 5

In re Initial Pub. Offerings Sec. Litig.
471 F. 3d 24 (2d. Cir. 2006)............................................................................. 4, 5, 6, 7

In re Nassau County Strip Search Cases
461 F.3d 219 (2d Cir. 2006)......................................................................................... 13

In re Visa Check/Mastermoney Antitrust Litig.
280 F.3d 124 (2d Cir. 2001)......................................................................................... 13

Jones v. Ford Motor Credit Co.
00 Civ. 8330 (RJH) (KNF), 2005 U.S. Dist LEXIS 5381 (S.D.N.Y. Mar. 31 2005).... 11

Kline v. Sec. Guards, Inc.
196 F.R.D. 261 (RD. Pa. 2000)............................................................................... 13, 14

Lewis Tree Serv., Inc. v. Lucent Techs. Inc.
211 F.R.D. 228 (S.D.N.Y. 2002) ................................................................................. 14

Lewis v. National Financial Systems, Inc.
No. 06 Civ. 1308, 2007 WL 2455130 (E.D.N.Y. Aug. 23, 2007).................................. 12

Mike v. Safeco Ins. Co. of Am.
274 F.Supp. 2d 216 (D. Conn. 2003)........................................................................... 14

Moore v. PaineWebber, Inc.
306 F.3d 1247 (2d Cir. 2002)................................................................................. 13, 14

Muecke v. A-Reliable Auto Parts & Wreckers, Inc.
2002 WL 1359411 (N.D. Ill. 2002) .............................................................................. 16

Myers v. Hertz Corp. No.
02-CV-4325, 2007 U.S. Dist LEXIS 53572 (E.D.N.Y. Jul. 24, 2007)................. 7, 15, 16

Noble v. 93 University Place Corp.
224 F.R.D. 330 (S.D.N.Y. 2004) ..................................................................... 8

Reich v. IBP, Inc.
38 F.3d 1123 (10th Cir. 1994) ....................................................................... 9

Reich v. N.Y. City Transit Auth.
45 F.3d 646 (2d Cir. 1995)............................................................................ 9

Roach v. T.L. Cannon Corp.
3:10-CV-0591 (TJM/DEP), 2012 U.S. Dist. LEXIS 120507
(N.D.N.Y. Aug. 24, 2012 ............................................................................. 10

Robidoux v. Celani
987 F.2d 931 (2d Cir. 1993)........................................................................... 8

Spann v. AOL Time Warner, Inc.
219 F.R.D. 307 (S.D.N.Y. 2003) .............................................................. 8, 13

Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.
546 F.3d 196 (2d Cir. 2008).................................................................... 4, 5

Toure v. Central Parking Systems of New York
No. 05 Civ. 5237, 2007 U.S. Dist LEXIS 74056 (S.D.N.Y. Sept. 28, 2007) ............... 14

Vengurlekar v. Silverline Techs.
220 F.R.D. 222 (S.D.N.Y. 2006) ......................................................... 5, 8, 13

Statutes

C.P.L.R. § 901(b). ................................................................................... 6, 14

Rules

Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") .............................................passim

Jeffery A. Meyer (JM-4468)
Kaufman Dolowich Voluck & Gonzo LLP
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
Phone: (516) 681-1100
Facsimile: (516) 681-1101
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
KINGBORN MORRIS, RAFAEL MATEO, and
DARNELL PIERCE, individually and on behalf
of all other persons similarly situated who were
employed by ALLE PROCESSING CORP.,                        Index No. 08-CV-4874
SCHREIBER PROCESSING CORP., ALBERT                        (SLT) (JMA)
WEINSTOCK, EDWIN WEINSTOCK, SAM
HOLLANDER and MENDEL WEINSTOCK,

                                        Plaintiffs,

                -against-

ALLE PROCESSING CORP., SCHREIBER
PROCESSING CORP., ALBERT
WEINSTOCK, EDWIN WEINSTOCK, SAM
HOLLANDER and MENDEL WEINSTOCK,

                                        Defendants.
----------------------------------------------------------X

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND NOTICE TO THE CLASS

### PRELIMINARY STATEMENT

Defendants Alle Processing Corp., Schreiber Processing Corp., Albert Weinstock, Edwin

