| UNITED STATES DISTRICT COURT | For Online Publication Only |
|---|---|
| EASTERN DISTRICT OF NEW YORK | |

-----------------------------------------------------------------------X
KINGBORN MORRIS, RAFAEL MATEO, and
DARNELL PIERRE, on behalf of all other persons
similarly situated who were employed by ALLE **ORDER**
PROCESSING CORP., ALBERT WEINSTOCK,
EDWIN WEINSTOCK, SAM HOLLANDER, and 08–CV–4874 (JMA)
MENDEL WEINSTOCK,

                             Plaintiffs,

    -against-

ALLE PROCESSING CORP., ALBERT WEINSTOCK,
EDWIN WEINSTOCK, SAM HOLLANDER, and
MENDEL WEINSTOCK,

                             Defendants.
-----------------------------------------------------------------------X

**AZRACK**, **United States Magistrate Judge:**

      Plaintiffs Kingborn Morris, Rafael Mateo, and Darnell Pierre, former employees of defendant Alle Processing Corporation ("Alle"), have brought this class action against Alle, Albert Weinstock, Edwin Weinstock, Sam Hollander, and Mendel Weinstock (collectively, the "defendants"), alleging violations of, inter alia, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, and New York Labor Law ("NYLL") § 193, for failing to pay earned wages, overtime wages, and spread of hours compensation.

      On May 6, 2013, I granted plaintiffs' motion to certify a class action, pursuant to Federal Rule of Civil Procedure 23, based on plaintiffs' NYLL claims ("Rule 23 Order"). Rule 23 Order at 27, ECF No. 55. In this Rule 23 Order, I held that in light of the Supreme Court's decision in Shady Grove Orthopedics, P.A. v. Allstate Ins. Co., 559 U.S. 393, 130 S.Ct. 1431 (2010), plaintiffs did not need to waive their NYLL liquidated damages claim to maintain a Rule 23 class action. Rule 23 Order at 11.

On June 4, 2013, defendants requested a pre-motion conference seeking to move for relief from the Rule 23 Order pursuant to Federal Rule of Civil Procedure 60(b) or, alternatively, an amendment to the Rule 23 Order permitting defendants to seek leave to appeal pursuant to 28 U.S.C. § 1292(b). Defs.' Ltr. Mot. for Pre-Mot. Conf. at 1, ECF No. 57. Specifically, defendants argue that the Supreme Court expressly limited the holding in Shady Grove to cases of diversity jurisdiction. Id.

In Shady Grove, the Supreme Court, sitting in diversity jurisdiction, concluded that Rule 23 preempts section 901(b) of New York's Civil Practice Law and Rules ("CPLR"), which bars class action plaintiffs from seeking "penalties" such as liquidated damages. 130 S.Ct. at 1436–42; id. at 1442–44 (plurality opinion); id. at 1455–60 (Stevens, J., concurring in part and concurring in judgment). In other words, the Supreme Court held that section 901(b) does not apply to state law class actions filed in federal court. Id. at 1436–42.

Although the Supreme Court noted that the question of Shady Grove arose in the context of diversity jurisdiction, id. at 1436, there is no language suggesting that the holding of Shady Grove is limited to diversity jurisdiction cases. Moreover, a court in the Southern District of New York recently rejected the argument that Shady Grove is inapplicable where a court is exercising supplemental jurisdiction—"The Erie analysis driving Shady Grove applies to courts exercising supplemental jurisdiction as well as those exercising diversity jurisdiction." Chenensky v. New York Life Insurance Co., Nos. 07–CV–11504, 09–CV–3210, 2012 WL 234374, at *2 (S.D.N.Y. Jan. 10, 2012).

Post-Shady Grove, courts have consistently allowed plaintiffs to amend their pleadings to include claims for liquidated damages under sections 198 and 663 of NYLL that were previously barred by section 901(b). See, e.g., Gardner v. Western Beef Props, Inc., No. 07–CV–2345,

2011 WL 6140518, at *7 (E.D.N.Y. Sept. 26, 2011) (report and recommendation) (granting motion to amend to include liquidated damages under NYLL in light of Shady Grove and defendant's consent) adopted by 2011 WL 6140512 (E.D.N.Y. Dec. 9, 2011); Gortat v. Capala Bros., Inc., No. 07–CV–3629, 2011 WL 6945186, at *9–10 (E.D.N.Y. Dec. 30, 2011) (granting motion to amend to include NYLL liquidated damages claim in light of Shady Grove); Coultrip v. Pfizer, Inc., No. 06–CV–9952, 2011 WL 1219365, at *4 (S.D.N.Y. Mar, 24, 2011) (same); Spicer v. Pier Sixty LLC, No. 08–CV–10240, 2011 WL 446144, at *3 (S.D.N.Y. Feb. 7, 2010) (same); Pefanis v. Westway Diner, Inc., No. 08–CV–002, 2010 WL 3564426, at *7 (S.D.N.Y. Sept. 7, 2010) (same); McBeth v. Gabrielli Truck Sales, Ltd., 731 F. Supp. 2d 316, 320–21 (E.D.N.Y. 2010) (same). Notably, in each of these cases, jurisdiction over the NYLL claims was supplemental to federal question jurisdiction over FLSA claims.

Defendants also rely on Holster v. Gatco, 618 F.3d 214 (2d Cir. 2010), maintaining that notwithstanding Shady Grove, the Second Circuit dismissed a class action because plaintiffs' claim was barred by section 901(b). See Defs.' Reply Ltr. in Supp. of Req. at 2, ECF No. 60. In Holster, the Second Circuit confirmed that the holding of Shady Grove applies "if the requirements of Rule 23 are met and if federal jurisdiction otherwise exists," but nevertheless dismissed the class action under the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, because unique language in the TCPA delegates power to the states to determine whether a cause of action lies under the TCPA. 618 F.3d at 217–18; see 47 U.S.C. § 227(b)(3). The court's analysis and holding in Holster rested on the unique nature of the TCPA and not on the relationship between Rule 23 and section 901(b). Holster, 618 F.3d at 216.

Accordingly, I find that the case law clearly supports my Rule 23 Order allowing plaintiffs to maintain their liquidated damages claims in light of Shady Grove. Defendants have

3

failed to present a sufficient reason to grant relief from my Rule 23 Order, pursuant to Rule 60(b), and failed to establish a substantial ground for difference of opinion that would warrant permission to appeal pursuant to 28 U.S.C. § 1292(b). Defendants' motion is denied and the parties are directed to file via ECF the revised notice, as previously discussed, by July 8, 2013.

Dated: June 27, 2013
Brooklyn, New York

/s/
JOAN M. AZRACK
UNITED STATES MAGISTRATE JUDGE