**PHILLIPS NIZER** LLP

666 Fifth Avenue
New York, NY 10103-0084
212.977.9700
Fax 212.262.5152

600 Old Country Road
Garden City, NY 11530-2011
516.229.9400
Fax 516.228.9612

Court Plaza North
25 Main Street
Hackensack, NJ 07601-7015
201.487.3700
Fax 201.646.1764

www.phillipsnizer.com

**Jon Schuyler Brooks**
(212) 841-0780 (NYC)
(516) 229-9401 (L.I.)
jbrooks@phillipsnizer.com

June 28, 2013

VIA ECF

Hon. Joan M. Azrack
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11021

     Re:    Morris, et al. v. Alle Processing Corp., et al., 08 CV 4874 (JMA)

Dear Judge Azrack:

This firm now is co-counsel for Alle Processing Corp. and the named individual defendants (collectively, the "Defendants") in the referenced matter. We write at this time with respect to the June 27, 2013 Order issued by the Court (the "June 27 Order"). For the reasons set forth below, we respectfully request the June 27 Order be withdrawn.

***Relevant Procedural History***

By letter dated June 3, 2013 (and filed June 4), Defendants wrote to the Court pursuant to section IV.B. of the Individual Rules to request a pre-motion conference. As stated in that letter,

> Defendants seek to move (i) pursuant to Rule 60(b) for relief from the May 6, 2013 Order granting Plaintiffs' motion to certify a Rule 23 class action for their New York Labor Law claims (the "Rule 23 Order") or, in the alternative, (ii) to amend the Rule 23 Order so as to permit the Defendants to seek leave to appeal the Rule 23 Order to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. §1292(b).

June 3, 2013 Letter from Jeffery A. Meyer, Esq. to Magistrate Judge Joan M. Azrack ("Meyer Letter") at p.1; *see also*, June 27 Order at 2.

1207538.1

**PHILLIPS NIZER**LLP

Hon. Joan M. Azrack
June 28, 2013
Page 2

On that same day, the Court granted Defendants' request, scheduled the pre-motion conference for June 25, 2013, and suspended the deadline for filing the revised certification notice pending the outcome of the pre-motion conference.

Thereafter, on June 20, 2013, Plaintiffs wrote to the Court in opposition to Defendants' request "for permission to move for [the] relief [mentioned in the Meyer Letter]." June 20, 2013 Letter from LaDonna M. Lusher, Esq. to Magistrate Judge Joan M. Azrack ("Lusher Letter") at p.1. Plaintiffs conclude their letter stating, "Defendants' motion for relief from the Rule 23 Order … should be denied." *Id*. at p.3.

On the morning of June 24, 2013, Defendants submitted a reply to the Plaintiffs' letter. June 24, 2013 Letter from Jon Schuyler Brooks, Esq. to Hon. Joan M. Azrack ("Brooks Letter").

In the afternoon on June 24, 2013, the Court issued a Scheduling Order cancelling the June 25, 2013 pre-motion conference. The Scheduling Order continues: "The parties' letter submissions are sufficient to assist the Court in reaching a decision on plaintiff's [sic] letter motion [57]. An order on plaintiff's [sic] letter motion will follow."[1]

On June 27, 2013, the Court issued an Order denying "Defendants' motion" (thereby effectively precluding Defendants from proceeding with their intended motion for relief from the Rule 23 Order), and establishing July 8, 2013 as the new deadline for filing the revised class certification notice. June 27 Order at pp.3-4.

*The June 27 Order Must be Withdrawn*

By its express language, the Meyer Letter seeks only two things: a pre-motion conference to discuss Defendants' intended motion for relief from the Rule 23 Order (Meyer Letter at 1); and suspension of the deadline to file the revised class certification notice (*id*. at 2). On June 4, 2013, the Court granted all the relief sought by the Meyer Letter. Consequently, even if the Meyer Letter may be construed as a "letter motion," *see* June 25, 2013 Scheduling Order, the "relief" it sought was granted in full on June 4, 2013.

Subsequent to the Meyer Letter, Defendants made no application – whether by letter or "formal" motion – to the Court for relief of any type.

