PHILLIPS NIZER LLP
Jon Schuyler Brooks (JB 7218)
(jbrooks@phillipsnizer.com)
666 Fifth Avenue
New York, New York 10103-0084
Tel:  (212) 977-9700
Fax: (212) 262-5152

- and -

KAUFMAN DOLOWICH AND VOLUCK, LLP
Jeffery A. Meyer (JM 4468)
(jmeyer@kdvlaw.com)
135 Crossways Park Drive, Suite 201
Woodbury, NY 11797
Tel:  (516) 681-1100
Fax: (516) 681-1101

*Attorneys for Defendants Alle Processing Corp.,*
*Albert Weinstock, Edwin Weinstock,*
*Sam Hollander, and Mendel Weinstock*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
KINGBORN MORRIS, RAFAEL MATEO, AND
DARNELL PIERRE, ON BEHALF OF ALL
OTHER PERSONS SIMILARLY SITUATED
WHO WERE EMPLOYED BY ALLE
PROCESSING CORP., ALBERT WEINSTOCK,
EDWIN WEINSTOCK, SAM HOLLANDER,
AND MENDEL WEINSTOCK,

**ELECTRONICALLY FILED**
**(ECF CASE)**

Case No: 08-cv-4874

                    Plaintiffs,

v.

ALLE PROCESSING CORP., ALBERT
WEINSTOCK, EDWIN WEINSTOCK, SAM
HOLLANDER, AND MENDEL WEINSTOCK,

                    Defendants.
-----------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF THE**
**MOTION OF DEFENDANTS CONCERNING THE**
**MEMORANDUM AND ORDER DATED MAY 6, 2013**

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................................................II

PRELIMINARY STATEMENT ............................................................................................1

STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY ...................................3

ARGUMENT ....................................................................................................................8

I   DEFENDANTS ARE ENTITLED EITHER TO RELIEF FROM THE MAY 6 ORDER OR
    DECERTIFICATION OF THE CLASS FOR PLAINTIFFS' NYLL CLAIMS ...........................8

    A.   BACKGROUND ................................................................................................8

    B.   *SHADY GROVE* DOES NOT ALWAYS OVERRIDE CPLR § 901(B) TO ALLOW CLASS
         CERTIFICATION ............................................................................................10

    C.   CPLR 901(B) PRECLUDES THIS COURT FROM EXERCISING SUPPLEMENTAL
         JURISDICTION OVER PLAINTIFFS' CLASS ACTION FOR NYLL CLAIMS ...........12

II  ALTERNATIVELY, THIS COURT SHOULD MODIFY THE MAY 6 ORDER SO DEFENDANTS
    MAY SEEK PERMISSION TO APPEAL THE MAY 6 ORDER ......................................16

CONCLUSION ...............................................................................................................19

i

## TABLE OF AUTHORITIES

Page

## CASES

*Ballard v. Community Home Care Referral Serv.,*
  264 A.D.2d 747 (2d Dept 1999) .................................................................................8

*Carnegie-Mellon Univ. v. Cohill,*
  484 U.S. 343 (1988) ...............................................................................13, 14, 17

*Chenensky v. New York Life Ins. Co.,*
  2012 U.S. Dist. LEXIS 8986 (S.D.N.Y. Jan. 10, 2012) .........................................12

*Chenensky v. New York Life Ins. Co.,*
  2013 U.S. Dist. LEXIS 40536 (S.D.N.Y. March 11, 2013) ......................12, 14, 15

*DiPonzio v. Bank of Am. Corp.,*
  2011 U.S. Dist. LEXIS 74158 (W.D.N.Y.  July 11, 2011) ...............................11, 17

*Dynegy Mktg. & Trade v. Enron Corp.,*
  316 B.R. 767 (S.D.N.Y. 2004) ...............................................................................16

*EEOC v. Local 40, Int'l Ass'n of Bridge, Structural, & Ornamental Iron Workers,*
  1995 U.S. Dist. LEXIS 1689 (S.D.N.Y. Feb. 14, 1995) .........................................17

*Giovanniello v. ALM Media, LLC,*
  660 F.3d 587 (2d Cir. 2011) ...................................................................................10

*Gortat v. Capala Bros.,*
  2011 U.S. Dist. LEXIS 149731 (E.D.N.Y. Dec. 30, 2011)........................................9

*Holster v. Gatco, Inc.,*
  131 S. Ct. 2151 (2011) .............................................................................................11

*Holster v. Gatco, Inc.,*
  618 F.3d 214 (2d Cir. 2010) ..............................................................................10, 11

*In re BISYS Sec. Litig.,*
  2005 U.S. Dist. LEXIS 28343 (S.D.N.Y. Nov. 16, 2005)........................................16

*In re Literary Works,*
  509 F.3d 116 (2d Cir. 2007) ...................................................................................14

*James Rivers Ins. Co. v. Rapid Funding LLC,*
  658 F.3d 1207 (10th Cir. 2011) ..............................................................................11

ii

*Landsman & Funk P.C. v. Skinder-Strauss Assocs.,*
   640 F.3d 72 (3d Cir. 2011) ........................................................................10

*Levin v. Commerce Energy, Inc.,*
   130 S. Ct. 2323 (2010) .............................................................................15

*Lundy v. Catholic Health Sys. of Long Island, Inc.,*
   711 F.3d 106 (2d Cir. 2013) .....................................................................13

*Primavera Familienstifung v. Askin,*
   139 F. Supp. 2d 567 (S.D.N.Y. 2001) ......................................................16

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.,*
   559 U.S. 393, 130 S. Ct. 1431 (2010) ................................................passim

