UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KINGBORN MORRIS, RAFAEL MATEO, and DARNELL PIERRE, individually and on behalf of all other persons similarly situated who were employed by ALLE PROCESSING CORP., SCHREIBER PROCESSING CORP., ALBERT WEINSTOCK, EDWIN WEINSTOCK, SAM HOLLANDER and MENDEL WEINSTOCK,<br><br><br><br>                                         Plaintiffs,<br><br>                    -against-<br><br><br><br>ALLE PROCESSING CORP., SCHREIBER PROCESSING CORP., ALBERT WEINSTOCK, EDWIN WEINSTOCK, SAM HOLLANDER and MENDEL WEINSTOCK,<br><br>                                         Defendants. | Index: 08-CV-4874 (SLT)(JMA) |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO MOTION OF DEFENDANTS CONCERNING THE MEMORANDUM AND ORDER DATED MAY 6, 2013**

Lloyd Ambinder
LaDonna M. Lusher
VIRGINIA & AMBINDER, LLP
111 Broadway, Suite 1403
New York, New York 10006
Tel:    (212) 943-9080
Fax:    (212) 943-9082

*Class Counsel*

i

## **TABLE OF CONTENTS**

**PAGE**

Table of Authorities ...........................................................................................................iii

I.      PRELIMINARY STATEMENT ..................................................................... 1

II.     COUNTERSTATEMENT OF THE RELEVANT FACTS ............................... 1

III.    ARGUMENT ................................................................................................ 5

        POINT I.  THIS COURT'S MAY 6, 2013 CLASS CERTIFICATION ORDER WAS CORRECT .................................................................................. 5

              A.  SHADY GROVE HOLDS THAT FRCP 23, NOT CPLR 901(B), GOVERNS CLASS CERTIFICATION IN FEDERAL COURTS ........................................... 5

              B.  THIS COURT RIGHTLY EXERCISED SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' NYLL CLAIMS ............................................................. 10

        POINT II.   THIS COURT SHOULD DENY DEFENDANTS' REQUEST TO MODIFY THE CLASS CERTIFICATION ORDER SO DEFENDANTS MAY SEEK LEAVE TO APPEAL…………………………………………………………………………14

IV.     CONCLUSION............................................................................................. 16

## TABLE OF AUTHORITIES

**Supreme Court Cases**                                              **PAGE**

Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635 (2009) …………………………….……10

Carnegie-Melon Univ. v. Cohill, 484 U.S. 343 (1988) ………………………………….……11

City of Chicago v. Int'l Coll. Of Surgeons, 522 U.S. 156 (1997) ………………………………11

Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938)…………………………………….....6, 9, 15

Hanna v. Plumer, 380 U.S. 460 (1965)…………………………………………………...……….7

Shady Grove Orthopedic Ass'n, P.A. v. Allstate Insurance Co., 559 U.S. 393 (2010)……..*passim*

United Mine Workers of Am. v. Gibbs, 383 U.S. 715 (1966) ………………..………………10

**Federal Cases**

Allard v. Arthur Andersen & Co., 957 F. Supp. 409 (S.D.N.Y. 1997)…………………………..12

Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296 (2d Cir. 2004) ……..……………10

Chenensky v. New York Life Ins. Co., 2013 U.S. Dist. LEXIS 40536 (S.D.N.Y. Mar. 11, 2013)……………………………………………………………………………………………..13

Coultrip v. Pfizer, Inc., 2011 U.S. Dist. LEXIS 34213 (S.D.N.Y. Mar. 24, 2011)………...…6, 14

Damassia v. Duane Reade, Inc. 250 F.R.D. 152 (S.D.N.Y 2006)…………………..…….11, 13

DiPonzio v. Bank of Am. Corp., 2011 U.S. Dist. LEXIS 74158 (W.D.N.Y. 201) …………9, 16

Garcia v. Pancho Villa's of Huntington Village, 281 F.R.D. 100 (E.D.N.Y 2011). ……..…13, 14

Gardner v. Western Beef Props., 2011 U.S. Dist. LEXIS 146467 (E.D.N.Y. Sept. 26, 2011)…………………………………………………………………………………………..6, 14

Gilmore v. Gilmore, 09 Civ. 6230 (WHP), 2011 U.S. Dist. LEXIS 130562 (S.D.N.Y. Nov. 10, 2011) ………………………………………………………………………….…10

Giovanniello v. ALM Media, LLC, 660 F.3d 587 (2d Cir. 2011)………………….....…………8

Gold v. New York Life Ins. Co., 2012 U.S. Dist. LEXIS 123814 (S.D.N.Y., Aug. 14, 2012)…13

Gortat v. Capala Bros., Inc., No. 07-CV-3629, 2011 WL 6945186 (E.D.N.Y. Dec. 30, 2011)......................................................................................................................6, 14

