PHILLIPS NIZER LLP
Jon Schuyler Brooks (JB 7218)
(jbrooks@phillipsnizer.com)
666 Fifth Avenue
New York, New York 10103-0084
Tel:  (212) 977-9700
Fax: (212) 262-5152

    - and -

KAUFMAN DOLOWICH AND VOLUCK, LLP
Jeffery A. Meyer (JM 4468)
(jmeyer@kdvlaw.com)
135 Crossways Park Drive, Suite 201
Woodbury, NY 11797
Tel:  (516) 681-1100
Fax: (516) 681-1101

*Attorneys for Defendants Alle Processing Corp.,
Albert Weinstock, Edwin Weinstock,
Sam Hollander, and Mendel Weinstock*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KINGBORN MORRIS, RAFAEL MATEO, AND
DARNELL PIERRE, ON BEHALF OF ALL
OTHER PERSONS SIMILARLY SITUATED
WHO WERE EMPLOYED BY ALLE
PROCESSING CORP., ALBERT WEINSTOCK,
EDWIN WEINSTOCK, SAM HOLLANDER,
AND MENDEL WEINSTOCK,

                Plaintiffs,

v.

ALLE PROCESSING CORP., ALBERT
WEINSTOCK, EDWIN WEINSTOCK, SAM
HOLLANDER, AND MENDEL WEINSTOCK,

                Defendants.
-----------------------------------------------------------------X

**ELECTRONICALLY FILED
(ECF CASE)**

Case No: 08-cv-4874

**REPLY MEMORANDUM OF LAW IN SUPPORT OF THE
MOTION OF DEFENDANTS CONCERNING THE
MEMORANDUM AND ORDER DATED MAY 6, 2013**

1208957.1

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ...........................................................................................................1

**ARGUMENT** ...............................................................................................................................3

I DEFENDANTS ARE ENTITLED EITHER TO RELIEF FROM THE MAY 6 ORDER OR DECERTIFICATION OF THE CLASS FOR PLAINTIFFS' NYLL CLAIMS .....................................................................3

    A.   THE QUESTION HERE IS DISTINCT FROM THE ONE IN SHADY GROVE ................................3

    B.   *SHADY GROVE* DOES NOT ALWAYS OVERRIDE CPLR § 901(B) TO ALLOW CLASS CERTIFICATION ....................................................................................................4

    C.   CPLR 901(B) PRECLUDES THIS COURT FROM EXERCISING SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' CLASS ACTION FOR NYLL CLAIMS ..............................................5

II ALTERNATIVELY, THIS COURT SHOULD MODIFY THE MAY 6 ORDER SO DEFENDANTS MAY SEEK PERMISSION TO APPEAL THE MAY 6 ORDER .................................................................9

CONCLUSION ..............................................................................................................................10

Defendants Alle Processing Corp., Albert Weinstock, Edwin Weinstock, Sam Hollander, and Mendel Weinstock (collectively, "Defendants"), by their attorneys Phillips Nizer LLP and Kaufman Dolowich and Voluck, LLP, respectfully submit this memorandum of law in reply to Plaintiffs' opposition to Defendants' motion for an Order:  (i) pursuant to Rule 60(b) of the Federal Rules of Civil Procedure granting relief from the Memorandum and Order dated May 6, 2013 ("May 6 Order"); or, in the alternative, (ii) pursuant to Rule 23(c)(1)(C), de-certifying the class previously certified in part by the May 6 Order; or, in the alternative, (iii) pursuant to 28 U.S.C. § 1292(b), modifying the May 6 Order so as to allow Defendants to seek permission to appeal it to the United States Court of Appeals for the Second Circuit ("Defendants' Motion"), and in further support of Defendants' Motion.

**PRELIMINARY STATEMENT**

Plaintiffs misunderstand (or mischaracterize) the arguments in Defendants' Motion. Defendants at this time are <u>not</u> arguing (and previously have <u>not</u> argued) "there exists some fundamental distinction in the choice-of-law determination between a federal court" sitting in diversity and one exercising supplemental jurisdiction.  *See* Plaintiffs' Memorandum of Law in Opposition to Motion of Defendants Concerning the Memorandum and Order dated May 6, 2013 ("Plaintiffs' Opp. Mem.") at 6.  Instead, Defendants argue a federal court exercising only supplemental jurisdiction over state law claims must address a foundational question <u>before</u> engaging in the "choice-of-law determination":  namely, <u>whether</u> to exercise jurisdiction.  That issue did not arise in *Shady Grove Orthopedics Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 130 S.Ct. 1431 (2010) because the federal district court there was "sitting in diversity" and, therefore, jurisdiction over the state law claims was <u>mandatory</u>.  By contrast, jurisdiction over the state law claims here is <u>not</u> mandatory, but purely discretionary.  *See* 28 U.S.C. § 1367.

