
**VIRGINIA
& AMBINDER LLP**
Attorneys at Law

Trinity Centre
111 Broadway, Suite 1403
New York, New York 10006
Telephone: 212.943.9080
www.vandallp.com

**LaDonna M. Lusher**
212.571.2513 direct
llusher@vandallp.com

November 8, 2013

**VIA ECF**
Honorable Joan M. Azrack
United States District Court
Eastern District of New York
225 Cadman Plaza East, Rm 1210S
Brooklyn, New York 11201

      Re:    *Morris, et al. v. Alle Processing Corp., et al.*
              08-CV-4874 (SLT)(JMA)

Dear Judge Azrack:

      This firm is Class Counsel in the above referenced wage and hour litigation.  I write in opposition to Defendants' request for a stay of publication of the Notice of Class Action ("Notice"), currently scheduled to be published on or before November 21, 2013.

      Defendants have filed a Petition for Permission to Appeal this Court's Class Certification Order pursuant to Rule 23(f) of the Federal Rules of Civil Procedure.  The Second Circuit Court of Appeals has specifically held that Rule 23(f) should not to be used as a vehicle to delay proceedings in the district court. *See Sumitomo Copper Lit. v. Credit Lyonnais Rouse*, 262 F.3d 134, 140 (2d Cir. 2001).  While the rule gives discretion to the district court to stay proceedings, "a stay will not issue unless the likelihood of error on the part of the district court tips the balance of hardships in favor of the party seeking the stay." *Id*.

      Defendants have not demonstrated any reason for this Court to invoke such a drastic measure and stay these proceedings.  Defendants have not demonstrated that their petition meets the high standards needed to justify an appeal of this Court's Class Certification Order, nor have Defendants shown that they will suffer any prejudice or hardship if a stay is not granted and the Notice is published to class members.

      The class members, however, will suffer prejudice if these proceedings are further delayed. This litigation was filed nearly five years ago, and this Court certified it as a class action six months ago.  Individuals who comprise the class must be informed of the pendency of this class action and put on notice of their inclusion in the class and their potential claims.  Notification is vital because these class members need to know that they may be bound by any decision or judgment rendered, and of their opportunity to participate or opt-out of the action.

Pursuant to Rule 23(c)(2), "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  Accordingly, this Court properly exercised its discretion in ordering notice be published to class members.  The fact that Defendants have filed a Petition for Permission to Appeal should not delay that order, and Defendants will suffer no prejudice from the publication.

Very truly yours,

/s/LaDonna M. Lusher

Cc:  Jeffrey Meyer, Esq. (via ECF)
     Jon Schuyler Brooks, Esq. (via ECF)