

**KAUFMAN DOLOWICH VOLUCK**
ATTORNEYS AT LAW

Kaufman Dolowich & Voluck, LLP
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
Telephone: 516.681.1100
Facsimile: 516.681.1101
www.kdvlaw.com

Jeffery A. Meyer, Esq.
jmeyer@kdvlaw.com

November 11, 2013

**VIA ELECTRONIC CASE FILING ("ECF")**
Magistrate Judge Joan M. Azrack
United States District Court
Eastern District of New York
225 Cadman Plaza East, Room 605N
Brooklyn, New York 11201

Re: *Kingborn Morris, et al. v. Alle Processing Corp., et al.*;
08 CV 4874 (E.D.N.Y.) (M.J. Azrack)

Dear Judge Azrack:

This firm represents Alle Processing Corp. and the named individual defendants (collectively, "Defendants") in the above referenced matter. We are in receipt of LaDonna Lusher's letter of today's date opposing Defendants' request for a stay of publication of the Notice of Class Action (the "Notice") pending the determination of Defendants' Petition for Permission to Appeal, and if the Petition is granted, then through the determination of the merits of the appeal.

Ms. Lusher's letter simply asserts, without support, that notification to the class members is "vital" so they can be informed of the pendency of the class action, be put on notice of the their inclusion in the class and potential claims, and be informed that they will be bound by any decision or judgment rendered and of their opportunity to participate in or opt out of the action. Ms. Lusher fails to explain why the immediate dissemination of notice is now "vital," especially considering plaintiffs waited four years after commencement of the action before moving for class certification. A short additional delay while the Second Circuit examines the petition for leave to appeal (and potentially through the appeal, if permission is granted) will not prejudice the plaintiffs. In addition, the FLSA collective action notice has already been disseminated, so the class members are already aware of the pendency of the action, their potential claims and their opportunity to participate in the action. There is no immediate necessity for the dissemination of the Rule 23 class notice.

On the other hand, Defendants will suffer prejudice if notice is disseminated because there ultimately may not be a class certified. If class members are prematurely advised of the

existence of a class, then they will have to be notified again if the class is decertified, at unnecessary cost and time.

Plaintiffs' counsel's citation of *Sumitomo Copper Litig. v. Credit Lyonnais Rouse*, 262 F.3d 134, 140 (2d Cir. 2001), is unavailing because that case did not present a legal issue whose resolution would contribute to the development of the law of class actions. Here, the issue of the scope of *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010) is one that has never been determined by the Second Circuit. Clearly, the determination of the scope of *Shady Grove* will contribute to the development of the law of class actions.

For the foregoing reasons, Defendants reiterate their request for a stay of publication of the Notice pending the determination of Defendants' Petition for Permission to Appeal, and if the Petition is granted, then through the determination of the merits of the appeal.

Respectfully submitted,
Kaufman Dolowich & Voluck, LLP

Jeffery A. Meyer

cc: Lloyd Ambinder, Esq. (*via ECF*)
LaDonna Lusher, Esq. (*via ECF*)
Jon Schulyer Brooks, Esq. (*via electronic mail*)
Alle Processing Corp. (*via electronic mail*)

4848-5176-6038, v. 1

1217589.1