| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>------------------------------------------------------------------------X<br>KINGBORN MORRIS, RAFAEL MATEO, and<br>DARNELL PIERRE, on behalf of all other persons<br>similarly situated who were employed by ALLE<br>PROCESSING CORP., ALBERT WEINSTOCK,<br>EDWIN WEINSTOCK, SAM HOLLANDER, and<br>MENDEL WEINSTOCK,<br><br>                                Plaintiffs,<br><br>      -against-<br><br>ALLE PROCESSING CORP., ALBERT WEINSTOCK,<br>EDWIN WEINSTOCK, SAM HOLLANDER, and<br>MENDEL WEINSTOCK,<br><br>                                Defendants.<br>------------------------------------------------------------------------X | For Online Publication Only<br><br><br><br><br>**ORDER**<br>08–CV–4874 (JMA) |

APPEARANCES:

LaDonna Marie Lusher
Virginia & Ambinder LLP
111 Broadway, Suite 1403
New York, NY 10006
     *Attorney for Plaintiffs*

Jeffery A. Meyer
Kaufman, Dolowich, Voluck, & Gonzo, LLP
135 Crossways Park Drive, Suite 201
Woodbury, NY 11797
     *Attorney for Defendants*

**AZRACK**, **United States Magistrate Judge:**

       Defendants filed a motion to stay this action pending appeal. For the reasons explained below, defendants' motion is denied.

       On May 6, 2013, I certified a class action, pursuant to Federal Rule of Civil Procedure 23, for plaintiffs' claims under the New York Labor Law ("NYLL") § 193. (May 6, 2013 Mem. and Order, ECF No. 55.) In plaintiffs' motion for class certification, they sought to waive class

claims for liquidated damages under the NYLL. Plaintiffs believed that such a waiver was necessary in light of § 901(b) of New York Civil Practice Law and Rules, which bars class actions where the class seeks a "penalty" such as liquidated damages, N.Y. Civ. Prac. L. R. § 901(b). Defendants responded that class certification should be denied in light of § 901(b). In the Rule 23 Order, I did not address this issue because I concluded that, after the Supreme Court's decision in Shady Grove Orthopedics, P.A. v. Allstate Ins. Co., 559 U.S. 393 (2010), § 901(b) does not apply in federal court and, thus, plaintiffs were not required to waive liquidated damages.

In a subsequent motion for reconsideration, defendants argued that it was inappropriate for the Court to exercise supplemental jurisdiction over the NYLL claims because doing so permits plaintiffs to seek liquidated damages—damages which plaintiffs could not recover if they brought an identical class action in state court. I rejected this argument along with defendants' request for an interlocutory appeal under 28 U.S.C. § 1292(b). (Oct. 22, 2013 Mem. and Order ("Oct. 22 Order"), ECF No. 69.) Defendants then filed a petition to the Second Circuit to appeal my decision pursuant to Federal Rule of Civil Procedure 23(f). Currently pending before me is defendants' motion to stay this action pending appeal.

"The four factors to be considered in issuing a stay pending appeal are well known . . . ." In re World Trade Center Disaster Site Litig., 503 F.3d 167, 170 (2d Cir. 2007). Courts look to:

> "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."

Id. (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)).

2

As to the first factor, defendants have not made a strong showing that they are likely to succeed on their primary argument—namely, that exercising supplemental jurisdiction is improper if it allows plaintiffs to recover liquidated damages that they could not obtain if they brought the same class action in state court.  Defendants have also not shown that it is likely that Second Circuit will even hear defendants' appeal under Rule 23(f).  See In re Sumitomo Copper Litig., 262 F.3d 134, 136 (2d Cir. 2001) (identifying the requirements for an appeal under Rule 23(f)); see also Oct. 22 Order at 25–30.

In any event, even assuming that the Second Circuit is likely to hear defendants' Rule 23(f) appeal and ultimately agree with defendant's primary argument, I would still deny the stay request.  Defendants argue that a stay is warranted because, if they were to prevail on appeal, the class action would be decertified and the class members would have to receive notice of the decertification.  This argument, however, is based on a flawed premise—namely, that if the Second Circuit disagrees with the Oct. 22 Order, on remand, I would have to decline supplemental jurisdiction over the NYLL claims and decertify the class.  Rather than decertify the class, I would permit plaintiffs to waive liquidated damages.  Such a waiver, along with minor revisions to the class notice, would render decertification unnecessary.

