UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KINGBORN MORRIS, RAFAEL MATEO, and DARNELL PIERRE, individually and on behalf of all other persons similarly situated who were employed by ALLE PROCESSING CORP., SCHREIBER PROCESSING CORP., ALBERT WEINSTOCK, EDWIN WEINSTOCK, SAM HOLLANDER and MENDEL WEINSTOCK,<br><br>                                        Plaintiffs,<br><br>- against -<br><br>ALLE PROCESSING CORP., SCHREIBER PROCESSING CORP., ALBERT WEINSTOCK, EDWIN WEINSTOCK, SAM HOLLANDER and MENDEL WEINSTOCK;<br><br>                                        Defendants. | Case No.: 08-cv-4874 (JMA)<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ATTORNEYS' FEES AND COSTS, AND SERVICE AWARDS** |

WHEREAS, on November 16, 2016 this Court granted preliminary approval (the "Preliminary Approval Order Order") of the Revised Settlement Agreement and Release (hereinafter the "Agreement") entered into by the Parties;

WHEREAS, on May 16, 2017, Plaintiffs filed their unopposed Motion for final approval of the Agreement and for an award of attorneys' fees and costs and for service awards;

WHEREAS, no written objections to the settlement have been received and only one class member has opted out of the settlement;

WHEREAS a Fairness Hearing was held on May 30, 2017 and no one appeared to voice an objection or otherwise be heard to contest the settlement;

NOW, THEREFORE, IT IS HEREBY ORDERED, that:

1.  Except as otherwise specified herein, the Court for purposes of this Order adopts all defined terms set forth in the Agreement;

2.	The Court has jurisdiction over the subject matter of the above-captioned matter, the Named Plaintiff, Authorized Claimants, and Class Members and Defendants;

3.	The Court finds that the distribution by first-class mail of the Notice Packet approved by this Court in the Preliminary Approval Order to Class Members constituted the best notice practicable under the circumstances, was accomplished in all material respects, and fully met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the United States Constitution and any other applicable law. Based on evidence and other material submitted in conjunction with the Final Settlement Approval Hearing, the actual Notice Packet distributed to Class Members was adequate as these papers informed Class Members of the terms of the settlement, their right to claim a share of the settlement proceeds, their right to object to the settlement, or to elect not to participate in the settlement and pursue their own remedies, and their right to appear in person or by counsel at the Final Settlement Approval Hearing and be heard regarding approval of the settlement. Adequate periods of time were provided by each of these procedures.

4.	This Court grants final approval to the Agreement and the settlement set forth therein. The Court finds that the settlement is fair, reasonable, and adequate in all respects and that it is binding on Authorize Claimants and all members of the Rule 23 Class who did not timely opt out pursuant to the procedures set forth in the Agreement. The Court specifically finds that the settlement is rationally related to the strength of the claims in this case given the risk, expense, complexity, and duration of further litigation. This Court also finds that the Agreement is the result of arms-length negotiations between experienced counsel representing the interests of the Parties, after thorough factual and legal investigation.

5. Except as to ~~any~~ the individual claim of ~~those persons (identified in Attachment A hereto, if any)~~ the one person who ~~have~~ has validly and timely requested exclusion from the Class all of the claims asserted in the above captioned matter arising under the New York Labor Law ("NYLL") are dismissed with prejudice as to the Named Plaintiff, Authorized Claimants, and Class Members. *Class Counsel shall file a letter on the docket identifying this person by name.*

6. By this Order and Judgment, the Named Plaintiff, Authorized Claimants, and Class Members, including any Class Member who has not validly and timely requested exclusion from this settlement by opting out, shall be deemed to have, and by operation of the Judgment and this Order shall have fully, finally, and forever released and discharged Defendants and the Released Entities from all claims, demands, rights, actions, causes of action, liabilities, damages, losses, obligations, judgments, duties, suits, costs, expenses, matters and issues arising in any way during the period from December 3, 2002 through March 31, 2016, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent, including unknown claims, that could have been, or might be asserted in any court, tribunal or proceeding, against Defendants and the Released Entities and that arise out of, relate to, or concern the allegations in the Action, including, but not limited to, statutory, constitutional, contractual or common law claims for unpaid regular or overtime wages, improper notice, spread of hours, unpaid gratuities, service charges, prevailing wage, living wage, tips, any related wage and hour claims, interest on such claims, penalties, damages, liquidated damages, attorney's fees, expenses, disbursements, litigation costs and fees, restitution, or equitable relief including, but not limited to, any such claims under the NYLL and any other state or local law, but not under the Fair Labor Standards Act ("FLSA").