Weinstock, Sam Hollander And Mendel Weinstock ("Defendants" or "Alle") submit this

Memorandum of Law and accompanying affirmation, with supporting affidavit and with exhibits

annexed thereto, in opposition to Plaintiffs' motion to certify this action as a class action pursuant

1

to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). For the reasons set forth below, Plaintiffs have failed to satisfy Rule 23(a)'s commonality, typicality, numerosity and adequacy requirements as well as Rule 23(b)(3)'s predominance and superiority requirements. The Plaintiffs fail to meet these requirements by ignoring clear distinctions amongst the individually named Plaintiffs and opt-in Plaintiffs, which create unique individual questions of fact.

Plaintiffs' move to request that the Court grant class certification for this action pursuant to Rule 23 of the Federal Rules of Civil Procedure to cover the Plaintiff's New York Labor claims. The Rule 23 standard is much more rigorous, and Plaintiffs fail to satisfy its requirements for several reasons:

- While Plaintiffs assert that Defendants have failed to pay the proper spread of hours pay, a number of the Plaintiffs and affirmants admit in their affidavits that they are not eligible for same. As set forth herein, spread of hours pay is only available to employees who earn the minimum wage. By way of example, Plaintiff and affirmant Rafael Mateo avers that he earned $9.00 per hour during his employment with Alle, thereby categorically removing him from spread of hours consideration. *See Rafael Mateo Declaration* ¶ 12. Affirmants Irizarry, Benito and Patterson make similar disqualifying statements. *See Efrain Irizarry Declaration,* ¶ 15; *David Benito Declaration,* ¶ 17; *Kenneth Patterson Declaration,* ¶ 16.

- As thirty-three (33) named and/or opt-in Plaintiffs, approximately half of all individuals who have joined this action, have already accepted Offers of Judgment made by Defendants, including Plaintiffs' affirmants Benito and Irizarry, it is evident that Plaintiffs' claims are not common or typical of the proposed class and cannot satisfy the Rule 23(b)(3) requirements as there exist clear distinctions amongst the proposed class with individual questions of fact. *See Jeffery A. Meyer Affirmation,* ¶ 4-5.

- Aside from the limited discovery which the parties have engaged as part of Magistrate Azrack's continuing attempts to reach an amicable resolution to this matter, the parties have yet to commence any meaningful discovery in this matter. Not one deposition, either Plaintiffs' or Defendants', has been conducted to date. *See Jeffery A. Meyer Affirmation,* ¶ 17-18

2

- Not coincidentally, in the months immediately preceding the filing of the instant complaint, Local 342, United Food and Commercial Workers (the "Union"), filed a petition seeking certification as the exclusive collective bargaining representative of Alle's employees. Active participants in this campaign, and individuals whom the Union continued to support via the filing of unfair labor practice charges at the National Labor Relations Board, turned out to be Plaintiffs Rafael Mateo and Darnell Pierre. While the Company won the election in a landslide, the Union (via surrogates Pierre, Mateo, et al.), have continued their campaign against the Company via this lawsuit. *See Jeffery A. Meyer Affirmation, Exhibit "B" through "I."*

As will be established in greater detail below, because there is no valid proof of the requisite commonality, typicality, numerosity, adequacy or predominance of class issues, this case is not suited for Rule 23 certification.

Some of the named Plaintiffs, including declarants Kingborn Morris worked in the Food Processing Department at Alle. *See Kingborn Morris Declaration* ¶ 3; *Robert Carl Lanza Declaration* ¶ 5. That is, their job responsibilities included processing food, hanging meat, and mixing ingredients. Other Plaintiffs and declarants, including, but not limited to, David Benito, worked in Alle's Vegetable Department. *See David Benito Declaration,* ¶ 5. Their job responsibilities included cutting and washing vegetables. *See David Benito Declaration,* ¶ 6. In addition, other Plaintiffs and declarants, including, but not limited to Kenneth Patterson worked in the Inventory department. *See Kenneth Patterson Declaration,* ¶ 5. Their job responsibilities included, but not limited to, collecting orders and loading boxes. *See Kenneth Patterson,* ¶ 7. As there are a number of dissimilarities amongst the putative Federal Labor Standards Act ("FLSA") collective class and circumstances specific to each Plaintiff, declarant and/or "opt-in" Plaintiff, the instant motion for class certification should be denied as a matter of law.