Given the Court's June 4, 2013 Order granting all the relief sought in the Meyer Letter, and given the lack of any other application being made prior to the June 27 Order, no "letter motion" was pending as of June 25, 2013 when the Court issued the Scheduling Order canceling the pre-motion conference. The June 27 Order, therefore, denies a "motion" when, in fact, no motion was pending.

---

[1] It is clear from the context, including the reference to Document No. 57 (i.e., the Meyer Letter), the Court intended the June 25, 2013 Scheduling Order to read "defendants' letter motion," not "plaintiff's letter motion."

1207538.1

**PHILLIPS NIZER**LLP

Hon. Joan M. Azrack
June 28, 2013
Page 3

It appears Plaintiffs, through the Lusher Letter, misled the Court into construing the Meyer Letter as a "letter motion" seeking "permission to move for relief" from the Rule 23 Order. Lusher Letter at 1, 3. No such permission was sought. No such permission is required.

> Although we have recognized that "it is within the judge's discretion to hold a pre-motion conference for the purpose of persuading a party not to file a perceived meritless motion," *Milltex Indus. Corp. v. Jacquard Lace Co.*, 55 F.3d 34, 39 (2d Cir. 1995), we have made it clear that "the judge may not require that the court's permission be secured at such a conference before a party may file the motion." *Milltex*, 55 F.3d at 39; *see also MacDraw*[*, Inc. v. CIT Group Equip. Fin.*], 73 F.3d [1253,] 1256 n.2 (2d Cir. 1996) (same); *Richardson* [*Greenshields Sec., Inc. v. Lau*], 825 F.2d [647,] 652 (2d Cir. 1987) ("Absent extraordinary circumstances … a court has no power to prevent a party from filing pleadings, motions or appeals authorized by the Federal Rules of Civil Procedure.").

*Eisemann v. Greene*, 204 F.3d 393, 397 (2d Cir. 2000) (ellipses in original) (footnote omitted). *See Curto v. Roth*, 296 Fed. Appx. 129, 130-31 (2d Cir. 2008) (vacating portions of order preventing party from filing Rule 60(b) motion and remanding to allow said motion to be filed).

Consequently, because the June 27 Order (a) interprets the Meyer Letter as a "letter motion" seeking "permission to move for relief" from the Rule 23 Order, (b) denies that "letter motion," and (c) thereby effectively precludes Defendants from filing their motion, the June 27 Order is a legal nullity.

Alternatively, it appears Plaintiffs, by asserting "Defendants' motion for relief from the Rule 23 Order … should be denied," Lusher Letter at 3, prompted the Court to "convert" the Meyer Letter from a request for a pre-motion conference into a motion on the merits, and the June 27 Order is a decision on the merits of Defendants' as-yet-unmade motion for relief from the Rule 23 Order.

Any such conversion was error. Even Plaintiffs' concede the rudimentary nature of the issues raised and arguments made in the Meyer Letter. *See* Lusher Letter at 1 ("Defendants provide no basis for granting the requested relief"); *id.* at 3 ("Defendants do not identify any evidence or legal theory …. Nor do they sufficiently demonstrate how an immediate appeal may materially advance the ultimate termination of the litigation."). Indeed, in their final comments to the Court, Defendants made plain the issues and arguments still had not been briefed.

> Put simply, **no Court has heard or made a critical legal analysis** of the applicability of *Shady Grove* to state law claims over which the Court lacks an independent basis of original subject matter jurisdiction. Indeed, neither side in this matter raised *Shady Grove* in the briefing that led to the Court's May 6, 2013

1207538.1



Hon. Joan M. Azrack
June 28, 2013
Page 4

      Order.  **The Defendants deserve an opportunity to be heard on that fundamental issue**, and the Court deserves the opportunity to consider it.

Brooks Letter at 2 (emphases added).

      Accordingly, Defendants respectfully request (a) the June 27 Order be withdrawn, (b) the Court establish a briefing schedule for Defendants' motion for relief from the Rule 23 Order, and (c) the deadline to file the revised class certification notice be suspended during the pendency of Defendants' motion.

                                    Respectfully submitted,

                                      *Jon Schuyler Brooks*
                                      Jon Schuyler Brooks

JSB:ms

cc:      LaDonna M. Lusher, Esq. (via ECF)

1207538.1