*Traub v. Cornell Univ.,*
   1999 U.S. Dist. LEXIS 5315 (N.D.N.Y. Apr. 12, 1999).........................16

## STATUTORY AUTHORITIES

28 U.S.C. §1292(b)...................................................................................1, 2, 16, 19

28 U.S.C. §1331 .....................................................................................................3

28 U.S.C. §1332 ...................................................................................................10

28 U.S.C. §1332(d) ..............................................................................................10

28 U.S.C. §1367 .....................................................................................................3

28 U.S.C. §1367(a) ...........................................................................................2, 14

28 U.S.C. §1441 ...................................................................................................11

28 U.S.C. §2072(b) ..............................................................................................12

29 U.S.C. §216(b) ..................................................................................................3

N.Y. Civ. Prac. L. & R. § 901 ...............................................................................5

N.Y. Civ. Prac. L. & R. §901(b) ....................................................................passim

## RULES AND REGULATIONS

Fed. R. Civ. P. 11 ..................................................................................................7

Fed. R. Civ. P. 23 ..........................................................................................passim

Fed. R. Civ. P. 23(c)(1)(C) ...................................................................................6

Fed. R. Civ. P. 60(b)........................................................................................1, 19

Defendants Alle Processing Corp., Albert Weinstock, Edwin Weinstock, Sam Hollander, and Mendel Weinstock (collectively, "Defendants"), by their attorneys Phillips Nizer LLP and Kaufman Dolowich and Voluck, LLP, respectfully submit this memorandum of law in support of the motion by Defendants for an Order:  (i) pursuant to Rule 60(b) of the Federal Rules of Civil Procedure granting relief from the Memorandum and Order dated May 6, 2013 ("May 6 Order"); or, in the alternative, (ii) pursuant to Rule 23(c)(1)(C), de-certifying the class previously certified in part by the May 6 Order; or, in the alternative, (iii) pursuant to 28 U.S.C. § 1292(b), modifying the May 6 Order so as to allow Defendants to seek permission to appeal it to the United States Court of Appeals for the Second Circuit.[1]

## PRELIMINARY STATEMENT

Relying exclusively upon *Shady Grove Orthopedics Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 130 S.Ct. 1431 (2010), this Court granted in part the motion of plaintiffs Kingborn Morris, Rafael Mateo, and Darnell Pierre ("Plaintiffs"), former employees of defendant Alle Processing Corp. ("Alle"), to certify a class pursuant to Rule 23 of the Federal Rules of Civil Procedure for Plaintiffs' claims arising under the New York Labor Law ("NYLL"), "including those [claims] for liquidated damages," notwithstanding the prohibition against such class actions set forth in N.Y. Civil Practice Law and Rules ("CPLR") § 901(b).  May 6 Order at 11.[2] It did so even though neither Plaintiffs nor Defendants cited *Shady Grove*.  *Ibid*.

This Court thus joined certain other federal district courts in New York (i) applying *Shady Grove* reflexively whenever plaintiffs seek certification of a Rule 23 class for alleged

---

[1] For the convenience of the Court, a true and correct copy of the May 6 Order is Exhibit A to the Declaration of Jeffery A. Meyer, executed July 8, 2013 ("Meyer Decl."), submitted in support of Defendants' motion.

[2] The Court previously granted Plaintiffs' motion for conditional certification of a collective action of its claims against Defendants for alleged violations of the federal Fair Labor Standards Act ("FLSA").  *See* May 6 Order at 2, 7-8.  Of the 2,000 former and current Alle employees to whom Plaintiffs sent FLSA collective action notices, only seventy-eight (78) individuals opted into the FLSA collective action.  *Id*. at 7-8.

violations of NYLL, and/or (ii) holding such plaintiffs, post-*Shady Grove*, need not waive liquidated damages under the NYLL in order to maintain a Rule 23 class action.  *See id.*

*Shady Grove*, however, expressly answers only one question:  "whether [CPLR § 901(b)] precludes a federal district court **sitting in diversity** from entertaining a class action under Federal Rule of Civil Procedure 23."  *Shady Grove*, 130 S.Ct. at 1435 (emphasis added).

Unlike *Shady Grove*, this Court is not "sitting in diversity," and therefore does not possess original jurisdiction over the NYLL claims.  To the contrary, only supplemental jurisdiction may bring Plaintiffs' NYLL claims before this Court.  *See* 28 U.S.C. § 1367(a).

The difference in jurisdictional posture between *Shady Grove* and this matter means, at minimum, *Shady Grove* does not control the outcome of Plaintiffs' motion for class certification. The May 6 Order, therefore, mistakenly applied *Shady Grove* to determine Plaintiffs' motion for class certification of the NYLL claims that include liquidated damages.

More importantly, that difference in jurisdictional posture means this Court now must consider a question separate and distinct from the one presented to and addressed by the Supreme Court in *Shady Grove*:  whether CPLR § 901(b) precludes a federal district court from exercising supplemental jurisdiction over a NYLL-based class action under Federal Rule of Civil Procedure 23.  The answer to that question is an unequivocal "yes."  Consequently, Defendants' motion for relief from the May 6 Order must be granted and, upon reconsideration, Plaintiffs' motion for class certification of their NYLL claims must be denied.

Alternatively, pursuant to 28 U.S.C. § 1292(b), this Court may, and should, amend the May 6 Order so as to allow Defendants to seek permission to appeal it to the United States Court of Appeal for the Second Circuit.  The May 6 Order involves a controlling question of law, and there is substantial ground for difference of opinion, as evidenced by the fractured nature of the

2

*Shady Grove* decision, as well as distinctions of *Shady Grove* made by subsequent case law. Furthermore, an immediate appeal from the May 6 Order may materially advance the ultimate termination of the litigation; as demonstrated by the quick settlement with almost half the individuals who "opted in" to Plaintiffs' FLSA claim prior to the May 6 Order, a determination that such a class action may not be maintained likely will bring about an end to this matter.