Guzman v. VLM, Inc., 2008 U.S. Dist. LEXIS 15821 (E.D.N.Y. Mar. 2, 2008)………………13

Holster v Gatco, 618 F.3d 214 (2d Cir. 2010) …………………………………………………7, 8

In re Gaston & Snow, 243 F.3d 599 (2d Cir. 2001)………………………………..……...6

McBeth v. Gabrielli Truck Sales, Ltd., 731 F. Supp. 2d 316 (E.D.N.Y. 2010)………………6, 14

Klein & Co. Futures. Inc. v. Bd. of Trade of City of N.Y., 464 F.3d 255 (2d Cir. 2006) ………10

Landsman & Funk P.C. v. Skinder-Strauss Assocs., 640 F.3d 72 (3d Cir. 2011) ……….……8, 9

Lee v. ABC Carpet & Home, 236 F.R.D. 193 (S.D.N.Y. 2006)…………………………………...13

Pefanis v. Westway Diner, Inc., No. 08-CV-002, 2010 WL 3564426 (S.D.N.Y. Sept. 7, 2010)……………………………………………………………………………………..6, 14

Poplawski v. Metroplex on the Atlantic, LLC, 2012 U.S. Dist. LEXIS 46408 (E.D.N.Y. Apr. 2, 2012)……………………………………………………………………………………13

Rounseville v. Zahl, 13 F.3d 625 (2d Cir. 1994)…………………………………..……10

Shahriar v. Smith & Wollensky Restaurant Group, 659 F.3d 234 (2d Cir. 2011)……...……10, 11

iv

Spicer v. Pier Sixty LLC, No. 08 Civ. 10240 (LBS), 2011 U.S. Dist. LEXIS 11959 (S.D.N.Y. Feb. 7, 2011)……………………………………………………………...…6, 14

**Statutes, Rules and Regulations**

28 U.S.C. § 1367. …………………………………………………………………..10

28 U.S.C. § 1292(b)………………………………………………………………...1, 14

28 U.S.C. § 1332……………………………………………………………………….9

29 U.S.C. §§ 207 and 216(b)…. ……………………………………………………….1

Fed. R. Civ. P. 60(b)………………………………………………………………….5, 6

Fed. R. Civ. P. 11 ……………………………………………………………..............1, 5

Fed. R. Civ. P. 23…………………………………………………...…………*passim*

N.Y. Lab. Law § § 190, 191, 193, 198, 663, 630……………………...…….…....... *passim*

N.Y. Civ. Prac. L. & R. § 901(b) ……………………………………………3, 5, 7, 14

N.Y. Codes, Rules, and Regulations Title 12 §§ 142-2.2 and -2.4………………………….1

N.Y. City Administrative Code Title 6, § 6-109………………………………………….2

## PRELIMINARY STATEMENT

Plaintiffs submit this memorandum in opposition to Defendants' motion for relief from this Court's May 6, 2013 Order certifying this action as a class action under Rule 23 of the Federal Rules of Civil Procedure, and for decertification of the existing class, or in the alternative, to amend the Rule 23 Order so as to permit Defendants leave to appeal pursuant to 28 U.S.C. § 1292(b).  Defendants' application is nothing more than a rehashing of the same assertions that this Court has already rejected, and they fail to provide any new basis for this Court to grant the requested relief.  In fact, Defendants' arguments are not only frivolous and unpersuasive, but also fail to heed this Court's explicit warning that "given the case law…Defendants are at risk of violating Federal Rule of Civil Procedure 11 and incurring legal sanctions if they fail to present a non-frivolous argument."  [See June 27, 2013 Order, annexed to the Declaration of LaDonna M. Lusher ("Lusher Decl.") as Exhibit A].  For these reasons, set forth in more detail below, Defendants' motion should be summarily denied.

## COUNTERSTATEMENT OF THE RELEVANT FACTS

Plaintiffs Kingborn Morris, Rafael Mateo and Darnell Pierre ("Named Plaintiffs") brought this action on behalf of themselves and a class of approximately 2000 former and current employees of Defendants Alle Processing Corp. ("Alle"), Albert Weinstock, Edwin Weinstock, Sam Hollander, and/or Mendel Weinstock (collectively, the "Defendants") to recover all unpaid earned wages, overtime compensation and spread of hours compensation for work that they performed on behalf of Defendants at their Maspeth, New York food processing facility. Plaintiffs initiated this action on December 3, 2008 alleging Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 and 216(b); various provisions of the New York Labor Law ("NYLL"); Title 12 of the New York Codes, Rules, and Regulations ("NYCRR") §§

1

142-2.2 and -2.4; and Title 6, Section 6-109 of the New York City Administrative Code.  [See Docket No. 1.]  Specifically, Plaintiffs claimed they were not paid for all of the hours that they worked, were not paid overtime for all hours they worked beyond forty in any given week, and were not paid spread of hours pay for days when they worked more than ten hours.  [Id.]