1208957.1

The issue whether this Court in its discretion should exercise supplemental jurisdiction over Plaintiffs' New York Labor Law ("NYLL") and/or other state law claims (collectively, "State Law Claims") is not "a last-ditch argument."  *See* Plaintiffs' Opp. Mem. at 10.  To the contrary, it is the crux of Defendants' Motion.  It is an issue that arises because of *Shady Grove*, and the Supreme Court's judgment in that landmark case that Rule 23 of the Federal Rules of Civil Procedure conflicts with Section 901(b) of the New York Civil Practice Law and Rules ("CPLR").  Unlike a federal district court sitting in diversity that must apply Rule 23, this Court is not so bound unless and until it first decides whether to exercise supplemental jurisdiction over Plaintiffs' State Law Claims.  Given the unnecessary trampling of New York State law that will result from doing so, and the corresponding unfair impact upon Defendants, Defendants maintain this Court must decline to exercise supplemental jurisdiction over Plaintiffs' State Law Claims.  Accordingly, Defendants respectfully request this Court grant their motion for relief from the May 6 Order either pursuant to Rule 60(b) or Rule 23(c)(1)(C).

Defendants recognize no other court has addressed this important issue, even though it existed in every instance post-*Shady Grove* in which plaintiffs asked a federal court to exercise supplemental jurisdiction over NYLL claims (or other state law statutory claims awarding penalties such as liquidated damages), and to allow them to pursue those claims as Rule 23 class actions notwithstanding the explicit prohibition against doing so set forth in CPLR § 901(b).[1]  It will continue to exist until the issue is addressed definitively.  Its resolution also may materially advance the termination of this litigation.  Accordingly, this Court should modify the May 6 Order so as to allow Defendants the opportunity to seek permission to appeal this issue to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1292(b).

---

[1] Plaintiffs' misunderstanding of Defendants' Motion causes Plaintiffs to state mistakenly the issue now before this Court "is far from a case of first impression."  *See* Plaintiffs' Opp. Mem. At 15.

2

# ARGUMENT

## I

### DEFENDANTS ARE ENTITLED EITHER TO RELIEF FROM THE MAY 6 ORDER OR DECERTIFICATION OF THE CLASS FOR PLAINTIFFS' NYLL CLAIMS

**A.   THE QUESTION HERE IS DISTINCT FROM THE ONE IN SHADY GROVE**

In their opposition to Defendants' Motion, Plaintiffs ignore completely the irrefutable fact the Supreme Court included the jurisdictional posture of *Shady Grove* – "a federal district court sitting in diversity" – in its articulation of the "question presented" by the case. *Shady Grove*, 130 S. Ct. at 1436.[2]  The inclusion of the jurisdictional posture in the question presented by *Shady Grove* does have "some sort of significance to [the] ultimate holding," *see* Plaintiffs' Opp. Mem. at 7, if only because the "question presented" defines and delimits the holding of the case, and renders all else dicta.

> It is a maxim not to be disregarded, that general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used.  If they go beyond the case, they may be respected, but ought not to control the judgment in a subsequent suit when the very point is presented for decision.  The reason of this maxim is obvious.  The question actually before the Court is investigated with care, and considered in its full extent.  Other principles which may serve to illustrate it are considered in their relation to the case decided, but their possible bearing on all other cases is seldom completely investigated.

*Cohens v. Virginia*, 19 U.S. 264, 399-400 (1821); *see United States National Bank of Ore. v. Independent Ins. Agents of America, Inc.*, 508 U.S. 439, 463, n. 11 (1993) (emphasizing "the need to distinguish an opinion's holding from its dicta")).

Consequently, the holding in *Shady Grove* neither controls nor binds this or any other federal district court other than one "sitting in diversity."

---

[2] The Supreme Court included it also in its answer to the question presented.  *Id*. at 1437.