I will assume, for the sake of the argument, that the Second Circuit will accept defendants' position and conclude that a district court should not exercise supplemental jurisdiction over a NYLL class if doing so allows the class members to recover liquidated damages that they could not recover if they brought the same class action in state court.  Defendants presume that, under this scenario, the Second Circuit would be left with no choice but to direct me, on remand, to decline supplemental jurisdiction over the NYLL claims and decertify the class.  There is, however, an obvious alternative.  If the Second Circuit's

3

justification for declining supplemental jurisdiction turns on the availability of liquidated damages in federal court, then plaintiffs could seek to remedy this problem by waiving liquidated damages—damages that plaintiffs would be required to waive if they refiled the class action in state court. I am certain that, if presented with this choice, plaintiffs would waive liquidated damages in the instant action and seek to keep the NYLL claims in federal court. By doing so, we would come full circle and I again would face the question whether such a waiver renders class certification improper.

If this question were presented to me on remand, I would find, in accord with decisions predating Shady Grove, that plaintiffs may pursue a class action for NYLL claims if they waive liquidated damages and class members are given an opportunity to opt out of the class and pursue liquidated claims in individual suits. See Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. 363, 373–74 (S.D.N.Y. 2007); Noble v. 93 Univ. Pl. Corp., 224 F.R.D. 330, 341 (S.D.N.Y. 2004). Even with such a waiver, plaintiffs would still satisfy all of the relevant elements under Rule 23.

In opposing class certification, defendants contended that a liquidated damages waiver prevents plaintiffs from establishing Rule 23(b)(3)'s superiority requirement. Rule 23(b)(3) requires that a class action be "superior to other available methods for fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). In considering Rule 23(b)(3)'s superiority and predominance requirements courts consider, *inter alia*:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

4

(D) the likely difficulties in managing a class action.

Id.

Defendants cite to one decision, Myers v. Hertz Corp., which questioned, in dicta, whether a class action would be superior to other options if the class members were required to waive liquidated damages. See Myers v. Hertz Corp., No. 02-CV-4325, 2007 WL 2126264, at *7 (E.D.N.Y. July 24, 2007) (denying class certification where plaintiffs failed to meet Rule 23's commonality and predominance requirements), aff'd, 624 F.3d 537 (2d Cir. 2010). I do not find Myers persuasive on this point. A liquidated damages waiver might be a concern, for superiority purposes, if many class members had an incentive to pursue individual actions in which such damages would be recoverable. That, however, is not the case here, where the class members possess relatively small damages claims and are unlikely to bring individual actions. In this suit, even with the disadvantages of a liquidated damages waiver, a class action would still meet the superiority requirement. Cf. Klein v. Ryan Beck Holdings, Inc., No. 06-CV-3460, 2007 WL 2059828, at *4 (S.D.N.Y. July 13, 2007) (concluding that liquidated damages waiver would not render plaintiff an inadequate class representative).

Although I would permit plaintiffs to waive liquidated damages, the class members would still have to be notified of this waiver and the opportunity to opt-out of the class. Rather than potentially mail a second notice to the class after defendants' appeal, I will simply add some cautionary language to the current notice. The revised class notice, which is attached to this order, informs the class members that: (1) if defendants prevail on appeal, the class will have to waive claims to liquidated damages; and (2) unless class members exclude themselves by the opt-out deadline, they will be bound by any adverse appellate rulings and any liquidated damages waiver.

In light of the above, all of the factors relevant to defendants' stay request weigh against a stay,[1] which would halt the mailing of the class notice and delay the trial of a case that has been pending since 2008. A stay is not justified because even if defendants prevail on their primary argument on appeal, the NYLL claims would still remain in federal court and the class would not be decertified. Accordingly, defendants' motion for a stay is denied. The parties are directed to mail the revised notice within twenty-one (21) days of this order.

Dated: November 27, 2013
Brooklyn, New York

                                                                                                    /s/
                                                                                   JOAN M. AZRACK
                                                                                    UNITED STATES MAGISTRATE JUDGE

---

[1] The first factor weighs in favor of plaintiffs because, even if the Second Circuit accepts defendants' primary argument, defendants are still not likely to succeed in decertifying the class.