3

7. By this Order and Judgment, the Named Plaintiff and Authorized Claimants shall be deemed to have, and by operation of the Judgment and this Order shall have fully, finally, and forever released and discharged Defendants and the Released Entities from all claims, demands, rights, actions, causes of action, liabilities, damages, losses, obligations, judgments, duties, suits, costs, expenses, matters and issues arising in any way during the Settlement Period, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent, including unknown claims, that could have been, or might be asserted in any court, tribunal or proceeding, against Released Entities and that arise out of, relate to, or concern the allegations in the Action, including, but not limited to, statutory, constitutional, contractual or common law claims for unpaid regular or overtime wages, improper notice, spread of hours, unpaid gratuities, service charges, prevailing wage, living wage, tips, any related wage and hour claims, interest on such claims, penalties, damages, liquidated damages, attorney's fees, expenses, disbursements, litigation costs and fees, restitution, or equitable relief, including, but not limited to, any such claims under the NYLL, and the FLSA.

8. By this Order and Judgment, Class Counsel shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released and discharged Defendants and the Released Entities from any claims, causes of action, demands, rights, and liabilities of every nature and description for attorneys' fees, costs, and expenses arising from or related to the Action, including but not limited to claims based on the FLSA, the NYLL, or any other statute or law ("Class Counsel's Released Claims").

9. Neither the Agreement nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement:

(i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Class Claims, Released Authorized Claimant Claims, or any claim asserted in the Action, any wrongdoing or liability of Defendants or the Released entities, or whether class or collective certification is warranted in any other litigation; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Defendants or the Released Entities in any civil, criminal, or administrative proceeding in any Court, administrative agency or other tribunal. Defendants may file this Judgment in any other action that may be brought against them to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction of any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10. The Parties are ordered to carry out the settlement according to the terms of the Agreement.

11. The Court grants to Class Counsel an award of attorneys' fees of $1,322,347.80 and costs of $75,615.96 which includes a service award to the Plaintiff Mateo, and class administration fees of $48,810.42 to be paid out of the settlement fund. Such award is reasonable in light of the significant efforts expended and risks undertaken by Class Counsel, and the results of such efforts including the ultimate recovery obtained.

12. This Court approves a service award in the amount of $5,000.00 to Rafael Mateo, finding this payment reasonable given the significant contributions that Plaintiff Mateo made to the prosecution and resolution of the lawsuit.

13. The Court finds that the plan of allocation set forth in the Agreement is fair and reasonable and that the distribution of the Net Settlement Fund to Authorized Claimants shall be

5

done in accordance with the terms outlined in the Agreement. Accordingly, this Court approves payments to members of the Class in the Net Settlement Amount, estimated to be $1,171,696.93.

14. This Court approves payments for class administration fees in the amount of $48,810.42.

15. This Action is dismissed on the merits and with prejudice, permanently barring: (i) the Class Members, Named Plaintiffs, and Authorized Claimants from prosecuting any of the Released Class Claims; (ii) the Authorized Claimants from prosecuting any of the Released Authorized Claimant Claims or the Released Class Claims; or (iii) Class Counsel from prosecuting any of Class Counsel's Released Claims.

16. This document shall constitute a Judgment for the purposes of Rule 58 of the Federal Rules of Civil Procedure.

17. The Court hereby dismisses this action with prejudice and enters Judgment pursuant to the Agreement and in accordance with Fed. R. Civ. P. 58.

18. Without affecting the finality of this Order in any way, this Court hereby retains jurisdiction over consummation and performance of the Agreement.

**IT IS SO ORDERED:**

Dated: September 30, 2017

/s/ (JMA)
HON. JOAN M. AZRACK, U.S.D.J.

19. Once all settlement proceeds have been distributed or returned to defendant Alle Processing, Class Counsel shall file a report on the docket explaining the final distribution of settlement proceeds.

6