Plaintiffs assert in the instant motion that Alle's compensation system does not compensate for time spent by employees "donning and doffing" certain basic clothing and

3

equipment outside of compensated time.  As set forth by controlling Second Circuit precedent, donning and doffing pre and postliminary activity clothing and accessories, which is not integral to the work Plaintiffs performed at Alle, does not constitute compensable time.  Furthermore, the Plaintiffs' motion completely disregards the many differences that define the multiple variances in Alle's departmental requirements for clothing, equipment, and associated time.  Plaintffs completely avoid these differences and assert that all employees regardless of their department and position have the same commonality and typicality.

Accordingly, Plaintiffs' motion for class certification and appointment of class counsel should be denied.

## STATEMENT OF FACTS

For a full recitation of the facts in support of Defendants' opposition to Plaintiffs' motion for class certification, the Court is respectfully referred to the Affidavit of Ivan Talavera and Affirmation of Jeffery A. Meyer, Esq., both dated October 19, 2012.

## ARGUMENT

## I.   THE APPLICABLE STANDARD FOR CLASS CERTIFICATION UNDER RULE 23.

Plaintiffs moving for class certification under Rule 23 must demonstrate all of the requirements of Rule 23(a) and one of the three categories of Rule 23(b*)*.  In re Initial Pub. Offerings Sec. Litig., 471 F. 3d 24, 33 (2d. Cir. 2006).  Specifically, Plaintiffs bear the burden of establishing, through a preponderance of evidence that all of the requirements for a class action under Rule 23(a), commonality, typicality, numerosity, and adequacy of representation, have been satisfied through evidence and not through unfounded allegations.  *See* Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc., 546 F.3d 196, 202 (2d. Cir. 2008); General

4

Tel. Co. v. Falcon, 457 U.S. 147, 161 (1982); Caridad v. Metro-North Commuter R.R., 191 F.3d

283, 291 (2d Cir. 1999); Fed. R. Civ. P. 23(a).

As set forth above, Rule 23(a) provides four prerequisites to class certification. A court

may certify a class only if:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).   Furthermore, Plaintiffs here seek class certification pursuant Rule

23(b)(3), which provides for certification only when "Rule 23(a) is satisfied," when "questions

of law or fact common to class members predominate over any questions affecting only

individual members," and when "a class action is superior to other available methods for fairly

and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

The Second Circuit has set forth the following guidelines regarding class certification:

> (1) [A] district judge may certify a class only after making determinations that each of the Rule 23 requirements has been met;
>
> (2) such determinations can be made only if the judge resolves factual disputes relevant to each Rule 23 requirement and finds that whatever underlying facts are relevant to a particular Rule 23 requirement have been established and is persuaded to rule, based on the relevant facts and the applicable legal standard, that the requirement is met;
>
> (3) the obligation to make such determinations is not lessened by overlap between a Rule 23 requirement and a merits issue, even a merits issue that is identical with a Rule 23 requirement; [and]
>
> (4) in making such determinations, a district judge should not assess any aspect of the merits unrelated to a Rule 23 requirement . . . .

5

In re Flag Telecom Holdings, Ltd. Sec. Litig., 574 F.3d 29, 34 (2d Cir. 2009) (*quoting* In re Initial Pub. Offering Sec. Litig., 471 F.3d 24, 41 (2d Cir. 2006)).   A proponent of class certification must meet the Rule 23 requirements by a "'preponderance of the evidence.'"   Id. (*quoting* Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc., 546 F.3d 196, 202 (2d Cir. 2008)).