Accordingly, Defendants' motion should be granted.

### STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY

Plaintiffs instituted this civil action against Defendants seeking monetary damages for alleged non-payment of wages in violation of the maximum hours (overtime) provisions of the FLSA, and various provisions of the NYLL, New York State regulations, and the New York City Administrative Code (the latter three, collectively, the "State Law Claims"). May 6 Order at 1-2. In their Complaint, Plaintiffs made no attempt to waive statutorily-imposed liquidated damages arising from the State Law Claims. *See*, *e.g.*, Complaint ¶¶ 73, 81, 88; *see* May 6 Order at 11.[3]

Plaintiffs assert this Court possesses subject matter jurisdiction over their FLSA claims solely on the basis of federal-question jurisdiction. Complaint (ECF No. 1) ¶ 6 (*citing* 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331, 1337); *see also*, Civil Cover Sheet (ECF No. 1-2), Part II. Plaintiffs assert also this Court only "has supplemental jurisdiction" over the State Law Claims. *Id*. ¶ 6 (*citing* 28 U.S.C. § 1367).[4]

Rather than pursue only their individual claims, Plaintiffs seek a collective action for the FLSA claims, and a Rule 23 class action for the State Law Claims. May 6 Order at 2, 7-9.

On September 8, 2009, Plaintiffs moved to certify conditionally an FLSA collective

---

[3] For the convenience of the Court, a true and correct copy of the Complaint is Exhibit B to the Meyer Decl.

[4] For the convenience of the Court, a true and correct copy of the Civil Cover Sheet is Exhibit C to the Meyer Decl.

action, a motion the Court granted on December 22, 2009.  *Id.* at 2, 7-8.   Of the 2,000 former

and current Alle employees to whom Plaintiffs sent FLSA collective action notices, only

seventy-eight (78) individuals opted into the FLSA collective action (the "Opt-In Plaintiffs").  *Id.*

at 7-8.   Thereafter, on September 19, 2012, Defendants served offers of judgment on the

Plaintiffs and the Opt-In Plaintiffs.  *Id.* at 8.   Between September 19 and December 10, 2012,

thirty-three (33) of the Opt-In Plaintiffs accepted Defendants' offers of judgment and, thereby,

settled not only their FLSA claims, but also their State Law Claims.  *Ibid.*[5]  Consequently, there

are only forty-eight (48) individuals with claims currently before the Court:  the Plaintiffs and

the remaining forty-five (45) Opt-In Plaintiffs (collectively, the "FLSA Plaintiffs").

     On August 31, 2012, Plaintiffs moved to certify a Rule 23 class for the State Law Claims.

ECF No. 52.[6]  No part of their moving papers refers to either *Shady Grove* or CPLR 901(b).[7]

     On October 19, 2012, Defendants opposed Plaintiffs' motion certify a Rule 23 class.  *See*

ECF Nos. 48 & 49.  Among other reasons, Defendants invoked the prohibition against class

actions in CPLR § 901(b) to oppose Plaintiffs' motion.  *See* May 6 Order at 10-11.

     On November 13, 2012, Plaintiffs filed their reply papers.  *See* ECF No. 51.  In reply,

Plaintiffs cited neither *Shady Grove* nor any other authority to challenge the applicability of

CPLR § 901(b); instead, Plaintiffs offered only one argument: they may circumvent the Section's

prohibition against class actions by waiving their claims to liquidated damages and giving

---

[5] The May 6 Order states that, as of October 19, 2012 (the date of Defendants' opposition to Plaintiffs' motion for class certification), 33 Opt-In Plaintiffs accepted Defendants' offer.  May 6 Order at 8.  Subsequent to that date, Defendants' learned one of those Opt-In Plaintiffs actually rejected Defendants' offer.  Still later, an additional Opt-In Plaintiff accepted Defendants' offer.  *See* Meyer Decl. ¶ 6 & n.5.

[6] By their brief, however, Plaintiffs limit the motion to one seeking certification of a Rule 23 class for only the NYLL claims.  *See* Plaintiffs' Memorandum of Law in Support of Their Motion for Class Certification and Notice to the Class ("Plaintiffs' Rule 23 Mov. Memo.") , ECF No. 54, at 1, 23.

[7] Curiously, although the Table of Authorities indicates "NY CPLR §§ [sic] 901" is cited at page 21, *see* Plaintiffs' Rule 23 Mov. Memo. at [v], in fact it is not cited there or elsewhere.

"putative class members … the opportunity to opt out of the class in order to pursue their own liquidated damages claims." May 6 Order at 11 (internal quotation marks and citation omitted).

On May 6, 2013, this Court issued the May 6 Order which granted in part Plaintiffs' motion.[8]  As is relevant to the issue of the applicability of CPLR § 901 and its prohibition against class actions "where the underlying statute provides for a penalty of liquidated damages," *id*. at 10-11, the Court acknowledged "[P]laintiffs' NYLL claims provide for liquidated damages. *See* N.Y. Lab. L. §§ 198, 663." *Id*. at 11.  Notwithstanding that acknowledgement, the Court *sua sponte* invoked *Shady Grove* to hold Plaintiffs "do not need to waive their claims to liquidated damages …." *Id*. at 11, 26 n.8.  "In *Shady Grove*, the [Supreme] Court held that section 901(b) of [the CPLR] does not apply to state law class actions filed in federal court." *Ibid* (*citing Shady Grove*, 130 S.Ct. at 1436-42).[9]  "Accordingly, the Court finds that class certification of plaintiffs' NYLL claims, including those for liquidated damages, is appropriate." *Ibid*.