Shortly after filing their complaint, Plaintiffs moved for collective certification of their FLSA claims, and for permission to send a court-authorized notice to potential claimants.  [See Docket Nos. 12-15.]  This Court granted Plaintiffs' request on December 22, 2009, and a notice was published to putative class members.  [See Docket Nos. 20, 24.]  The notice was mailed to all putative class members with potential FLSA claims and/or NYLL claims, because the Court found it had supplemental jurisdiction over the NYLL claims, and class members with both FLSA and NYLL claims should be notified that a state law claim was also being brought.  [See Docket No. 20, p.6.].  Seventy-eight individuals opted-in to the collective action.

Following the opt-in period, the parties engaged in good faith settlement negotiations for several months, which resulted in the agreement of a class-wide settlement.  [See Docket No.33.] Notice of the settlement was mailed to class members in October 2011 giving them an opportunity to participate, or to opt-out.  [See Docket Nos. 35-37.]  On March 5, 2012, counsel for the parties appeared for a Fairness Hearing to advise the court of the number of claimants who wished to participate in the settlement.  [See Docket No. 40.] Despite the fact that no class members had objected to the settlement or opted-out, Defendants notified the Court that they were terminating the settlement.  [Id.]

Thereafter the parties conducted precertification discovery for a sampling of Plaintiffs. [See Docket No. 41.]  On August 31, 2012, Plaintiffs moved for class certification of their NYLL claims pursuant to Rule 23 of the Federal Rules of Civil Procedure.  [See Docket Nos. 52-54.]  In

support of their motion, Plaintiffs submitted sworn declarations from six Plaintiffs who testified they were illegally underpaid, along with a sampling of Defendants' time records that demonstrated Defendants frequently, and without explanation, adjusted Plaintiffs' time cards to remove or shave time from when Plaintiffs originally punched in or punched out for their shifts. [See Docket No. 53.]   This resulted in a payroll reduction of the hours Plaintiffs' actually worked. [Id.]

Defendants did not submit any payroll or time records to contradict Plaintiffs' evidence. Instead, Defendants submitted the same tired declaration of Ivan Talavera that was submitted in September 2009 in opposition to Plaintiffs' motion to collectively certify their FLSA claims. [See Docket Nos. 14, 49.]   Defendants also served offers of judgment on seventy-six class members, some of whom were FLSA opt-in plaintiffs, and others who were putative class members.  [See Docket Nos. 49.]  Of the offers made, thirty-three class members accepted.  [Id.]

On May 6, 2013, this Court issued a 27-page well-reasoned decision and order certifying the action as a Rule 23 class action.  [See Exhibit A attached to the Declaration of Jeffrey Meyer dated July 8, 2013 ("Meyer Decl.").]  In its decision and order, this Court found no issue with certifying Plaintiffs NYLL claims despite Defendants' protests that a class action cannot be maintained because § 901(b) of the New York Civil Practice Law and Rules ("CPLR") does not permit a class action where the underlying statute provides for a penalty of liquidated damages. [Id. at pp.10-11.]   Citing the United States Supreme Court's decision in Shady Grove Orthopedics Assocs., P.A. v. Allstate Ins. Co., 559 U.S. 393, 130 S.Ct. 1431 (2010), this Court correctly noted that CPLR § 901(b) does not apply to state law class actions filed in federal court.  [Id.]  Thus, the Court held that the class certification of Plaintiffs' NYLL claims was appropriate, including those for liquidated damages.  [Id.]

3

The Court granted Plaintiffs' motion in its entirety; however, the parties were directed to submit a joint proposed notice to be published to the class, along with a publication order, within fourteen days of the Order.  [See Docket No. 55.]  Immediately after the Court issued the class certification order, Plaintiffs sent a proposed notice and publication order to Defendants for approval.  [See Lusher Decl., Exhibit B.]  Upon revising the proposed notice, Plaintiffs realized the class definition mistakenly defined the class as current and former employees who were employed by Defendants from December 8, 2005 through the present, instead of employees who were employed since December 8, 2002.[1]  Plaintiffs met and conferred with Defendants regarding this mistake and the proposed notice, and received Defendants' consent to change the definition.  [See Lusher Decl. Exhibits B and C.]  Accordingly, on May 20, 2013, the parties submitted their joint proposed notice and publication order to this Court for approval.  [See Lusher Decl. Exhibit C.]  The joint proposed notice correctly identified the class as all current and former employees of Defendants from December 3, 2002.  [Id.][2]

Eight days later, after a telephone conference was held with the parties, the Court issued an Order directing the parties to submit a revised notice on or before June 5, 2013 that reflected changes ordered by the Court.  [See Docket Entry dated May 28, 2013.]  Six days after that Order was issued, and one day before the revised notice was to be submitted, Defendants filed a letter seeking a pre-motion conference for leave to apply for the relief sought herein.  [Docket No. 57.]  Plaintiffs' opposed Defendants' request, and on June 27, 2013, this Court issued an Order denying Defendants' request.  [See Lusher Decl., Exhibit A.]