3

1208957.1

Plaintiffs mistakenly suggest Defendants' Motion argues the *Erie* doctrine doesn't apply when, as here, a federal district court is asked to exercise supplemental jurisdiction over state law claims. *See* Plaintiffs' Opp. Mem. at 6-7. To the contrary, Defendants' Motion does not – and need not – even reach that issue. Instead, Defendants' Motion raises a wholly-different question: whether a federal district court may exercise supplemental jurisdiction over state law claims when, as here, there is a recognized conflict between the applicable state and federal procedural rules. That question has nothing to do with the *Erie* doctrine, *Shady Grove*, or the Rules Enabling Act. *See* Plaintiffs' Opp. Mem. at 7. Plaintiffs' arguments, therefore, are misplaced.[3]

### B. *SHADY GROVE* DOES NOT ALWAYS OVERRIDE CPLR § 901(B) TO ALLOW CLASS CERTIFICATION

Plaintiffs fail to address the fact the Second, Third and Tenth Circuits of the United States Court of Appeals all have stated *Shady Grove* considered whether CPLR § 901(b) applied when federal subject matter jurisdiction was based upon diversity of citizenship. *Holster v. Gatco, Inc.*, 618 F.3d 214, 216 (2d Cir. 2010), *cert. denied*, 131 S. Ct. 2151 (2011); *Giovanniello v. ALM Media, LLC*, 660 F.3d 587, 592 & n.3 (2d Cir. 2011), *vacated on other grounds*, 133 S. Ct. 159 (2012); *Landsman & Funk P.C. v. Skinder-Strauss Assocs.*, 640 F.3d 72, 92 (3d Cir. 2011), *vacated and reinstated on other grounds*, 2012 U.S. App. LEXIS 11946 (3d Cir. 2012); *James Rivers Ins. Co. v. Rapid Funding LLC*, 658 F.3d 1207, 1217-18 (10th Cir. 2011). Instead, they mention, correctly, some of those cases involved the Telephone Consumers Protection Act, and seemingly argue the TCPA – a federal law – allowed those courts to free themselves of the grasp of *Shady Grove*. *See* Plaintiffs' Opp. Mem. at 7-9.

---

[3] The misunderstanding of Defendants' Motion prompts Plaintiffs to seize (happily, no doubt) upon the Court's reference to Rule 11 in its June 28, 2013 Scheduling Order, and to demand fees and costs. *See* Plaintiffs' Opp. Mem. at 1, 5, 16. Of course, a court may not award fees and costs to an adversary under Rule 11 absent a motion that complies with the safe harbor provisions. Fed. R. Civ. P. 11(c)(4). More importantly, Defendants pray the full articulation of their arguments in the moving memorandum and this reply memorandum removes entirely every basis for the Court's reference to Rule 11. *See Eisemann v. Greene*, 204 F.3d 393, 397 (2d Cir. 2000) (reversing Rule 11 sanctions imposed for failing to heed court's advice as to whether a motion will be appropriate).

4

The Defendants' Motion, in effect, makes the same argument. Defendants argue the Supplemental Jurisdiction statute – a federal statute – requires this Court to engage in the same type of statutory interpretation as was done in the TCPA cases; specifically, to determine whether, given the inherent conflict between Rule 23 and CPLR § 901(b) recognized by *Shady Grove*, *see* Plaintiffs' Opp. Mem. at 7, any of the statutory exemptions to the exercise of supplemental jurisdiction apply here. *See* 28 U.S.C. § 1367(c).

In their desperate attempt to distinguish *DiPonzio v. Bank of Am. Corp.*, 2011 U.S. Dist. LEXIS 74158 (W.D.N.Y. July 11, 2011), Plaintiffs unwittingly support Defendants' Motion. As Plaintiffs note, *DiPonzio* "distinguished itself from *Shady Grove* on [the] premise" its state law claims came to federal court other than through original diversity jurisdiction. *See* Plaintiffs' Opp. Mem at 9. In other words, as Defendants have maintained consistently, the jurisdictional posture of any given case determines whether a federal district court is bound by *Shady Grove*.

Accordingly, it is clear *Shady Grove* does not always override CPLR § 901(b). It does not do so here, where the Court lacks original subject matter jurisdiction over Plaintiffs' NYLL claims, but instead exercises mere supplemental jurisdiction over them.