In addition to the elements of Rule 23(a), Plaintiffs must also satisfy one of the elements of Rule 23(b).   Heerwagen v. Clear Channel Communs., 435 F.3d 219, 225-26 (2d Cir. 2006). Plaintiffs have chosen to move for certification under Rule 23(b)(3), requiring them to show that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members," and that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Id. (*quoting* Fed. R. Civ. P. 23(b)(3)).   Plaintiffs bear the burden of establishing each requirement for class certification. Vengurlekar v. Silverline Techs., 220 F.R.D. 222, 226 (S.D.N.Y. 2006)

As set forth below, Plaintiffs have failed to demonstrate that they have commonality, typicality, numerosity, nor have they proved that the adequacy of representation through class representation.   Furthermore, the Plaintiffs have failed to prove that class representation is superior to other available methods for adjudicating this matter. Accordingly, Plaintiff's motion should be denied in its entirety.

## II.   A RULE 23 CLASS ACTION MAY NOT BE BROUGHT UNDER NEW YORK LABOR LAW WHERE PLAINTIFFS SEEK LIQUIDATED DAMAGES.

It is well settled that New York Labor Law ("NYLL") claims may not be certified as a class action under Rule 23 where liquidated damages are sought. Foster v. Food Emporium,   99

Civ 3860 (CM) 2000 U.S. Dist LEXIS 6053 (S.D.N.Y. Apr. 26, 2000); Domberger v.
Metropolitan Life Ins. Co., 182 F.R.D. 72 (S.D.N.Y. 1998); N.Y. C.P.L.R. § 901(b).

## III.   PLAINTIFFS HAVE FAILED TO MEET THEIR BURDEN OF PROOF UNDER RULE 23(A) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

In the instant case, Plaintiffs cannot satisfy any of the requirements of Rule 23(a).  The
Second Circuit recently clarified the standards and methods by which a district court is to
determine whether plaintiffs seeking class certification have met their Rule 23 burdens.  In re
Initial Public Offering Securities Litigation, 471 F.3d 24 (2d Cir. 2006).  Specifically, the Second
Circuit requires that the district court undertake a "rigorous analysis" in order to determine
whether each of the Rule 23 requirements are met.  Such determinations can be made only if the
judge resolves factual disputes relevant to each Rule 23 requirement and finds that "whatever
underlying facts are relevant to a particular Rule 23 requirement have been established and is
persuaded to rule, based on the relevant facts and the applicable legal standard, than the
requirement is met."  Id. at 41.  In making such findings, it is not sufficient that there be "some
showing" by plaintiff that the requirements are met.  Id. at 42.  Instead a "district judge is to
assess all of the relevant evidence… just as the judge would resolve a dispute about any other
threshold prerequisite for continuing a lawsuit."  Id.  This includes weighing "conflicting
evidence" where it exists.  Id.

As the putative class meets none of the Rule 23(a) requirements, each of which the
Plaintiffs have the burden of proving, Plaintiffs motion for class certification should be denied.
Anchem Products, Inc. v. Windsor, 521 U.S. 591, 614,117 S.Ct. 2231, 138 L.Ed.2d 689 (1997);
In re Initial Public Offering Securities Litigation, 471 F.3d 24, 41 (2d Cir.2006).

## A.    Numerosity

Rule 23(a)(1) provides that a class may be certified only if "the class is so numerous that joinder of all members is impracticable." Myers v. Hertz Corp. No. 02-CV-4325, 2007 U.S. Dist LEXIS 53572 at *3 (E.D.N.Y. Jul. 24, 2007). Plaintiffs must be able to "demonstrate that the aggrieved class can be readily identified." Dunnigan v. Metro. Life Ins. Co., 214 F.R.D. 125, 135 (S.D.N.Y. 2003). A class is not sufficiently ascertainable when class members are "impossible to identify prior to individualized fact-finding and litigation." Crosby v. Social Security Admin, 796 F.2d 576, 580 (1st Cir. 1986). This is especially true where a significant number of Plaintiffs have already accepted Defendants' Offer of Judgment. Plaintiffs cannot maintain a class action under Rule 23, because no definable class of employees could be certified thereupon.

## B.    Commonality and Typicality

Subsection (a)(2) of Rule 23 requires that there be "questions of law or fact common to the class," and (a)(3) requires that the "claims or defenses of the representative parties are typical" of the class. As a practical matter, the two (2) requirements merge in the Second Circuit's inquiry. See Caridad v. Metro-North Commuter R.R., 191 F.3d 283, 291 (2d Cir. 1999). The commonality and typicality requirements are satisfied "when each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove defendant's liability." Robidoux v. Celani, 987 F.2d 931, 936-37 (2d Cir. 1993).