The Court granted in part Plaintiffs' motion, and certified the class as requested by Plaintiffs:

> All individuals who performed work as food service employees and in other related trades for Defendant Alle Processing Corp. ("ALLE") at their food processing facility in Maspeth, New York from December 3, 2005 through the present (the "Class"). Corporate officers, shareholders, directors, and administrative employees are not part of the defined class.

May 6 Order at 8-9 (citation omitted), 27.

After denying that part of the Plaintiffs' motion concerning the class notice, the Court directed the parties "to submit, within fourteen days of this Order, a jointly proposed notice …."

---

[8] The May 6 Order denied that portion of Plaintiffs' motion that pertains to the class notice.  May 6 Order at 26-27.

[9] Given that Plaintiffs ostensibly sought only to waive their NYLL claims for liquidated damages, *see* May 6 Order at 11, the Court, *sua sponte*, thus provided relief Plaintiffs had not sought.

*Id.* at 26-27.  Fourteen days later, on May 20, 2013, Plaintiffs filed a "Motion to Certify Class – for approval of Notice of Class Action and Publication Order."  ECF No. 56.  That motion, however, seeks not only approval of the proposed Notice and Publication Order, but also to redefine the class certified by the May 6 Order, specifically by expanding the class to include workers from an additional three-year period (from 2002 through 2005).  *See* Letter from LaDonna M. Lusher, Esq. to Hon. Joan M. Azrack, dated May 20, 2013, ECF No. 56, ¶ 2.[10]

On May 28, 2013, the Court issued an Order "denying temporarily" Plaintiffs' motion, and directed the parties to submit a revised notice by June 5, 2013.

On June 4, 2013, in compliance with this Court's Individual Rule IV.B., Defendants requested a pre-motion conference.  Letter from Jeffery A. Meyer, Esq. to Magistrate Judge Joan M. Azrack, dated June 3, 2013 (the "Meyer Letter").  ECF No. 57.  On that same day, the Court granted Defendants' request, scheduled the pre-motion conference for June 25, 2013, and suspended the deadline for filing the revised certification notice pending the outcome of the pre-motion conference.

Plaintiffs subsequently wrote to the Court opposing Defendants' request "for permission to move for [the] relief [mentioned in the Meyer Letter]."  Letter from LaDonna M. Lusher, Esq. to Magistrate Judge Joan M. Azrack, dated June 20, 2013 (the "Lusher Letter").  ECF No. 59.  Defendants submitted a reply to the Lusher Letter.  Letter from Jon Schuyler Brooks, Esq. to Hon. Joan M. Azrack, dated June 24, 2013.  ECF No. 60.

On June 24, 2013, the Court issued a Scheduling Order cancelling the June 25, 2013 pre-motion conference.  The Scheduling Order continues:  "The parties' letter submissions are sufficient to assist the Court in reaching a decision on plaintiff's [sic] letter motion [57].  An

---

[10] The definition of a class is part of the certification order.  Fed. R. Civ. P. 23(c)(1)(B).  Consequently, to redefine the class, Plaintiffs must move to alter or amend the May 6 Order.  Fed. R. Civ. P. 23(c)(1)(C).  As of this date, Plaintiffs have not made such a motion.

order on plaintiff's [sic] letter motion will follow."[11]  The Court then issued an Order denying "Defendants' motion," and establishing July 8, 2013 as the new deadline for filing the revised class certification notice.  Order dated June 27, 2013 ("June 27 Order").  ECF No. 61.

Defendants wrote to the Court requesting:  (i) the June 27 Order be withdrawn on the grounds it mistakenly treated the Meyer Letter as either a request for leave to move for relief from the May 6 Order, or the initiation of the briefing on the merits of the issue; (ii) the Court establish a briefing schedule for Defendants' intended motion; and (iii) the Court suspend the July 8, 2013 deadline for filing the revised proposed Notice of Class Action and Publication Order.  Letter from Jon Schuyler Brooks, Esq. to Hon. Joan M. Azrack, dated June 28, 2013.  ECF No. 62.

The Court denied Defendants' request to withdraw the June 27 Order, but did establish a briefing schedule for the instant motion.  Scheduling Order dated June 28, 2013 ("June 28 Scheduling Order").[12]

The Court "warn[ed], however, that given the case law and reasons outlined in my June 27, 2013 Order, defendants are at risk of violating Federal Rule of Civil Procedure 11 and incurring sanctions if they fail to present a non-frivolous argument."  *Ibid*.

---

[11] It is clear from the context, including the reference to ECF No. 57 (i.e., the Meyer Letter), the Court intended the June 24, 2013 Scheduling Order to read "defendants' letter motion," not "plaintiff's letter motion."

[12] The June 28 Scheduling Order is silent as to Defendants' request to suspend the July 8, 2013 deadline for filing the revised proposed Notice of Class Action and Publication Order.

## ARGUMENT

## I

### DEFENDANTS ARE ENTITLED EITHER TO RELIEF FROM THE MAY 6 ORDER OR DECERTIFICATION OF THE CLASS FOR PLAINTIFFS' NYLL CLAIMS

#### A.   BACKGROUND

In their Complaint, Plaintiffs seek damages for, *inter alia*, Defendants' alleged violations of various provisions of the NYLL.  As the Court recognized in the May 6 Order, "plaintiffs' NYLL claims provide for liquidated damages."  May 6 Order at 11.

New York law bars class actions to recover penalties created or imposed by statute.