---

[1] The statute of limitations on Plaintiffs NYLL claims is six years.  Their complaint was filed on December 3, 2008, thus, the class consists of those members who have NYLL claims dating back to December 3, 2002.

[2] Defendants' assertion that Plaintiffs are seeking to redefine the certified class should be disregarded as the evidence clearly indicates that Defendants consented to the class definition including those class members with claims dating back to December 3, 2002.  Thus, there is no need for Plaintiffs to move to alter or amend the Court's May 6 Order.  [Def. Brief, p.6.]

4

Despite this Court's well-reasoned decision, Defendants sought permission to file the instant application, which this Court reluctantly granted, warning that "given the case law and reasons outlined in my June 27, 2013 Order, defendants are at risk of violating Federal Rule of Civil Procedure 11 and incurring legal sanctions if they fail to present a non-frivolous argument."  [Id.]  Given that Defendants' application presents no new evidence or case law to demonstrate they are entitled to the relief they continue to seek, their motion should be denied, this Court should direct publication of the class notice, and Plaintiffs should be awarded fees and costs associated with opposing Defendants' recapped application.

### **ARGUMENT**

### **POINT I:**
### **This Court's May 6, 2013 Class Certification Order Was Correct**

#### **A.  Shady Grove Holds that FRCP 23, Not CPLR 901(b), Governs Class Certification in Federal Courts**

In its 27-page well-reasoned class certification Order, this Court squarely espoused the holding of <u>Shady Grove Orthopedic Ass'n, P.A. v. Allstate Insurance Co</u>., 130 S. Ct. 1431 (2010), that "Section 901(b) of NYCPLR does not apply to state law class actions filed in federal court."  [See Meyer Decl., Exhibit A, p.10.]  Thus, Defendants' request pursuant to Rule 60(b) for relief from this Order or, in the alternative, for decertification of the existing class, should be flatly denied because Defendants do not satisfy any of Rule 60(b)'s specific grounds for relief,[3]

---

[3] Rule 60(b) states:  "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;

nor do Defendants present compelling circumstances to qualify for the Rule's catch-all provision.  See FRCP 60(b).

Defendants' arguments for reconsideration of the decision are wholly frivolous, particularly in light of the well-established precedent in line with this Court's holding.  See Gortat v. Capala Bros., Inc., No. 07-CV-3629, 2011 WL 6945186, at * 9 (E.D.N.Y. Dec. 30, 2011); Gardner v. W. Beef Props., Inc., No. 07 Civ. 2345, 2011 WL 6140518, at *7 (E.D.N.Y Sept. 26, 2011); Coultrip v. Pfizer, Inc., No. 06 Civ. 9952, 2011 WL 1219365, at *4 (S.D.N.Y. Mar. 24, 2011); Spicer v. Pier Sixty LLC, No. 08 Civ. 10240 (LBS), 2011 WL 446144, at *3 (S.D.N.Y. Feb. 7, 2011); McBeth v. Gabrielli Truck Sales, Ltd., 731 F. Supp. 2d 316, 320-21 (2010) Pefanis v. Westway Diner, Inc., No. 08-CV-002, 2010 WL 3564426 at * 7 (S.D.N.Y. Sept. 7, 2010).

Nevertheless, Defendants unpersuasively assert, for a second time, that there exists some fundamental distinction in the choice-of-law determination between a federal court hearing state law claims resulting from diversity jurisdiction and a federal court exercising supplemental jurisdiction of state law claims that are identical to the federal claims asserted.  This case is simply an instance of a federal court applying federal procedural law to New York substantive law, as is the task of a federal court exercising jurisdiction over a state claim.

The law involved is well-settled. Briefly stated, "the Erie doctrine applies, whatever the ground for federal jurisdiction, to any issue or claim which has its source in state law." In re Gaston & Snow, 243 F.3d 599, 607 (2d Cir. 2001).  In the case of conflict between a Federal

---

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief." FED.R.CIV.P. 60(b).

Rule of Civil Procedure (or another rule promulgated under the Rules Enabling Act) and state procedure, federal rules trump state law if the federal rule at issue is a constitutional rule of procedure within the scope of the Rules Enabling Act. Hanna v. Plumer, 380 U.S. 460, 85 S. Ct. 1136 (1965). Applying this analysis, it is clear that: (1) Rule 23 conflicts with Rule 901(b), and (2) Rule 23 is a constitutional rule of procedure within the scope of the Rules Enabling Act. See Shady Grove, 130 S. Ct. at 1465. Furthermore, the plurality in Shady Grove found that "it is not the substantive or procedural nature of the affected state law that matters, but the substantive or procedural nature of the Federal Rule." Id. at 1444. Because Rule 23 "regulates procedure," it is authorized by the Rules Enabling Act and is valid in all jurisdictions, with respect to all claims, regardless of its incidental effect upon state-created rights." Id. Therefore, as held by the Supreme Court in Shady Grove, Rule 23 trumps 901(b) in federal court cases.