C.  **CPLR 901(B) PRECLUDES THIS COURT FROM EXERCISING SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' CLASS ACTION FOR NYLL CLAIMS**

Plaintiffs concede "'the issue whether [supplemental] jurisdiction has been properly assumed is one which remains open throughout the litigation.'" *See* Plaintiffs' Opp. Mem. at 10 (*quoting Rounseville v. Zahl*, 13 F.3d 625, 631 (2d Cir. 1994)). It should be revisited whenever plaintiffs seek certification of a Rule 23 class for state law claims. *Schultz v. American Family Mut. Ins. Co.*, 2005 U.S. Dist. LEXIS 38848, at *19-20 (N.D.Ill. Nov. 1, 2005) (Section 1367 exceptions "will not be clear until the FLSA class has been determined and plaintiff moves to

5

certify the state-law class," at which time defendant "may again ask the Court to decline to exercise supplemental jurisdiction over the state-law claims"). This Court should do so now.[4]

Inexplicably, Plaintiffs digress into proving this Court <u>may</u> exercise supplemental jurisdiction under subsection (a) of Section 1367. *See* Plaintiffs' Opp. Mem. at 10-11, 13-14. Defendants' Motion, however, is aimed at subsection (c):

> (c)  The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
>
> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction

28 U.S.C. § 1367(c). The May 6 Order never addresses whether any of those exceptions mandate the denial of Plaintiffs' request to certify a Rule 23 class for the State Law Claims.[5] Two of them do.

First, Plaintiffs now concede the Rule 23 class will have "no fewer than 2,000 Plaintiffs," Plainitffs' Opp. Mem. at 12, as compared to the only 48 FLSA Plaintiffs still before this Court.[6]

---

[4] Contrary to Plaintiffs' assertion, Defendants' Motion does not argue this Court "should never have granted supplemental jurisdiction to hear Plaintiffs' state claims in the first place." *See* Plaintiffs' Opp. Mem. at 10. Until such time as Plaintiffs moved for certification of a Rule 23 class, there was no basis for Defendants to oppose the exercise of supplemental jurisdiction, if only because until that time the Court had supplemental jurisdiction over the State Law Claims of only the Plaintiffs and the 45 individuals who had opted-into the Plaintiffs' FLSA collective action (collectively, the "FLSA Plaintiffs"). If the FLSA Plaintiffs prosecuted their State Law Claims individually, CPLR § 901(b) never would have been invoked.

[5] Plaintiffs nonetheless argue Defendants' Motion is "a veritable snub" to the May 6 Order. *See* Plaintiffs' Opp. Mem. at 11. As Defendants' Motion takes no issue with any part of the Court's "rigorous analysis" of the Rule 23(a) requirements, Plaintiffs comment is incomprehensible.

[6] As defined by the May 6 Order, the Rule 23 class is limited to those applicable individuals who have worked at Alle Processing Corp. ("Alle") anytime since December 3, 2005. Plaintiffs seek to modify the class such that it embraces a larger group, specifically those who have at Alle anytime since December 3, 2002. The only method of

As Plaintiffs' acknowledge, the vast majority of the putative Rule 23 class members do not have "timely FLSA claims." *Ibid*. On those facts alone, by any measure – parties, claims, damages – it is clear the State Law Claims predominate over the FLSA claim. In such circumstances, the Court should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(2).

Second, it is undisputed and indisputable that, in New York State Court, CPLR § 901(b) would prohibit Plaintiffs' from pursuing their NYLL claims that include liquidated damages as a class action. It is equally undisputed and indisputable that, per *Shady Grove*, CPLR § 901(b) conflicts with (and therefore must yield to) Rule 23 when a federal district court properly exercises subject matter jurisdiction over state law claims. Given those circumstances, where – as here – a federal district court must elect <u>whether</u> to exercise such jurisdiction, that court must acknowledge and address the impact of such a decision on the principles of fairness and comity.

Plaintiffs make no argument regarding fairness, other than to string-cite cases pertaining to the unrelated issue under subsection (a) that courts "routinely certify class action[s] in FLSA matters." *See* Plaintiffs' Opp. Mem. at 13. In the post-*Shady Grove* world, the concept of fairness requires those courts to decline to exercise supplemental jurisdiction over state law claims. If "[t]he 'accident of diversity of citizenship' should not subject a defendant to such augmented liability," *Shady Grove*, 130 S.Ct. at 1471-72 (Ginsberg, J., dissenting) (*quoting Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U. S. 487, 496 (1941), and if "it would be unfair for the character or result of a litigation materially to differ because the suit had been brought in a federal court," *id*. at 1472 (*quoting Hanna v. Plumer*, 380 U. S. 460, 467 (1965), then it would be

---

modifying the definition of the Rule 23 class is by motion. Fed. R. Civ. P. 23(c)(1)(C). Incredibly, Plaintiffs argue they are relieved of that requirement because "Defendants consented to the [proposed revision of the] class definition" that appeared in a proposed (but rejected) Notice to Class. *See* Plaintiffs' Opp. Mem. at 4 n.2. Even if Defendants' consent arguably estops them from opposing a motion to modify the class definition in the May 6 Order, such a motion still is required.

doubly unfair when the state law claims need not be in federal court but for the exercise of judicial discretion.