The commonality requirement requires Plaintiffs to prove that the action raises issues of law or fact common to the proposed class. Spann v. AOL Time Warner, Inc., 219 F.R.D. 307,

8

316 (S.D.N.Y. 2003). Similarly, typicality focuses on the relationship of facts and issues between the class and its representatives. Bishop v. Petro-Chemical Transport, LLC, 582 F. Supp. 2d 1290 (E.D.Cal. 2008). The common question must be "at the core of the cause of action alleged," and must be susceptible to "generalized proof." Noble v. 93 University Place Corp., 224 F.R.D. 330, 338 (S.D.N.Y. 2004); Vengurlekar, 220 F.R.D. at 227- 230. Moreover, courts require more than self-serving affidavits and a plaintiff generally must provide either statistical or anecdotal evidence in order to demonstrate commonality and/or typicality. Attenborough v. Constr. & Gen. Bldg. Laborers' Local, 238 F.R.D. 82, 95 (S.D.N.Y. 2006).

Plaintiffs have done little to meet these standards. Plaintiffs' inadmissible hearsay statements contained in their memorandum of law are considered, confirm that various Plaintiffs performed different jobs, had different job responsibilities, worked different hours, were subject to different pay rates and were otherwise treated differently by Alle. Therefore, each Plaintiff claim is unique and subject to an individual case-by-case analysis that defeats the purpose of class certification.

### 1. Donning and Doffing

Furthermore, the Plaintiffs' claim that Plaintiffs were not compensated for donning and doffing activities is not compensable time under the FLSA. See Gorman v. Consol. Edison Corp., 488 F.3d 586, 594 (2d Cir. 2007). In Gorman, the Second Circuit held that unless an work activity is essential to complete an employee's task, it is not indispensable or integral, and therefore excluded from compensation. Id., at 592; see also IBP, Inc. v. Alvarez, 546 U.S.21, 40-41 (2005) (unless an activity is both integral and indispensable to performing the job, it is not a principal activity of the job). While Plaintiffs allege that they were required to "don" and "doff" a combination of coats, boots, gloves, hardhats, hairnets and aprons (Mateo Affidavit, ¶9,

9

Morris Affidavit, ¶10), <u>Gorman</u> concludes that "a helmet, safety glasses, and steel-toed boots," while arguably indispensable to a plaintiff's principal activities, is not different in kind from "changing clothes and showering under normal conditions," which, are not covered by the FLSA.  The donning and doffing of generic protective gear is not rendered integral by being required by the employer or by government regulation.  *See* <u>Reich v. IBP, Inc.</u>, 38 F.3d 1123, 1126 (10th Cir. 1994) (holding that donning and doffing safety glasses, a pair of earplugs, a hard hat and safety shoes, "although essential to the job, and required by the employer," are pre- and post-liminary activities); <u>Anderson v. Pilgrim's Pride Corp.</u>, 147 F. Supp. 2d 556, 563 (E.D. Tex. 2001) (same), *aff'd*, 44 Fed. Appx. 652 (5th Cir. 2002) (not precedential).  The donning and doffing of a helmet, safety glasses and boots are "relatively effortless," non-compensable, preliminary tasks. <u>Reich v. N.Y. City Transit Auth.</u>, 45 F.3d 646, 649 (2d Cir. 1995).

Even if the donning and doffing of a helmet, apron and/or boots were "integral and indispensable" to plaintiffs' principal activities, time spent doing so would *de minimis* and therefore not compensable under the FLSA.[1]  *See* <u>Gorman</u>, *supra*, at 652-53.  Plaintiffs can prove no set of facts entitling them to compensation for time spent donning and doffing a helmet, hairnet, apron, and/or boots.