> b. Unless a statute creating or imposing a penalty, or a minimum measure of recovery specifically authorizes the recovery thereof in a class action, **an action to recover a penalty**, or minimum measure of recovery **created or imposed by statute may not be maintained as a class action**.

CPLR 901(b) (emphases added).  One such penalty is the liquidated damages provision of the NYLL.  *Ballard v. Community Home Care Referral Serv.*, 264 A.D.2d 747, 748 (2d Dept 1999).

In *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 130 S. Ct. 1431 (2010), the United States Supreme Court addressed the impact of CPLR § 901(b) upon a plaintiff's attempt to maintain a class action in federal court to recover a penalty imposed by a New York statute.  Citing CPLR § 901(b), *Shady Grove* framed the question as follows:

> New York law prohibits class actions in suits seeking penalties or statutory minimum damages.  We consider whether this precludes a federal district court **sitting in diversity** from entertaining a class action under Federal Rule of Civil Procedure 23.

*Shady Grove*, 130 S. Ct. at 1436 (emphasis added) (footnotes omitted).

The *Shady Grove* Court answered the question posed by referring once again to the jurisdictional posture of the case:

1207812.1

> Because [CPLR] § 901(b) attempts to answer the same question —
> *i.e.*, it states that Shady Grove's suit "may ***not*** be maintained as a
> class action" (emphasis added) because of the relief it seeks — it
> cannot apply **in diversity suits** unless Rule 23 is ultra vires.

*Id*. at 1437 (italicized emphasis in original; underscored emphasis added).

Unlike the plaintiff in *Shady Grove*, Plaintiffs here have not alleged diversity of citizenship of the parties (or any other basis) to invoke this Court's original subject matter jurisdiction over Plaintiffs' State Law Claims, including the NYLL claims. Indeed, Plaintiffs here cannot do so as they concede they and Defendants all are residents of New York State. Complaint ¶¶ 10-11, 13-16. Consequently, they ask this Court to exercise supplemental jurisdiction over their State Law Claims, including the NYLL claims. *Id*. ¶ 6.

Plaintiffs moved to certify a Rule 23 class for their NYLL claims; in response, Defendants' argued CPLR § 901(b) bars a class action because the NYLL claims include a statutorily-created penalty: liquidated damages. *See* May 6 Order at 10-11 (citations omitted). Notably, Plaintiffs did not raise *Shady Grove* or otherwise disagree with Defendants' argument; instead, they argued New York law allows them to waive their NYLL liquidated damages claim, and proceed with a class action to recover only their NYLL actual damages. *Id*. at 11.

The Court rejected Defendants' argument and, *sua sponte*, invoked and cited *Shady Grove* to hold CPLR § 901(b) "does not apply to state law class actions filed in federal court." May 6 Order at 11 (*citing Shady Grove*, 130 S.Ct. at 1436-42). It cited *Shady Grove* to hold also Plaintiffs "do not need to waive their claims to liquidated damages …," and cited two post-*Shady Grove* district court decisions allowing plaintiffs to pursue such claims. *Id*. (citations omitted).[13]

---

[13] One of those decisions is *Gortat v. Capala Bros.*, ("*Gortat II*"), 2011 U.S. Dist. LEXIS 149731 (E.D.N.Y. Dec. 30, 2011). *Gortat II* identifies similar decisions, all of which are noted in the June 27 Order. *See* June 27 Order at 2-3. As the Court notes, "in each of those cases [as here], jurisdiction over the NYLL claims was supplemental to federal question jurisdiction over FLSA claims." *Id*. at 3. In none of those cases, however, did the court make a critical analysis whether *Shady Grove* controlled or even applied; instead, as here, *Shady Grove* was applied reflexively.

The Court thus granted in part Plaintiffs' motion to certify a Rule 23 class for the NYLL claims, "find[ing] that class certification of plaintiffs' NYLL claims, including those for liquidated damages, is appropriate." *Ibid*.

**B.     *SHADY GROVE* DOES NOT ALWAYS OVERRIDE CPLR § 901(B) TO ALLOW CLASS CERTIFICATION**

As reflected in the May 6 Order, the Court understood *Shady Grove* to apply universally to override CPLR 901(b) whenever state law claims are pursued in federal court as class actions, regardless of the jurisdictional posture of the particular case.  May 6 Order at 11 (CPLR § 901(b) "does not apply to state law class actions filed in federal court").  *Shady Grove*, however, never imposes such a sweeping rule.

To the contrary, the jurisdictional posture of *Shady Grove* – in which the federal district court possessed original subject matter jurisdiction over the state law claims because of diversity of citizenship of the parties (28 U.S.C. § 1332) – is noted not only in the opinion of the Court, but also in the concurring and dissenting opinions.  *Shady Grove*, 130 S.Ct. at 1435 ("federal court sitting in diversity"), 1436 ("Shady Grove filed this diversity suit"), 1436 n.3, 1437; *id*. at 1448, 1450 (Stevens, J., concurring); *id*. at 1460, 1461 (Ginsburg, J. dissenting).

The United States Court of Appeals for the Second Circuit understands *Shady Grove* to be limited to state law claims brought in diversity.  "In *Shady Grove*, the [Supreme] Court considered whether C.P.L.R. 901(b) applied – in general – to claims filed under CAFA in New York federal courts."  *Holster v. Gatco, Inc.*, 618 F.3d 214, 216 (2d Cir. 2010), *cert. denied*, 131 S. Ct. 2151 (2011);[14] *Giovanniello v. ALM Media, LLC*, 660 F.3d 587, 592 & n.3 (2d Cir. 2011), *vacated on other grounds*, 133 S. Ct. 159 (2012).  At least two other Circuits agree.  *Landsman & Funk P.C. v. Skinder-Strauss Assocs.*, 640 F.3d 72, 92 (3d Cir. 2011) ("In *Shady Grove*, the

---

[14] "CAFA" is the federal Class Action Fairness Act of 2005, which establishes additional standards for certain state law claims brought in federal court as class actions on the basis of diversity of citizenship.  *See* 28 U.S.C. §1332(d).