Defendants' Brief (Point B) presents a series of haphazard arguments that "Shady Grove does not always override CPLR 901(b) to allow class certification." [Def Brief. pp. 10-12.] First, Defendants obstinately reiterate the argument they initially set forth in their June 24, 2013 letter to this Court that the Supreme Court's mentioning of its diversity jurisdiction in Shady Grove implies some sort of significance to its ultimate holding. [Def. Brief, pp. 8, 10.] This Court already disregarded this feeble argument in finding that "[a]lthough the Supreme Court noted that the question of Shady Grove arose in the context of diversity jurisdiction, there is no language suggesting that the holding of Shady Grove is limited to diversity jurisdiction cases." [See Lusher Decl., Exhibit A, pg. 2, citations omitted].

Defendants also desperately repeat the previously rejected argument that Holster v. Gatco, 618 F.3d 214 (2d Cir. 2010), somehow supports their claim that the Second Circuit limits Shady Grove's holding to state law claims brought in diversity. [Def. Brief p. 10.] This Court

previously distinguished <u>Holster</u> from the instant action, as the decision "rested on the unique nature of the TCPA [Telephone Consumer Protection Act] and not on the relationship between Rule 23 and section 901(b)."   [Lusher Decl. Exhibit A, p.3.]   This Court rightly observed that <u>Holster</u> was ultimately dismissed because the TCPA delegates power to the states to determine whether a cause of action lies under the TCPA, and further noted that the Second Circuit's decision in <u>Holster</u> confirmed the holding of <u>Shady Grove</u> applies "if the requirements of Rule 23 are met *and if federal jurisdiction otherwise exists*."   [<u>Id</u>. <u>citing</u> <u>Holster</u>, 618 F.3d at 217-8 (emphasis added).]   The Second Circuit in <u>Holster</u> merely required the *existence* of federal jurisdiction; the *basis* for jurisdiction was of no issue.

Likewise, Defendants' reliance on <u>Giovanniello v. ALM Media, LLC</u>, 660 F.3d 587 (2d Cir. 2011) and <u>Landsman & Funk P.C. v. Skinder-Strauss Assocs.</u>, 640 F.3d 72 (3d Cir. 2011) is sorely misguided, as those cases also involved the TCPA.   [Def. Brief, pg. 10.]   Inapplicable to the instant action, the statute at issue in both cases *expressly* limits their claims to those that could be brought in State courts to begin with. As the Second Circuit stated in <u>Giovanniello</u>, "that federal law authorizes TCPA claims only as 'otherwise permitted' by state law." 660 F.3d at 593. The court in <u>Giovanniello</u> held that because the TCPA required that the *substantive* right to bring suit must arise out of State law, and New York courts would not allow a class action to be maintained for such a claim, the Federal courts were robbed of subject matter jurisdiction over the claims as they did not meet the minimum amount-in-controversy requirement. 660 F.3d at 590.  Notably, the <u>Giovanniello</u> decision was expressly vacated *on this ground*, in <u>Giovanniello v. ALM Media, LLC</u>, 133 S.Ct. 159, __ U.S. __ (2012), and is thus no longer good law.

In <u>Landsman</u>, the Court of Appeals for the Third Circuit held that "because plaintiffs were proceeding under federal, not state, law — namely, the federal TCPA — there was no need

for choice-of-law analysis under Erie." Landsman, 640 F.3d at 92. Furthermore, the court in Landsman understood that "under Shady Grove, federal law regarding class actions would be applied in federal courts, not state law." Id. at 91. The court made no mention of the type of jurisdiction the federal court might be exercising.

Defendants also cite to DiPonzio v. Bank of Am. Corp., 2011 U.S. Dist. LEXIS 74158 (W.D.N.Y.) in a disingenuous attempt to provide a case establishing the limitations of Shady Grove when federal jurisdiction is sought pursuant to the Removal Statute, 28 U.S.C. § 1441. However, the holding in DiPonzio turns on the fact that the plaintiff initially filed his class action suit with the Supreme Court of the State of New York, not in federal court, thereby requiring interpretation of *state*, rather than federal, procedural law to determine the amount in controversy. Id at *12. The defendants removed the action to federal court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332, and the plaintiff then moved to remand the action back to state court on the grounds that the defendants failed to show that the amount in controversy was sufficient. Id. at *1. The federal court found that, because the plaintiff had initially filed the case in state court, liquidated damages could not be included in the calculation to satisfy the amount in controversy pursuant to CPLR § 901. Id. at *9. The court distinguished itself from Shady Grove on that premise, stating unambiguously that "[b]ecause this case was filed in state court, it takes a different course than Shady Grove." Id. at *12.