Whereas fairness concerns the litigants, "comity," as defined by *Black's Law Dictionary*, means the "courtesy among political entities . . . involving especially mutual recognition of legislative, executive and judicial acts." *Black's Law Dictionary* at 261 (7th ed. 1990). The principle is not limited to questions concerning supplemental jurisdiction. For identical reasons, it is enmeshed also in questions of federal abstention. In *Kaufman v. Kaye*, 466 F.3d 83 (2d Cir. 2006), the Second Circuit expressly noted that "under the principle known as comity a federal district court has no power to intervene in the internal procedures of the state courts." *Id.* at 86-87 (quotation and other citation omitted). If this Court uses its discretion here to exercise supplemental jurisdiction over Plaintiffs' State Law Claims <u>knowing</u> that doing so will eclipse New York procedure, it will be the functional equivalent of having intervened in the internal procedures of New York State courts.

Given these issues of fairness and comity, this Court should decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(4).

Consequently, as this Court lacks original subject matter jurisdiction over Plaintiffs' NYLL claims, upon reconsideration of the May 6 Order it must ask whether to exercise supplemental jurisdiction over those NYLL claims, "including those for liquidated damages." For any or all of the foregoing reasons, the answer to that question must be "no."

Accordingly, the Court must either: (i) grant Defendants' motion pursuant to Rule 60(b) for relief from the May 6 Order and, upon reconsideration, deny Plaintiffs' motion for certification of a Rule 23 class for the NYLL claims; or, in the alternative, (ii) grant Defendants' motion pursuant to Rule 23(c)(1)(C) and decertify the Rule 23 class for the NYLL claims.

8

## II

### ALTERNATIVELY, THIS COURT SHOULD MODIFY THE MAY 6 ORDER SO DEFENDANTS MAY SEEK PERMISSION TO APPEAL THE MAY 6 ORDER

In their opposition, Plaintiffs do not dispute the question whether *Shady Grove* overrides CPLR § 901(b) when a federal district court lacks original subject matter jurisdiction over state law claims and instead exercises only supplemental jurisdiction certainly is a "controlling question of law." Instead, based upon their original misunderstanding (or mischaracterization) of Defendants' Motion, they reference the "six cases in which courts in the Second Circuit" reflexively applied *Shady Grove* even though they were not sitting in diversity to argue only Defendants' Motion "is far from a case of first impression." *See* Plaintiffs' Opp. Mem. at 15-16. As noted previously, however, no one of those cases addressed question raised in Defendants' Motion: whether the existence of CPLR § 901(b), and the now-recognized conflict between it and Rule 23, requires a federal district court to decline exercising supplemental jurisdiction over state law claims otherwise subject to CPLR § 901(b).

Plaintiffs likewise do not dispute that, at minimum, resolution of that issue will significantly affect the conduct of this action, or that it will have precedential value for a large number of cases.

Consequently, the issue satisfies each of the factors to justify an interlocutory appeal. Accordingly, the Court should grant Defendants' motion and modify the May 6 Order so as to allow Defendants to seek permission to appeal it to the United States Court of Appeals for the Second Circuit.

9

**CONCLUSION**

For the reasons set forth herein, and in their moving papers, Defendants respectfully request the Court grant the Defendants' motion and issue an Order: (i) pursuant to Rule 60(b) of the Federal Rules of Civil Procedure granting relief from the May 6 Order; or, in the alternative, (ii) pursuant to Rule 23(c)(1)(C), de-certifying the class previously certified in part by the May 6 Order; or, in the alternative, (iii) pursuant to 28 U.S.C. § 1292(b), modifying the May 6 Order so as to allow Defendants to seek permission to appeal it to the United States Court of Appeals for the Second Circuit; and (iv) granting Defendants such other and further relief as the Court may deem just and proper.

Dated: Garden City, NY
July 22, 2013

Respectfully submitted,

**PHILLIPS NIZER LLP**

By: _____/s/ Jon Schuyler Brooks_____
Jon Schuyler Brooks (JB 7218)
(jbrooks@phillipsnizer.com)

- and -

**KAUFMAN DOLOWICH AND VOLUCK, LLP**

By: _____/s/ Jeffery A. Meyer_____
Jeffery A. Meyer (JM 4468)
(jmeyer@kdvlaw.com)

*Attorneys for Defendants Alle Processing Corp.,*
*Albert Weinstock, Edwin Weinstock,*
*Sam Hollander, and Mendel Weinstock*