---

[1]    As this Court explained in <u>N.Y.C. Transit Auth.</u>, *supra*: [T]he *de minimis* doctrine was first articulated by the Supreme Court in <u>Anderson v. Mount Clemens Pottery Co.</u>, 328 U.S. 680, 66 S. Ct. 1187, 90 L. Ed. 1515 (1946):

> When the matter in issue concerns only a few seconds or minutes of work beyond the scheduled working hours, such trifles may be disregarded. . . It is only when an employee is required to give up a substantial measure of his time and effort that compensable working time is involved."

45 F.3d at 652 (*quoting* <u>Anderson</u>, 328 U.S. at 692).

## 2. **Spread of Hours**

Plaintiffs also claims Defendants violated the "spread of hours" compensation requirement under the NYLL, which provides that employers must pay an additional hour's minimum wage for each day an employee works more than ten hours. 12 N.Y.C.R.R. § 142-2.4. What Plaintiffs fail to recognize is that "spread of hours" pay is only applicable to minimum wage earning employees. Chan v. Triple 8 Palace, Inc., No. 03 Civ. 6048, 2006 U.S. Dist. LEXIS 15780, at *76-77 (S.D.N.Y. Mar. 30, 2006). After a split of authority in the District Courts, the New York Department of Labor immediately issued two (2) advisory opinion letters, both dated April 12, 2006, reaffirming its interpretation that employers who pay their employees a sufficiently high hourly rate above the minimum wage are not required to pay the additional "spread of hours" bonus hour." *See* NEW YORK STATE DEPARTMENT OF LABOR ADVISORY OPINION LETTERS dated April 12, 2006. These advisory letters remain in effect and, as noted by the weight of authority above, courts of the District of New York have overwhelmingly adopted the rationale set forth in Triple 8 Palace. *See* Espinosa v. Delgado Travel Agency, No. 05 Civ. 6917, 2007 U.S. Dist. LEXIS 15149, at *7-8 (S.D.N.Y. Mar. 2, 2007); Franklin v. Breton Int'l, Inc., No. 06 Civ. 4877, 2006 U.S. Dist. LEXIS 88893, at *13 (S.D.N.Y. Dec. 11, 2006).); and Roach v. T.L. Cannon Corp., 3:10-CV-0591 (TJM/DEP), 2012 U.S. Dist. LEXIS 120507 (N.D.N.Y. Aug. 24, 2012) (granting summary judgment on spread of hours claims for employees who were compensated over minimum wage prior to considering class certification). Accordingly, as it is undisputed that a large majority of Plaintiffs' compensation was higher than the minimum wage, therefore they are disqualified from receiving "spread of hours" pay.

11

The Plaintiffs' own sworn statements demonstrate that their claims lack commonality and typicality. *See Rafael Mateo Declaration* ¶ 12; *Efrain Irizarry Declaration*, ¶ 15; *David Benito Declaration*, ¶ 17; *Kenneth Patterson Declaration*, ¶ 16. Any claim by the Plaintiffs of commonality and typicality is based on activities that are non-compensable under the FLSA or not actionable under NYLL. Accordingly, the instant motion for class certification should be denied.

## C.   Adequacy

Courts should consider whether the proposed plaintiffs are providing reliable and accurate information before determining whether they may be adequate class representatives. Jones v. Ford Motor Credit Co., 00 Civ. 8330 (RJH) (KNF), 2005 U.S. Dist LEXIS 5381 (S.D.N.Y. Mar. 31 2005). Plaintiffs provided different information regarding their job responsibilities, work hours, pay methods, and even the equipment they were required to wear. Moreover, during the months preceding the filing of this complaint and continuing thereafter, Plaintiffs have evidenced an undisputable Union motive to continue litigation against Alle that is not shared by a large majority of Alle's employees (as evidenced by the November 2008 election results). While Plaintiffs and their Union may wish to pursue otherwise baseless claims against Alle for their personal interest, that interest is not shared by the proposed class. Accordingly, Plaintiffs have not satisfied the requirement that they will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Therefore, class certification should be denied because Plaintiffs are not adequate class representatives.

12

## IV.   PLAINTIFFS' ALLEGATIONS DO NOT SUPPORT A RULE 23(B)(3) CLASS BECAUSE ANY ANALYSIS OF CLASS-WIDE LIABILITY WILL REQUIRE A BURDENSOME, INDIVIDUALIZED INQUIRY.