Supreme Court held that [CPLR] § 901(b) 'cannot apply in diversity suits' in federal court"), *vacated and reinstated on other grounds*, 2012 U.S. App. LEXIS 11946 (3d Cir. 2012); *see James Rivers Ins. Co. v. Rapid Funding LLC*, 658 F.3d 1207, 1217-18 (10th Cir. 2011).

The Second Circuit has limited *Shady Grove* further, holding it does not apply universally even when the district court possesses original subject matter jurisdiction based upon diversity of citizenship. *Holster*, 618 F.3d at 217-18 (*Shady Grove* operates only to prevent a federal court from deeming CPLR § 901(b) "substantive" and imposing it by virtue of an analysis under the *Erie* doctrine) (on remand from the Supreme Court, district court's dismissal of *Holster* upheld notwithstanding *Shady Grove*). The Supreme Court denied certiorari, *Holster v. Gatco, Inc.*, 131 S. Ct. 2151 (2011), implicitly acknowledging limits to the applicability of *Shady Grove*, even where a federal district court exercises original subject matter jurisdiction based upon diversity of citizenship.

One federal district court already held the jurisdictional posture of a case determines whether *Shady Grove* applies. *DiPonzio v. Bank of Am. Corp.*, 2011 U.S. Dist. LEXIS 74158, at *3 (W.D.N.Y. July 11, 2011) (*Shady Grove* does not apply to override CPLR 901(b) when federal jurisdiction is sought pursuant to the Removal Statute, 28 U.S.C. § 1441). In *DiPonzio*, plaintiffs filed a putative class action for claims under the NYLL, including claims for liquidated damages, in New York State Supreme Court. Defendants filed a Notice of Removal, claiming the federal court possessed original subject matter jurisdiction based upon CAFA's diversity of citizenship provisions. Plaintiff moved to remand to state court, arguing Defendants did not (and could not) demonstrate a likely probability of satisfying CAFA's amount in controversy of $5 million because CPLR § 901(b) excluded liquidated damages from the calculation of the amount in controversy. Defendants countered, arguing *Shady Grove* overrode CPLR § 901(b) so that

11

Plaintiff's NYLL claims for liquidated damages would proceed in federal court (and, therefore, should be included in the calculation of the amount in controversy). The court granted plaintiff's motion to remand, holding *Shady Grove* did not apply because of the difference in jurisdictional posture between the two cases. *Id.*, at *12.

Accordingly, it is clear *Shady Grove* does not always override CPLR § 901(b). It does not do so here, where the Court lacks original subject matter jurisdiction over Plaintiffs' NYLL claims, but instead exercises mere supplemental jurisdiction over them.

**C.    CPLR 901(B) PRECLUDES THIS COURT FROM EXERCISING SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' CLASS ACTION FOR NYLL CLAIMS**

The jurisdictional posture of *Shady Grove* was of critical importance to the analysis of both the plurality of the Supreme Court and the concurrence (Stevens, J.): because the federal district court was "sitting in diversity," *Shady Grove*, 130 S. Ct. at 1345, it had original jurisdiction over the state law claims and, therefore, was required – subject only to the Rules Enabling Act, 28 U.S.C. § 2072(b) – to use the applicable Federal Rule of Civil Procedure when it conflicted with the state law counterpart.

When, however, as here, a federal court lacks original subject matter jurisdiction over state law claims, it is not obligated to turn to the Federal Rules of Civil Procedure unless and until it determines to exercise supplemental jurisdiction over those state law claims.[15]

---

[15] This required step in determining the applicability of *Shady Grove* to instances of supplemental jurisdiction was omitted entirely from the decision in *Chenensky v. New York Life Ins. Co.*, 2012 U.S. Dist. LEXIS 8986, at *5-6 (S.D.N.Y. Jan. 10, 2012). This Court cited that decision to demonstrate "a court in the Southern District of New York recently rejected the argument that *Shady Grove* is inapplicable where a court is exercising supplemental jurisdiction – 'The *Erie* analysis driving *Shady Grove* applies to courts exercising supplemental jurisdiction as well as those exercising diversity jurisdiction.'" *See* June 27 Order at 2. It is deemed axiomatic the *Erie* doctrine applies in cases where the federal court exercises supplemental jurisdiction; but that does not answer ***whether*** a federal district court ***should*** exercise supplemental jurisdiction. Even the *Chenensky* court realized it had missed the boat: fourteen months later, on its own initiative, the *Chenensky* court declined to continue to exercise supplemental jurisdiction over the NYLL claims, and dismissed them without prejudice to being re-filed in New York state court. *Chenensky v. New York Life Ins. Co.*, 2013 U.S. Dist. LEXIS 40536 (S.D.N.Y. March 11, 2013).

That determination is made not once, but at every stage of a litigation.

> Courts "consider and weigh in each case, **and at every stage of the litigation**, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise" supplemental jurisdiction.

*Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 117-18 (2d Cir. 2013) (*quoting Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)) (emphasis added).  No such determination was made when Plaintiffs sought to certify a Rule 23 class for their NYLL claims.

Upon reconsideration, this Court must "consider and weigh" the four *Cohill* factors – judicial economy, convenience, fairness, and comity (*Cohill*, 484 U.S. at 350) – to determine whether to exercise supplemental jurisdiction over Plaintiffs' NYLL claims when asserted as a class action.  At least three of those factors justify if not compel this Court to decline doing so.