In contrast, the case at hand was initially filed in the Eastern District of New York, under federal question jurisdiction, thereby implicating the Federal Rules of Civil Procedure. Thus, DiPonzio's analysis is inapplicable to a case filed in the first instance in federal court.

**B. This Court Rightly Exercised Supplemental Jurisdiction over Plaintiffs' NYLL Claims**

Defendants proffer a last-ditch argument that this Court should not apply the Federal Rules of Civil Procedure because it should never have granted supplemental jurisdiction to hear Plaintiffs' state claims in the first place.   [Def. Brief, pg. 12.]   While "the issue whether [supplemental] jurisdiction has been properly assumed is one which remains open throughout the litigation" (Rounseville v. Zahl, 13 F.3d 625, 631 (2d Cir. 1994) (quoting United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 727, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966))), "[t]he decision whether to exercise supplemental jurisdiction is entirely within the court's 'discretion and is not a litigant's right.'" Gilmore v. Gilmore, 09 Civ. 6230 (WHP), 2011 U.S. Dist. LEXIS 130562, 2011 WL 5517832, *2 (S.D.N.Y. Nov. 10, 2011) (quoting Klein & Co. Futures. Inc. v. Bd. of Trade of City of N.Y., 464 F.3d 255, 263 (2d Cir. 2006)), aff'd, Fed. App'x , 2012 U.S. App. LEXIS 24403, 2012 WL 5935341, at *1 (2d Cir. Nov 28, 2012).   A court's discretion goes so far as to enable it to "exercise [ ] jurisdiction after dismissing every claim over which it had original jurisdiction." Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639, 129 S. Ct. 1862, 173 L. Ed. 2d 843 (2009).

Long-standing Second Circuit precedent dictates that a district court's exercise of supplemental jurisdiction is properly exercised where the federal and state law claims "form part of the same case or controversy" if they "derive from a common nucleus of operative fact." Shahriar v. Smith & Wollensky Restaurant Group, 659 F.3d 234, 245 (2011), citing Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 308 (2d Cir. 2004); see also 28 U.S.C. § 1367. Here, Plaintiffs' state law wage and hour claims not only arise from a common nucleus of facts, but are *identical* to the federal claims.  As recently recognized by the Second Circuit, "if these actions were to proceed separately—the FLSA in federal court and the state-law class action in state court—an entirely different and potentially worse problem of confusion would arise, with

10

uncoordinated notices from separate courts peppering the employees." <u>Shahriar</u>, 2011 U.S. at 248 (internal citations omitted).  Here, where "the factual overlap between the minimum wage, overtime, and spread of hours claims 'is virtually total,'" it would be in direct contravention to the interests of judicial economy and convenience to relitigate *identical* legal issues, arising from the *same* set of facts in state court.  <u>Damassia v. Duane Reade, Inc</u>. 250 F.R.D. 152, 162-163 (S.D.N.Y 2006).

In a veritable snub to this Court's 27-page Opinion and Order granting class certification to Plaintiffs' NYLL claims, Defendants argue that the <u>Cohill</u> factors "militate[] against exercising supplemental jurisdiction."  [Def. Brief, pg 1, <u>citing</u> <u>Carnegie-Melon Univ. v. Cohill</u>, 484 U.S. 343 (1988).] Clearly, this Court has determined to exercise supplemental jurisdiction, and delivered a thoughtful and lengthy explanation in support of its conclusion.  [See Meyer Decl., Exhibit A.]  Nothing has changed within the past two months since the Order was issued that might warrant a reversal of the Court's finding of supplemental jurisdiction.  This Court thoroughly analyzed the evidence under a "rigorous analysis" with respect to each requirement of Rule 23(a) (i.e., numerosity, commonality, typicality, adequacy), as well as the requirements of Rule 23(b)(3).  [<u>Id.</u>, pp.9, 11-26.]  Findings were also made with respect to the implied requirement of ascertainability.  [<u>Id.</u>]  There is nothing questionable about the Court's Order, and the Court clearly found that supplemental jurisdiction was warranted.

In any event, the <u>Cohill</u> factors of judicial economy, convenience, fairness, and comity support this Court's exercise of supplemental jurisdiction.  <u>Cohill</u>, 484 U.S. at 350.  In weighing these values, courts look to "the circumstances of [each] particular case" (<u>City of Chicago v. Int'l Coll. Of Surgeons</u>, 522 U.S. 156, 173 (1997)) and consider "their familiarity with the facts, the number of parties and claims, the amount of discovery, and whether there is ongoing parallel

litigation when evaluating judicial economy." Allard v. Arthur Andersen & Co., 957 F. Supp. 409, 425 (S.D.N.Y. 1997).