In addition to their many shortcomings under Rule 23(a), Plaintiffs are similarly incapable of maintaining a Rule 23(b)(3) class. It is well settled that common questions will not predominate over class issues for Rule 23(b)(3) purposes where, as here, liability cannot be established on a class-wide basis (due to the disparate nature of the defenses and exemptions which inextricably affect Plaintiffs and the putative class). The "mini-trials" that would result if this case were to proceed as currently proposed render a 23(b)(3) class inappropriate for lack of predominance of common claims.

Rule 23(b)(3) permits certification of a class action, which otherwise meets the requirements of 23(a) when...the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (a) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (d) the difficulties likely to be encountered in the management of a class action. Fed R. Civ. P. 23(b)(3). For a class to be certified under 23(b)(3), Plaintiffs must demonstrate: (1) that the questions of law or fact common to members of the class predominate over any questions affecting only individual members; and (2) that a class action is superior to other available methods for the full and fair adjudication of the controversy. *See* Lewis v.

13

National Financial Systems, Inc., No. 06 Civ. 1308, 2007 WL 2455130 (E.D.N.Y. Aug. 23, 2007).

Here, Plaintiffs' claims for compensatory damages for failure to pay overtime compensation, minimum wages and/or spread of hours pay will require individualized inquiry into each putative member's claims and particular factual setting. Adjudicated in a class setting, such a case would require a significant number of unnecessary mini-trials to resolve each particular employee's claims, a scenario that is not appropriate for a class action. *See* Moore v. PaineWebber, Inc., 306 F.3d 1247 (2d Cir. 2002). Moreover, that almost half of the named and/or opt-in Plaintiffs in this action have already agreed to settle their claims via the acceptance of Defendants' Offers of Judgment is disqualifying. There is hardly commonality or typicality in this regard. *See* Spann v. AOL Time Warner, Inc., 219 F.R.D. 307 (S.D.N.Y. 2003) (denying class certification where individualized inquiry for plaintiff precluded finding of typicality).

## A.   Questions of Law And Fact Common To The Class Generally Do Not Predominate Over Questions Affecting Plaintiffs Specifically.

Class certification must also be denied because "questions of law or fact common to class members" do not "predominate" over "questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). "The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 623, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997). "In order to meet the predominance requirement of Rule 23(b)(3), a plaintiff must establish that the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, . . . predominate over those issues that are subject only to individualized proof." In re Visa Check/Mastermoney Antitrust Litig., 280 F.3d 124, 136 (2d Cir. 2001) (quotation omitted);

14

accord In re Nassau County Strip Search Cases, 461 F.3d 219, 227 (2d Cir. 2006) ("[A]n an issue is common to the class when it is susceptible to generalized, class-wide proof"). The predominance inquiry "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." Moore v. PaineWebber, Inc., supra. The 23(b)(3) predominance requirement is far more demanding that the commonality requirement of Rule 23(a). *See* Vengurlekar, supra. Numerous courts have denied certification where common issues of law are not present or where resolving the claims for relief would require individualized inquiries. *See* Myers, 2007 U.S. Dist LEXIS 53572 at *1 (denying class certification where the court would have to conduct a "fact intensive inquiry into each potential plaintiff's employment status" under the FLSA); *see also* Lewis Tree Serv., Inc. v. Lucent Techs. Inc., 211 F.R.D. 228 (S.D.N.Y. 2002).

Here, individual issues clearly predominate over common ones. In fact, because the exemption analysis required to resolve Plaintiffs' NYLL claims is dependent upon an individualized inquiry into each employee's actual job duties, work department and necessary "uniforms", as discussed *supra*, 23(b)(3) certification is inappropriate. As set forth herein, each Plaintiff and affirmant testified to a different number of items they allegedly had to don and doff. The instant affirmations also evince a dispute amongst the Plaintiffs as to how long it took them to don such apparel. "Rule 23 contains an implicit requirement that the proposed class be precise, objective, and presently ascertainable. A proposed class must be clearly defined so that it is administratively feasible for a court to determine whether a particular individual is a member." Toure v. Central Parking Systems of New York, No. 05 Civ. 5237, 2007 U.S. Dist LEXIS 74056, at *12 (S.D.N.Y. Sept. 28, 2007) (*quoting* Bakalar v. Vavra, 237 F.R.D. 59 (S.D.N.Y. 2006)). One of the reasons for this requirement is that, without it, defining