On December 22, 2009, this Court certified conditionally Plaintiffs' FLSA collective action.  ECF No. 20.  In so doing, and over Defendants' objection, the Court authorized the notice to include class employees who worked at Alle since December 3, 2002; *i.e.*, not merely three years prior to the date the Complaint was filed (as required by the FLSA), but rather a full six years prior – the period applicable to the NYLL claims – because the Court had supplemental jurisdiction over the NYLL claims.  *Id*. at 5-6.  The Court thus made the FLSA class identical to the NYLL putative class.  Furthermore, this Court required the notice to include mention of the NYLL claims.  *Id*. at 6.

Plaintiffs sent the FLSA notice to 2,000 former and current Alle employees.  *See* May 6 Order at 8.  Of those 2,000, only 78 opted into the FLSA collective action.  *Ibid*.  In other words, of the 2,000 potential members of the putative class for NYLL claims, 1,922 – nearly 96% – already have reserved to themselves the right to pursue FLSA claims separately from Plaintiffs.

For that reason alone, it cannot be said judicial economy will be served by this Court exercising

supplemental jurisdiction over the potential NYLL claims of those 1,922 individuals.

Perhaps more importantly, however, each of those 1,922 individuals *elected not to invoke*

the original subject matter jurisdiction of this Court.  It is a well-recognized principle that a

federal district court should decline to exercise supplemental jurisdiction over state law claims

when federal law claims have been dismissed.  An obvious corollary is a federal court should

similarly decline to do so where, as here, federal law claims – despite opportunity – have not

(yet) even been instituted.[16]

The *Cohill* factor of fairness likewise militates against exercising supplemental

jurisdiction.  As in *Chenensky*, Plaintiffs' only reason for pursuing the NYLL claims in this

Court rather than New York state court is the perceived opportunity under *Shady Grove* to evade

CPLR § 901(b) and thereby reap double damages.

> But [plaintiff's] potential recovery is not a factor that favors
> retaining supplemental jurisdiction. To the contrary, by attempting
> to shoehorn a state case into federal court, [plaintiff] assumed the
> risk that his state claims would be dismissed.

*Chenensky v. New York Life Ins. Co.*, 2013 U.S. Dist. LEXIS 40536, at *14.  Thus it would be

entirely fair to require Plaintiffs to pursue their NYLL claims in New York state court.  By

contrast, it would be decidedly unfair to subject Defendants to the prospect of double damages

---

[16] Indeed, this concept raises the troubling question, seemingly of first impression, whether the exercise of supplemental jurisdiction over the NYLL claims of 1,922 individuals who forfeited the right to opt-into the FLSA collective action (and, thereby, the right to invoke the federal-question jurisdiction of this Court) exceeds the limits of either the Supplemental Jurisdiction Statute, 28 U.S.C. §1367(a), or Article III of the United States Constitution.

Those individuals ostensibly have FLSA claims – the *only* claims in this case over which this Court has original subject matter jurisdiction – but chose not to "opt into" the FLSA collective action.  Had they opted in, it is beyond doubt their NYLL claims would be deemed to arise from their own FLSA claims and, therefore, "the same case or controversy."

However, having left their FLSA claims outside the courthouse door, and having done so well-beyond the FLSA's outermost three-year statute of limitations (thereby rendering them jurisdictionally deficient), it would appear legally, and logically, impossible their NYLL claims could, for purposes of federal jurisdiction, somehow arise from another person's FLSA claims.  *See generally*, *In re Literary Works*, 509 F.3d 116, 127-28 (2d Cir. 2007).

1207812.1

through nothing more than a wholly unnecessary (and possibly improvident) exercise of this

Court's discretion.

> Perhaps more than any other factor, the principle of comity
>
>> weighs heavily against retaining jurisdiction. Comity "reflects a
>> proper respect for state functions, a recognition of the fact that the
>> entire country is made up of a Union of separate state
>> governments, and a continuance of the belief that the National
>> Government will fare best if the States and their institutions are left
>> free to perform their separate functions in separate ways." *Levin v.
>> Commerce Energy, Inc.*, 130 S.Ct. 2323, 2330 (2010) (internal
>> citations and quotations omitted).

*Chenensky*, 2013 U.S. Dist. LEXIS 40536, at *14-15.

One thing *Shady Grove* did determine, rightly or wrongly, is Rule 23 and CPLR § 901(b)

provide opposite answers to the same question and, therefore, conflict. *Shady Grove*, 130 S. Ct.

at 1437-38. Given that recognized conflict between federal procedure and the state counterpart,

the principle of comity demands this Court not interfere ***volitionally*** with the determination of

the New York Legislature that NYLL claims, providing as they do for liquidated damages, may

not proceed as class actions. *See* CPLR § 901(b).

Consequently, as this Court lacks original subject matter jurisdiction over Plaintiffs'

NYLL claims, upon reconsideration of the May 6 Order it must ask whether to exercise

supplemental jurisdiction over those NYLL claims, "including those for liquidated damages."

For any or all of the foregoing reasons, the answer to that question must be "no."

Accordingly, the Court must either: (i) grant Defendants' motion pursuant to Rule 60(b)

for relief from the May 6 Order and, upon reconsideration, deny Plaintiffs' motion for

certification of a Rule 23 class for the NYLL claims; or, in the alternative, (ii) grant Defendants'

motion pursuant to Rule 23(c)(1)(C) and decertify the Rule 23 class for the NYLL claims.