Here, judicial economy favors exercising supplemental jurisdiction. The federal and state law unpaid wage claims irrefutably all arise from the *same* set of facts, will undeniably trigger the *same* legal issues, and will certainly involve the *same* witnesses and documentary evidence. Defendants' contentions contravene the very purpose of supplemental jurisdiction, as the interests of judicial economy would clearly be compromised if two such duplicative actions were separately litigated. Moreover, this case has been ongoing since December 3, 2008, and this Court is intimately familiar with the facts, having already decided multiple motions and engaged in multiple conferences with the parties.

Despite these facts, Defendants argue otherwise, incorrectly asserting that only seventy-eight of 2,000 putative plaintiffs opted in to the FLSA collective action. [Def. Brief p.13]. Initially, it should be noted that, although the FLSA collective action notice was mailed to 2,000 putative class members, only those with timely FLSA claims had the opportunity to opt-in, i.e., t Thus, the Court did not render the FLSA class identical to the NYLL class as Defendants wrongly contend, because only those class members FLSA claims dating back no more than three years were eligible to become FLSA claimants.

Moreover, the fact that only seventy-eight FLSA claimants have joined in this action does not undermine judicial economy. The factual overlap between the claims of the Plaintiffs seeking relief pursuant to the FLSA and the claims of the no fewer than 2,000 Plaintiffs who possess valid claims under state labor law is virtually total. As such, the interests of convenience and judicial economy would be well served by this Court exercising supplemental jurisdiction over Plaintiffs' state labor law claims.

12

The fairness factor also plays in favor of this Court exercising supplemental jurisdiction. "[C]ourts in the Second Circuit routinely certify class action[s] in FLSA matters so that New York State and federal wage and hour claims are considered together." Damassia v. Duane Reade, Inc., 250 F.R.D. 152, 163 (S.D.N.Y. 2008). See also Poplawski v. Metroplex on the Atlantic, LLC, 2012 U.S. Dist. LEXIS 46408, 13-14 (E.D.N.Y. Apr. 2, 2012) ("where a collective action under the FLSA that is based on the same set of facts has been approved, there is an inclination to grant class certification of state labor law claims."); Lee v. ABC Carpet & Home, 236 F.R.D. 193, 202-203 (S.D.N.Y. 2006) (same); Garcia v. Pancho Villa's of Huntington Village, Inc., 281 F.R.D. 100 (E.D.N.Y. 2011) (same); Guzman v. VLM, Inc., 2008 U.S. Dist. LEXIS 15821, at *29-30 (E.D.N.Y. Mar. 2, 2008) ("it is routine for courts in the Second Circuit to certify state labor law classes in FLSA actions.").

Defendants groundlessly denigrate Plaintiffs' motives for bringing state law claims in a federal action by comparing them to the plaintiff in Chenensky v. New York Life Ins. Co., 2013 U.S. Dist. LEXIS 40536, *15 (S.D.N.Y. Mar. 11, 2013), whom the court accused of merely trying to accumulate double damages. [Def. Brief p. 14, *citing* Chenensky at *14]. The circumstances of this case starkly contrasts with that of Chenensky, where the court declined to exercise supplemental jurisdiction because no federal claims remained in that case.[4]  In contrast, Plaintiffs in the current action have a strong foothold in federal court with their FLSA claims, for which they have obtained collective certification.   Given the "inclination to grant class certification to state labor law claims" where "a collective action under the FLSA that is based on the same set of facts has been approved," courts have obviously found it fair to combine

---

[4] In Chenensky, the court had granted summary judgment dismissing the plaintiffs' FLSA claims, and retained supplemental jurisdiction solely because a related case, Gold v. N.Y. Life, Docket No. 09 Civ. 3210 (S.D.N.Y.) (WHP) (JLC) dealt with nearly identical issues and alleged federal jurisdiction under the Class Action Fairness Act, 28 U.S.C. section 1332(d). Chenensky v. New York Life Ins. Co., 2013 U.S. Dist. LEXIS 40536, *2 (S.D.N.Y. Mar. 11, 2013).

NYLL and FLSA claims in a single action. Garcia v. Pancho Villa's of Huntington Village, 281 F.R.D. 100, 104-05 (E.D.N.Y 2011).