15

membership in the proposed class would involve a mini-hearing on the merits of each class member's case. Mike v. Safeco Ins. Co. of Am., 274 F.Supp. 2d 216, 220-221 (D. Conn. 2003) (declining to allow the plaintiff to pursue class action because "the proof in this case is specific to the individual" in that the main issue was whether each individual employee was exempt); *see also* Kline v. Sec. Guards, Inc., 196 F.R.D. 261, 268 (RD. Pa. 2000) *rev'd and remanded on other grounds by* Kline v. Sec. Guards, Inc., 386 F.3d 246 (3d Cir. 2004) ("Because it would be impossible to definitively identify class members prior to individualized fact-finding and litigation, the proposed class fails one of the basic requirements for a class action under Rule 23 under the Federal Rules of Civil Procedure"). Here, it is clear that Plaintiffs cannot demonstrate that the sought after class is "precise" or even "presently ascertainable."

**B.      A Class Action Is Not Superior Because It Requires Absent Class Members To Waive Their Statutory Rights.**

It is well settled that NYLL claims may not be certified as a class action under Rule 23 where liquidated damages are sought.      Foster v. Food Emporium, U.S. Dist LEXIS 6053 (S.D.N.Y. Apr. 26, 2000); Domberger v. Metropolitan Life Ins. Co., 182 F.R.D. 72 (S.D.N.Y. 1998); N.Y. C.P.L.R. § 901(b). Plaintiffs must also demonstrate that the proposed class action is superior to other means of adjudication available to them. Fed. R. Civ. P. 23(b)(3). In analyzing the superiority of a class action to adjudicate wage claims under the Labor Law, Judge Cogan of the Eastern District noted:

> Plaintiffs suing under the NYSLL [the Labor Law] who wish to pursue a class action must make at least one significant sacrifice over people who sue individually - waive their entitlement to recover liquidated damages. Section 901(b) of the New York Civil Practice Law and Rules precludes a class action based upon a statute "creating or imposing a penalty, or a minimum measure of recovery," unless that statute also provides for recovery in a class action.  The NYSLL does not provide for suit by class action.

16

> Therefore, liquidated damages are unavailable to class plaintiffs alleging a violation of the NYSLL...Therefore, even if plaintiffs could satisfy the other requirements of Rule 23, it is unclear if a class action would be superior.

Myers, *supra*, 2007 U.S. Dist LEXIS 53572, at *21. Because the Complaint fails to assert how a class action would be a superior method of proceeding with the NYLL claims in light of the requirement of waiver of liquidated damages, this Court should deny Plaintiffs' class certification motion. Moreover, the proposed notice makes no such mention of this requirement.

Since plaintiffs may recover less than they seek in the Complaint if they are class members in that liquidated damages would be unrecoverable if this case were certified as a class action, a class action would not be superior. Myers, *supra* (class action denied because plaintiffs would have to waive NYLL liquidated damages claims to proceed on a class basis). Plaintiffs do not have a "superior" method of resolving this case. Muecke v. A-Reliable Auto Parts & Wreckers, Inc., 2002 WL 1359411 (N.D. Ill. 2002) (rejecting Rule 23 class since it would not be "superior to other available methods" of adjudication where FLSA opt-in was in place, choosing not to extend the litigation to absent class members who did not choose to opt in).

## CONCLUSION

Defendants respectfully request that this Court deny Plaintiffs' motion in all respects and award Defendants attorneys' fees and costs and such other relief as the Court deems proper.

Dated: Woodbury, New York
   October 19, 2012

       Respectfully submitted,

By:               

       Jeffery A. Meyer (JM-4468)
       Kaufman Dolowich Voluck & Gonzo LLP
       135 Crossways Park Drive, Suite 201
       Woodbury, New York 11797
       Phone: (516) 681-1100

4822-4681-6785, v. 1