15

**II**

**ALTERNATIVELY, THIS COURT SHOULD MODIFY
THE MAY 6 ORDER SO DEFENDANTS MAY SEEK
PERMISSION TO APPEAL THE MAY 6 ORDER**

Certification for possible leave to appeal under 28 U.S.C. § 1292(b) should be

granted if the order appealed from "(1) 'involves a controlling question of law' (2) 'as to which

there is substantial ground for difference of opinion' and (3) 'an immediate appeal from the

order may materially advance the ultimate termination of the litigation.'" *Dynegy Mktg. & Trade

v. Enron Corp.,* 316 B.R. 767, 771-72 (S.D.N.Y. 2004) (quoting 28 U.S.C. § 1292(b)).

Whether *Shady Grove* overrides CPLR § 901(b) when a federal district court lacks

original subject matter jurisdiction over state law claims and instead exercises only supplemental

jurisdiction certainly is a "controlling question of law."  A question of law is controlling if it

would, among other things, either:  terminate the action, *In re BISYS Sec. Litig.,* 2005 U.S. Dist.

LEXIS 28343, at *4 (S.D.N.Y. Nov. 16, 2005); "significantly affect the conduct of the action"

even if it would not result in dismissal, *Primavera Familienstifung v. Askin,* 139 F. Supp. 2d 567,

570 (S.D.N.Y. 2001); or have "precedential value for a large number of cases." *Id. See also In re

BISYS Sec. Litig.,* 2005 U.S. Dist. LEXIS 28343, at *5 (the analysis should consider whether the

case is of "unusual significance," such that "a ruling is of practical importance going well

beyond run-of-the-mill concerns of parties before the Court"); *Traub v. Cornell Univ.,* 1999 U.S.

Dist. LEXIS 5315, at *6 (N.D.N.Y. Apr. 12, 1999) (a controlling question of law is one that

"would terminate an action if the district court's order were reversed, substantially affect a large

number of cases, or involve a procedural determination that may importantly affect the conduct

of an action").

At minimum, resolution of that issue will significantly affect the conduct of this action.

Absent the NYLL class action, this matter will be reduced to a single claim held by "only" the

FLSA Plaintiffs.  Although there are 48 such individuals, that is a far cry from an additional

1,922 claims under the NYLL.  As demonstrated by the Defendants' ability to reach resolution

with 33 of the Opt-In Plaintiffs, the absence of the NYLL class action may prompt speedy

resolution also with the FLSA Plaintiffs.

Perhaps more importantly, the issue is a controlling question of law in that it will have

precedential value for a large number of cases.  As the Court already noted, federal districts

courts left and right are faced with the issue regularly in the context of FLSA/NYLL claims.  *See*

June 27 Order at 2-3.

A "substantial ground for difference of opinion" exists where a legal "question is

one of first impression," or where "there is conflicting legal authority which would persuade

[the] court that there could be a substantial doubt on this issue of law."  *EEOC v. Local 40, Int'l*

*Ass'n of Bridge, Structural, & Ornamental Iron Workers*, 1995 U.S. Dist. LEXIS 1689, at *4

(S.D.N.Y. Feb. 14, 1995) (citation omitted).  No other court, especially no Circuit Court of

Appeals, appears to have addressed the issue whether the *Cohill* factors prevent *Shady Grove*

from overriding CPLR § 901(b) where a federal district court exercises only supplemental

jurisdiction over state law claims.  The specific question thus is one of first impression.

More broadly, however, as demonstrate *ante*, the question of the applicability of *Shady*

*Grove* other than where a federal court possesses original subject matter jurisdiction based upon

diversity of citizenship is yielding conflicting authority among federal district courts, *see*, *e.g.*,

*DiPonzio v. Bank of Am.Corp.*, 2011 U.S. Dist. LEXIS 74158 (W.D.N.Y.  July 11, 2011), and

within the Second Department.

Finally, an immediate appeal will materially advance the ultimate termination of the

litigation.  If the Second Circuit considers and reverses the Court on the May 6 Order, then,

absent the NYLL class action, the case becomes one that becomes demonstrably easier either to litigate or to settle.

Consequently, the issue satisfies each of the factors to justify an interlocutory appeal. Accordingly, the Court should grant Defendants' motion and modify the May 6 Order so as to allow Defendants to seek permission to appeal it to the United States Court of Appeals for the Second Circuit.

1207812.1

## CONCLUSION

For the reasons set forth herein, Defendants respectfully request the Court grant the Defendants' motion and issue an Order:  (i) pursuant to Rule 60(b) of the Federal Rules of Civil Procedure granting relief from the May 6 Order; or, in the alternative, (ii) pursuant to Rule 23(c)(1)(C), de-certifying the class previously certified in part by the May 6 Order; or, in the alternative, (iii) pursuant to 28 U.S.C. § 1292(b), modifying the May 6 Order so as to allow Defendants to seek permission to appeal it to the United States Court of Appeals for the Second Circuit; and (iv) granting Defendants such other and further relief as the Court may deem just and proper.

Dated:  New York, NY
        July 8, 2013

                                    Respectfully submitted,

                                    PHILLIPS NIZER LLP

                                    By: _____/s/ Jon Schuyler Brooks_____
                                    Jon Schuyler Brooks (JB 7218)
                                    (jbrooks@phillipsnizer.com)

                                            - and -

                                    KAUFMAN DOLOWICH AND VOLUCK, LLP

                                    By: _____/s/ Jeffery A. Meyer_____
                                        Jeffery A. Meyer (JM 4468)
                                    (jmeyer@kdvlaw.com)

                                    *Attorneys for Defendants Alle Processing Corp.,*
                                    *Albert Weinstock, Edwin Weinstock,*
                                    *Sam Hollander, and Mendel Weinstock*

1207812.1