Defendants raise no issue with the factor of convenience.  Defendants do, however, invoke the principle of comity as the strongest factor weighing against this Court's exercise of supplemental jurisdiction over Plaintiffs' NYLL claims.  [Def. Brief p. 15.]  In doing so, Defendants accuse the Court of "interfer[ing] volitionally with the determination of the New York Legislature that NYLL claims, providing as they do for liquidated damages, may not proceed as class actions."  [Def. Brief p. 15.]  Defendants provide no caselaw indicating that courts have declined to exercise supplemental jurisdiction based on comity, whereas this Court has provided ample caselaw citing courts that have so interfered in abrogating section 901(b) in cases where it conflicts with Federal Rules of Procedure.  [See Meyer Decl., Exhibit A, p.3, citing Gardner v. Western Beef Props., Inc., 2011 WL 6140518, at *7 (E.D.N.Y. Sept. 26, 2011); Gortat v. Capala Bros., Inc., 2011 WL 6945186, at *9–10 (E.D.N.Y. Dec. 30, 2011); Coultrip v. Pfizer, Inc., 2011 WL 1219365, at *4 (S.D.N.Y. Mar, 24, 2011); Spicer v. Pier Sixty LLC, 2011 WL 446144, at *3 (S.D.N.Y. Feb. 7, 2010); Pefanis v. Westway Diner, Inc., 2010 WL 3564426, at *7 (S.D.N.Y. Sept. 7, 2010); McBeth v. Gabrielli Truck Sales, Ltd., 731 F. Supp. 2d 316, 320–21 (E.D.N.Y. 2010).]  Thus, even if the Court did determine to reevaluate its supplemental jurisdiction in the instant case, the Cohill factors would weigh in favor of its retention.

### POINT II:
### This Court Should Deny Defendants' Request to Modify the Class Certification Order So Defendants May Seek Leave to Appeal

Certification for leave to appeal under 28 U.S.C. § 1292(b) should be granted if the order appealed from "involves a controlling question of law as to which there is substantial ground for difference of opinion, and an immediate appeal from the order may materially advance the

ultimate termination of the litigation."  28 U.S.C. § 1292(b).  The conjunctive structure of the statute requires the satisfaction of all elements in order to warrant leave to appeal, and this Court has already determined that Defendants "failed to establish a substantial ground for difference of opinion that would warrant permission to appeal pursuant to 28 U.S.C. § 1292(b)."  [See Meyer Decl., Exhibit A, pp.3-4.]  Defendants clearly cannot meet the requirements of § 1292(b), and their request for modification of the Court's May 6, 2013 Class Certification Order so they may seek permission to appeal should therefore be denied.

Defendants contend that this Court's Order presents a novel question of first impression, in that the jurisdictional posture distinguishes the instant action from Shady Grove.  [Def. Brief p. 2].  However, as the Court and Plaintiffs have previously iterated, no such distinction exists. This Court lists no less than six cases in which courts in the Second Circuit exercising supplemental jurisdiction "have consistently allowed plaintiffs to amend their pleadings to include claims for liquidated damages under sections 198 and 663 of NYLL that were previously barred by section 901(b)."  [Id. at p.3.]  Defendants simply ignore these cases, and make no attempt to distinguish them or explain how, in light of aforementioned precedent, this case holds "precedential value for a large number of cases."  [Def. Brief p. 17.]

This is far from a case of first impression. As Defendants themselves admit, "it is deemed axiomatic that the Erie doctrine applies in cases where the federal court exercises supplemental jurisdiction." [Def. Brief, p. 12, fn 15]  Defendants further concede that "[t]his Court thus joined other federal district courts in New York (i) applying Shady Grove reflexively whenever plaintiffs seek certification of a Rule 23 class for alleged violations of the NYLL, and/or (ii) holding such plaintiffs, post-Shady Grove, need not waive liquidated damages under the NYLL in order to maintain a Rule 23 class action." [Def. Brief, p. 1-2.]  In their attempt to artificially

create a specific question, Defendants articulate no reason why this case is any different from the line of cases preceding it.  The only case Defendants cite to support their claim that "the question of the applicability of <u>Shady Grove</u> other than where a federal court possess original subject matter jurisdiction based upon diversity of citizenship is yielding conflicting authority among federal district courts" is <u>DiPonzio</u>, which is distinguishable in that it was initially filed in state court and was therefore subject to state law.  [See Part I(A), <u>supra</u>.]  Defendants are striving in vain to impose conflict in an area that is solidly established, and this Court rightly denied Defendants leave to appeal in its June 27, 2013 Order.

## CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully request this Court deny Defendants' request made pursuant to Fed. R. Civ. Pr. 60(b) to reconsider the May 6, 2013 Class Certification Order and/or decertify the class pursuant to Rule 23(c)(1)(C), and deny Defendants' request to modify the Order so as to allow Defendants to seek permission to appeal it to the United States Court of Appeals for the Second Circuit.  Plaintiffs further request this Court direct the parties to submit their joint proposed class action notice and publication order, and that Plaintiffs be awarded fees and costs incurred in association with opposing Defendants repeated application, together with such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
      July 15, 2013                                VIRGINIA & AMBINDER, LLP
                                            _____/s/_____
                                            LaDonna M. Lusher
                                            111 Broadway, Suite 1403
                                            New York, New York 10006
                                            (212) 943-9080
                                            (212) 943-9082 fax
                                            llusher@vandallp.com

                                            *Class Counsel*

16